VICTOR JIH, State Bar No. 186515
    vjih@wsgr.com
REBECCA E. DAVIS, State Bar No. 322765
    becca.davis@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Attorneys for Defendant Twitter, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation; SPYIRL.COM; Does 1-100,<br><br>Defendants. | Case No. 2:20-cv-10434-GW-JEM<br><br>**DEFENDANT TWITTER'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 8, 2020<br>Time: N/A<br>Judge: George H. Wu<br><br>Complaint Served: Nov. 25, 2020<br>Current Resp. Date: Dec. 16, 2020<br>New Resp. Date: Jan. 15, 2021 |

## *EX PARTE* APPLICATION

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on this day, December 8, 2020, Defendant Twitter, Inc. hereby submits this *Ex Parte* Application For An Extension of Time To Respond to Complaint to the courtroom of the Honorable George H. Wu, which is physically located in Courtroom 9D on the 9th Floor of the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012.  Twitter seeks a 30-day extension, which would give it until January 15, 2021 to file its response.

Good cause exists for the extension.  Counsel, who was recently retained, requests the time to get up to speed with Plaintiff's 98-page Complaint, which includes nine separate causes of action, 218 paragraphs and 41 pages of exhibits.  This is Twitter's first request.  The additional 30 days is consistent with the professional courtesies expected in this district and would not require judicial approval per Local Rule 8-3 had the Plaintiff agreed to the stipulation that Twitter requested.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place over emails from December 2-4, 2020 and via zoom videoconference on December 7, 2020.  Plaintiff opposes the extension. *See* Declaration of Victor Jih ("Jih Decl.") ¶¶ 2-6.

Pursuant to L.R. 7-19.1, Defendant's counsel gave notice to Ms. Holliday during the December 7 videoconference that it would seek the extension by means of an *ex parte* application.  Jih Decl. ¶ 6.  Defendant's counsel followed with written notice by e-mail that the Application would be made on this day. *Id.* ¶ 7.

Plaintiff's counsel's information is:

>Jennifer Holliday, Esq., State Bar No. #261343
>7190 W. Sunset Blvd. #1430
>Los Angeles, CA 90046-4415

1                 (805) 622-0225

2                 jhollidayesq@protonmail.com

3         Defendant's *Ex Parte* Application is based on this Application, the

4 supporting Memorandum of Points and Authorities, the Declaration of Victor Jih

5 with attached Exhibits, and on such further evidence and argument as may be

6 presented to the Court.

7       Dated: December 8, 2020

8                                         Respectfully submitted,

9
10                                         WILSON SONSINI GOODRICH
                                        & ROSATI, P.C.

11
12                                         By: */s/ Victor Jih*
13                                             Victor Jih
                                        Attorneys for Defendant Twitter, Inc.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

After Defendant engaged counsel, Defendant's counsel asked Plaintiff for the customary courtesy of an extra 30-days to respond to the Complaint. Even after Defendant explained to Plaintiff that it needed time to investigate the legal and factual allegations made in the lengthy complaint, that a 30-day extension would not materially delay how quickly this litigation is resolved, and that giving Defendant time to bring a motion to dismiss would actually help achieve Plaintiff's stated interest in a quicker adjudication of the issues, Plaintiff's counsel said no. Instead, Plaintiff was willing to agree to a 30-day extension only if Defendant agreed not to file a motion to dismiss but an answer instead. *See generally* Declaration of Victor Jih ("Jih Decl.") ¶¶ 2-8. This condition not only violates the Civility and Professionalism Guidelines but asks Twitter to do something that Rule 12 does not permit.

1. <u>This Court Expects Attorneys to Grant Reasonable Extensions</u>.

This Court has adopted Civility and Professionalism Guidelines for all lawyers appearing before it to follow. Section B.2 states: "Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines." Time is not of the essence, since Plaintiff was willing to agree to a 30-day extension but on her terms. This was Defendant's first request for an extension of time. And 30 days is reasonable. Indeed, the parties can agree to 30 day extensions without court approval.

Section B.2 further admonishes: "We will not attach to extensions unfair and extraneous conditions. . . . We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint." Yet that is precisely what Plaintiff's counsel sought to do. By offering a 30-day extension of time **if** Defendant agreed not to bring a motion to

dismiss proves that Plaintiff has no legitimate basis to object to the extension. Its conditioned offer suggests that Plaintiff's objection is tactical.

Plaintiff's counsel later indicated she was willing to agree to the extension and permit a motion to dismiss, but only if Defendant agreed to file an answer at the same time. This altered condition still violates the guidelines and is at odds with Rule 12.

Twitter's counsel provided these professionalism guidelines to Plaintiffs' counsel. While acknowledging what the guidelines stated, Plaintiffs' counsel took the position that her duty to zealously advocate for her client took priority. The guidelines, however, address this false conflict between civility and loyalty. Section A states: "We will advise our clients that civility and courtesy are expected and are not a sign of weakness. . . . We will advise our clients that we reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect our clients' lawful objectives."

2.  There is Good Cause for a 30-Day Extension.

Defendants' current deadline to respond to the Complaint is December 16, 2020. Defendant's counsel requested an additional 30 days so it can adequately familiarize itself with and address the numerous issues raised by Plaintiff's 98-page Complaint, which includes nine separate causes of action, 218 paragraphs and 41 pages of exhibits. Defendant's counsel not only needs time to decipher the lengthy pleading, it needs to investigate with its client the facts at issue, and it needs to formulate its strategy to respond.

*Ex Parte* relief is the appropriate way for Defendant to request this relief because Plaintiff will not stipulate and there is no time for a regularly noticed motion. *See Douglas v. Samsung Networks Am., Inc.*, No. CV 13-8595-GW(MRWx), 2013 U.S. Dist. LEXIS 197981, at *5 n.2 (C.D. Cal. Dec. 23, 2013)

("the parties may adjust this schedule by stipulation or Verizon may request such an adjustment by way of *ex parte* relief.").

This Court, of course, clearly has the authority to grant such an extension. *See Nobel Sys., Inc. v. Celartem, Inc.*, No. ED CV 12-0877 FMO (OPx), 2013 U.S. Dist. LEXIS 208001, at *2 n.1 (C.D. Cal. July 22, 2013) (recognizing the Court's authority to grant extensions of time for defendants to respond to complaints). The Supreme Court has long recognized a court's inherent powers and "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

For all the reasons set forth above, and in the attached Jih Declaration, Defendant respectfully requests that the Court enter an order granting it an additional 30 days to respond to the Complaint, moving the deadline from December 16, 2020 to January 15, 2021.

Dated:  December 8, 2020

Respectfully submitted,

WILSON SONSINI GOODRICH
& ROSATI, P.C.

By: */s/ Victor Jih*
    Victor Jih
Attorneys for Defendant Twitter, Inc.