JENNIFER HOLLIDAY, ESQ. (SBN 261343)

7190 W. Sunset Blvd. #1430

Los Angeles, California 90046

jhollidayesq@protonmail.com

dir. (805) 622-0225

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Genevieve Morton, an individual,<br><br>v.<br><br>Twitter, Inc., a Delaware Corporation; SpyIRL.com; Does 1-100. | No. 2:20-CV-10434-GW-JEM<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TWITTER INC.'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint Filed: November 25, 2020<br><br>Answer Due: December 16, 2020<br><br>Judge: George H. Wu |

PLAINTIFF GENEVIEVE MORTON, by and through her attorney of record, Jennifer Holliday, hereby respectfully submits this Response in Opposition to Defendant Twitter, Inc.'s *Ex Parte* Application for an Extension of Time to Respond to Complaint. This Response in Opposition is based upon the Memorandum of Points and Authorities in Support Thereof and the Declaration of Jennifer Holliday filed concurrently herewith.

Plaintiff on the basis that Defendant has not set forth good cause to extend

1

the deadline as required by Rule 6, and because delays prejudice Plaintiff, burdening, and even potentially foreclosing, certain discovery efforts in a case where the alleged injury is ongoing. Plaintiff is entitled to an Answer by the statutory deadline under Federal Rule of Civil Procedure 12.  Taken together, Rule 12 requires that Defendant respond within 21 days of service, and Rule 6 requires that an extension of the deadline must be based upon a showing of good cause.

Defendant's counsel, in his own words in his own Exhibit B, admits that the extension is not necessary, and that the request is made on the basis of nothing more than "professional courtesy" as opposed to any good cause as required by Federal Rule of Civil Procedure 6. Plaintiff offered to stipulate to an extension based on reasonable terms, but Defendant refused without justification, demanding an unconditional extension of thirty days under the Civility and Professionalism Guidelines irrespective of the requirement under the controlling authority of Federal Rules of Civil Procedure 6 and 12. Plaintiff attempted in good faith to meet and confer to discuss the extension as well as any issues in the pleading that could be resolved by amendment, thereby eliminating the need for an extension at this time. However, at the conference, counsel was not prepared to have any substantive discussions about the Complaint.

Defendant Twitter, Inc. has failed to sufficiently set forth good cause for an extension and effectively admits that the only basis for the extension is a professional courtesy, and is therefore not entitled to an extension that prejudices Plaintiff. Plaintiff therefore respectfully requests that this Court deny Defendant's Motion.

## Statement of Facts:

1. Plaintiff personally served Twitter, Inc. with the Summons and Complaint in this action on November 25, 2020.
2. On November 30, 2020, Twitter, Inc.'s in-house counsel contacted Plaintiff's counsel and after a brief discussion about the identity of the user of the

@SpyIRL Twitter account, a Pornhub.com content partner, counsel stated that Twitter, Inc. would likely file a motion to dismiss.

3. On December 4, 2020, Twitter, Inc.'s counsel, Mr. Victor Jih, contacted Plaintiff's counsel by e-mail and immediately asked for a thirty-day extension without offering any particular reason or good cause.

4. Plaintiff's counsel explained that absent any good cause, Plaintiff would not agree to an extension because time was of the essence. However, Plaintiff offered to stipulate to the thirty days only if Defendant would agree that the extended deadline would apply to a responsive pleading as well as any Rule 12 motions. Twitter, Inc.'s counsel refused on the basis that this proposal violated procedural rules and demanded an unconditional extension but still did not offer any good cause.

5. On December 4, 2020, Counsel scheduled a Zoom conference for December 7, 2020 pursuant to Local Rule 7-3 to discuss the terms of an extension as well as discovery issues pursuant to Federal Rule 26.

6. On December 4, 2020, the *New York Times* published an article that included information that Pornhub.com, the content partner of Twitter.com's user @SpyIRL, an unidentified co-defendant in this case whom Twitter refuses to suspend. The article claims Pornhub.com is "infested with rape videos. It monetizes child rapes, revenge pornography, spy cam videos of women showering, racist and misogynistic content, and footage of women being asphyxiated in plastic bags." [1] The article also claimed Pornhub featured video footage of the rape of a fourteen year-old girl, adding additional urgency and garnering worldwide press attention matters involving Pornhub.com. The article is relevant to identifying unknown defendants, Plaintiff's claims of Twitter's third party liability and other claims including

---

[1] Kristof, Nicolas. "The Children of Pornhub: Why does Canada allow this company to profit off videos of exploitation and assault?" The New York Times, Dec. 4, 2020. available at: https://www.nytimes.com/2020/12/04/opinion/sunday/pornhub-rape-trafficking.html (accessed Dec. 9, 2020).

those Plaintiff has brought under Section 1595 of Title 18 of the United States Code (FOSTA), defamation, false light, emotional distress, and the related damages.

7. Subsequent to the article, several outlets reported that MasterCard and Visa were investigating Pornhub.com for child abuse, and a high-profile billionaire investor was calling upon financial institutions to sever ties to Pornhub.com, adding to the urgency of resolving this matter.

8. On December 7, 2020, Counsel convened a Zoom conference whereupon Plaintiff's counsel informed Defendant's counsel of these new facts and a link to the *New York Times* article, and that an extension might be unnecessary. Plaintiff sought to discuss whether amending the complaint based upon new facts and additional parties and claims could also ameliorate any concerns about defects in the pleading identified by counsel.

9. Defendant's counsel insisted he had read the Complaint but was unable to discuss any substantive issues or any grounds for a motion to dismiss. Mr. Jih acknowledged that while the conference was arranged for the purpose of discussing a motion to dismiss and to address preliminary discovery issues, he was unprepared to discuss anything beyond the scope of the request for a thirty-day extension. However, Mr. Jih did not offer any good cause for the extension apart from the fact that it might inconvenience his associates to have to bring an *ex parte* application to obtain an extension that this court grants as a matter of course. Mr. Jih stated that never in his twenty-five year career had anyone ever refused him a stipulation to an extension.

10. Plaintiff's counsel reminded Mr. Jih that the offer to stipulate stood, but Defendant refused.

11. Twitter, Inc.'s counsel acknowledged in the electronic mail correspondence, filed as Exhibit A in Defendant's *ex parte* Application, that the basis for the extension was merely professional courtesy. Mr. Jih wrote on December 7 at

9:00 PM: "No one ever suggested that the 30-day extension was absolutely <u>necessary</u>; as I made clear, we were asking for the continuance as a professional courtesy to allow us to evaluate the Complaint, investigate the facts, to prepare a response."

12. Defendant then immediately filed a twenty-two page *ex parte* application for an extension the following day, demonstrating Twitter, Inc.'s counsel's remarkable efficiency and substantial resources that could be devoted to providing Plaintiff with an answer by the Rule 12 deadline.

13. In Defendant's moving papers, counsel still does not offer the court any good cause for an extension apart from vaguely suggesting that the Complaint and exhibits are a lengthy 98 pages and that counsel requires time to discuss and investigate, but does not state that it is unable to do so within the statutorily prescribed timeframe.

14. Plaintiff is entitled to swift resolution of this matter and therefore opposes efforts by Defendants to delay, frustrate, prejudice and burden Ms. Morton while affording additional time for Defendant and others to derive a benefit from the ongoing misconduct.

## **MEMORANDUM OF POINTS AND AUTHORITIES AND ARGUMENT**

After receiving personal service of a summons and complaint, a Defendant must file a responsive pleading within twenty-one days. Fed.R.Civ.P. 12(a)(i)(A). However, the court may grant an extension if good cause exists to extend time. Fed.R.Civ.P. 6(b)(1). Under Local Rule 8-3, this court grants stipulations to extend time to file a responsive pleading if the extended deadline does not exceed thirty days from the initial deadline.

1. <u>Absent a showing of good cause, the statutory deadline to file a responsive pleading is December 16, 2020.</u>

Plaintiff served a summons and complaint personally on Defendant Twitter, Inc. on November 25, 2020. The deadline under Rule 12(a) is therefore

5

December 16, 2020. By serving Defendant personally, Plaintiff went to the effort and expense to seek the most expeditious form of service of process. Plaintiff is entitled to Defendant's responsive pleading, or any pre-answer motions, within the statutorily prescribed period.

2. <u>Defendant's counsel has failed to set forth good cause to extend the deadline.</u>

Rule 6(b)(1) permits the court to extend the deadline to file a responsive pleading if Defendant makes a showing of good cause to extend the period to answer. While the standard under Federal Rule 6(b)(1) is not particularly demanding, it does require at least a minimal showing of good cause under the plain language of the statute.

Defendant's counsel has never offered any good cause to extend the deadline to answer. In fact, in Mr. Jih's own words in his own exhibit submitted in support of his *ex parte* application, Mr. Jih admits that the deadline extension is not necessary, but based on "professional courtesy," and takes the position that such extensions are granted in this court routinely and summarily, ignoring altogether the good cause requirement under the Federal Rule.

Plaintiff's counsel expressed concerns about the prejudicial effects of an extension. Nevertheless, Plaintiff offered to stipulate to an extended deadline if Defendant would agree to file an answer by the new deadline, and that any Rule 12 motions would need to be brought before or concurrently with an answer on that date. Mr. Jih refused on the basis that this proposal deprived Defendant of a substantial right because he believed Rule 12 defenses must be brought prior to, as opposed to concurrently with, any answer and that the stipulation would deprive his client of the ability to assert these rights. Contrary to Mr. Jih's assertion, Rule 12 contemplates that the defenses can be asserted in a responsive pleading. (*See* Fed.R.Civ.P.12 (h)(1): if

Rule 12 defenses have not been brought in the responsive pleading, they may be waived.)

    2. <u>Defendant's counsel has failed to act in good faith in attempting to reach a stipulated agreement.</u>

Local Rule 8-3 sets forth the requirements for entering a stipulation to extend time on a response to an initial pleading. Rule 8-3 does not automatically grant a Defendant the right to circumvent the liberal, good cause requirement of Rule 12 of the Federal Rules of Civil Procedure and obtain a thirty-day extension. Rather, Rule 8-3 states that if a stipulation does not extend the time for more than a cumulative total of thirty days from the date the response initially would have been due, a stipulation does not require approval from the judge. See Local Rule 8-3. The Rule offers expeditious treatment of stipulated extensions to the benefit of all parties and the court, incentivizing parties to negotiate in good faith and reach an agreement. Defendant refused multiple reasonable offers to stipulate, apparently under the impression that a thirty-day extension would be summarily granted without question and without regard to the good cause requirement of Rule 6 if Plaintiff did not immediately agree.

Plaintiff's counsel's repeated offer was a reasonable compromise that afforded Mr. Jih the time he sought while preserving a reasonable time frame that would not overly burden Plaintiff who continues to be harmed every day. Defendant unreasonably sought, and still seeks through this Motion, an unconditional surrender to his demand of a thirty-day extension, without good cause, in a bad faith attempt to delay the case and frustrate the discovery process.

The Local Rule does not supersede or circumvent the plain language of Federal Rule 6, but rather offers counsel specific guidance on how to submit a stipulation. Here, counsel failed to reach an agreement stipulate to an extension of the deadline despite Plaintiff's counsel's multiple offers.

Defendant Twitter, Inc.'s counsel sought an unconditional stipulation of

thirty days without offering any good cause, any good faith agreements regarding initial discovery matters, or any explanation whatsoever for needing the additional time apart from the length of the Complaint. However, there is no assertion that Twitter, Inc. is currently unavailable or that counsel lacks the resources to be able to file an answer within the timeframe prescribed by Rule 12. Absent a showing of good cause, Defendant's refusal to negotiate a reasonable stipulation should not be rewarded.

Defendant's counsel vaguely claims to need the additional time to review the lengthy Complaint, but in a manner that entirely contradicts this position, filed this Motion within twenty-four hours, and the moving papers exceed twenty (20) pages.

3. <u>Defendant's reliance on Section B.2 of the Rules of Civility is misplaced.</u>

As Defendant points out in its moving papers, Section B.2 of the Civility and Professionalism Guidelines states: "We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint." Plaintiff offered to stipulate to the extension provided that the extended deadline applied to a responsive pleading that included, not precluded, any Rule 12 motions. By stipulating to the new deadline subject to that term, the Defendant retained all rights to bring any Rule 12 motions in advance of the deadline over the next approximately forty-five days, or even concurrently with the answer. By demanding an unconditional extension of thirty days without explaining any good cause, Defendant is precluding Plaintiff's substantive rights under Rule 12 which entitle Plaintiff to an expedited response and begin the process of discovery in a case with unknown defendants and ongoing misconduct and harm.

4. <u>This opposition is timely made pursuant to Rule 7-19.</u>

According to Local Rule 7-19, Opposition is due within 24 hours of the filing of an *ex parte* motion, and Plaintiff's Opposition papers have been filed and served in a timely fashion.

5. <u>This court is empowered to deny Defendant's motion in the interests of</u>

orderly and expeditious disposition of cases.

This court is empowered to render decisions that uphold the procedural rules enacted by Congress and applicable uniformly across the District Courts of the United States. Defendants cite the Civility and Professionalism Guidelines, an excellent tool for preventing abusive conduct and acrimony, but it is disingenuous and inappropriate for counsel to use the guidelines as a basis to circumvent the Federal Rules of Civil Procedure, particularly when Counsel could have resolved this issue had Counsel simply been prepared at the conference.

## **Conclusion**

Defendant's counsel has failed to set forth the good cause requirement prescribed by Federal Rule 6, and Defendant's counsel repeatedly rejected an offer to stipulate that contained reasonable terms. For all the foregoing reasons, and the attached Declaration of Jennifer Holliday, Plaintiff respectfully asks this court to deny Defendant's Motion, or in the alternative, extend the deadline to no later than December 21, 2020.

Respectfully submitted,

Date: December 9, 2020

_ Jennifer Holliday, Esq.
Attorney for Plaintiff