BRIAN M. WILLEN (*pro hac vice*)
  bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the America, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

VICTOR JIH, State Bar No. 186515
  vjih@wsgr.com
REBECCA E. DAVIS, State Bar No. 322765
  becca.davis@wsgr.com
EVE A. ZELINGER, State Bar No. 328862
  ezelinger@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Attorneys for Defendant Twitter, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON, an individual, | Case No. 2:20-cv-10434-GW-JEM |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT TWITTER'S MOTION TO DISMISS** |
| v. | |
| TWITTER, INC., a Delaware corporation, et. al, | Date: February 18, 2021<br>Time: 8:30 A.M.<br>Crtrm: 9D |
| Defendants. | Judge: Hon. George H. Wu |

## I. INTRODUCTION

Plaintiff's Opposition ("Opp.") largely ignores the arguments made in Twitter's Motion to Dismiss. Her brief is occupied primarily with erroneous procedural arguments, impermissible efforts to add unpleaded theories, and unsupported rhetoric. Plaintiff goes so far as to claim that she is entitled to default judgment because Twitter filed a motion to dismiss instead of an answer—a baseless contention that courts have repeatedly rejected. These distractions cannot avoid the simple reality that requires dismissal of Plaintiff's non-copyright causes of action: her claims are impermissible attempts to hold Twitter liable for content posted on its platform by someone else.

On the merits, Plaintiff has almost nothing to say about the established Section 230 law that disposes of this case. She instead tries to conjure up factual disputes that do not exist. But, as case after case has held, Twitter is plainly an "interactive computer service," and there is nothing in the Complaint (or reality) to suggest that SpyIRL is not a separate party from Twitter. Plaintiff's wild suggestion, unsupported by any well-pleaded allegations, that SpyIRL somehow acted as part of Twitter is precisely the gambit that the Ninth Circuit has rejected as a means of evading Section 230. *Kimzey v. Yelp! Inc.*, 836 F.3d 1263 (9th Cir. 2016). And, while the Court need go no further, Plaintiff does nothing to overcome—and little even to engage with—the extensive legal authority that defeats her claims even without regard to Section 230. Twitter's Motion to Dismiss should be granted.

## II. PLAINTIFF HAS NO BASIS FOR SEEKING ENTRY OF DEFAULT

Without citing any authority, Plaintiff requests this court enter a default judgment against Twitter on her copyright claim on the belief that a Rule 12(b)(6) motion to dismiss must seek to dispose of all of her causes of action, or otherwise be

accompanied by an answer. Opp. 1, 12, 21.[1] Plaintiff is wrong. Under the plain language of Fed. R. Civ. P. 12(a)(4), "if a defendant files a motion pursuant to Rule 12, the time to file an answer is extended. This is true even if the motion addresses only some of the claims in the complaint." *McAllister v. Hawaiiana Mgmt. Co.*, 2012 U.S. Dist. LEXIS 201862, at *4-5 (D. Haw. Apr. 23, 2012) ("Although the motions do not challenge all of the claims raised by Plaintiff, Defendants are not required to file an answer until 14 days after the court renders its decision on the motions. It is plain that Defendants are not in default." (citation omitted)); *accord Gamble v. Boyd Gaming Corp.*, 2014 U.S. Dist. LEXIS 44561, at *11 (D. Nev. Mar. 31, 2014) ("a timely filed motion to dismiss which addresses only some of the claims tolls the time to respond to the remaining claims under Rule 12(a)(4)"); *Batdorf v. Trans Union*, 2000 U.S. Dist. LEXIS 6796, at *12 (N.D. Cal. May 8, 2000) ("Trans Union was not required to file an answer to the causes of action it was not moving to dismiss while its motion to dismiss is pending."); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-21 (N.D. Ill. 1997) ("[A] partial motion to dismiss allows for altering the limits of Fed. R. Civ. P. 12(a) with respect to answering those claims not addressed in Defendants' motion."); *cf. Rosa v. Cal. Bd. of Accountancy*, 2005 U.S. Dist. LEXIS 42411, at *3 (E.D. Cal. Aug. 5, 2005) ("Plaintiff argues that since defendants have not filed an answer, they have not denied any of the allegations in his complaint, and that defendants must therefore be deemed to have admitted all the allegations in plaintiff's FAC. This is not the law."), *aff'd*, 259 F. App'x 918 (9th Cir. 2007).

---

[1] Plaintiff seeks entry of default on her defamation claim as well (Opp. 18), but Twitter **has** moved to dismiss that claim, which is clearly barred by Section 230. *See* MTD 7, 17-18, 30.

### III. PLAINTIFF'S OPPOSITION IMPROPERLY ATTEMPTS TO ADD NEW ALLEGATIONS AND NEW THEORIES OF LIABILITY

It is black-letter law that in "determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *accord Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 n.93 (C.D. Cal. 2015). If new allegations or legal claims are to be considered, they must be formally alleged in a pleading subject to Rule 11. Violating this basic rule, Plaintiff now attempts to add an unpleaded breach of contract claim, along with the unpleaded (and false) allegation that SpyIRL and Twitter somehow are the same entity. This procedural gamesmanship should be rejected.

Plaintiff asserts that she has "alleged facts sufficient to proceed" on a "breach of contract" theory, but her opposition brief is the first time she has ever asserted such a cause of action. Opp. 4, 10-11. Indeed, **neither the words "breach" nor "contract" appear anywhere in Plaintiff's actual Complaint, let alone as a separate cause of action**.² While any breach of contract claim would fail here, if Plaintiff actually wants to proceed on that theory, she must do so in an actual pleading. *See, e.g.*, *Elizabeth L. v. Aetna Life Ins. Co.*, 2014 U.S. Dist. LEXIS 80988, at *4 (N.D. Cal. June 12, 2014) (refusing to consider theories of liability not pleaded in the complaint).

Equally improper is Plaintiff's attempt to claim for the first time that SpyIRL and Twitter are somehow the same entity or that SpyIRL may not be a "third party."

---

² Plaintiff's Seventh Cause of Action is confusingly styled "Unfair Competition / Contractual Fraud" (Compl. ¶¶ 193-207), but whatever that claim is, it is **not** a breach of contract claim, and it alleges none of the elements of such a claim. In any event, as Twitter's motion explained, that claim fails as a matter of law. MTD 23-27.

Opp. 7-8. That is not remotely alleged in the Complaint—nor could it have been consistent with Rule 11. Plaintiff suggests that it is somehow Twitter's responsibility to prove that SpyIRL is a third party, but that obviously is not so. Plaintiff named SpyIRL as a separate defendant sued in its capacity, asserted distinct claims against it, and made no allegations that SpyIRL is an alter ego of Twitter. *See* Compl. ¶¶ 19-20 (describing Twitter and SpyIRL); Compl. ¶¶ 128-141 (asserting direct infringement claim against SpyIRL); Compl. ¶¶ 143-155 (asserting secondary infringement claims against Twitter). To the contrary, the Complaint disclaims such a theory. Compl. ¶ 20 ("it is currently unknown to Plaintiff who or what entity owns SpyIRL.com"). If Plaintiff now truly wants to claim that SpyIRL is part of Twitter—and use that theory to try to save her claims—she must do so expressly, as an actual assertion of fact in a signed complaint, subject to the potential Rule 11 sanctions that would attend upon such a manifestly false allegation. She cannot avoid dismissal by trotting out that baseless and unpleaded assertion in her opposition brief. *See, e.g.*, *Cont'l Cas. Co. v. Travelers Ins. Co.*, 2007 U.S. Dist. LEXIS 108740, at *15 (N.D. Cal. Jan. 18, 2007) (holding that defendant cannot be held liable for claims directed at another party because "the Complaint does not allege that Centennial and Atlantic are the same entity").[3]

### IV. PLAINTIFF'S CLAIMS ARE BARRED BY SECTION 230

Plaintiff does not dispute most of what Twitter had to say about Section 230 in its Motion to Dismiss. She does not deny that her various claims seek to treat

---

[3] Plaintiff points to a passing allegation that "Defendant SpyIRL.com's website is ***either*** owned by, affiliated with, ***or*** maintains a pecuniary relationship with all other Defendants" (Opp. 7 (emphasis added); Compl. ¶ 168), but even ignoring that this allegation is wholly unexplained and unsupported, on its face it is not actually an allegation that Twitter owns SpyIRL or that they somehow are "the same entity"— nor does it plausibly support such an inference. *Cf. Jeong Hae Lee v. Winix, Inc.*, 2006 U.S. Dist. LEXIS 103097, at *11-12 (C.D. Cal. May 16, 2006) (While the Complaint does allege that "Cloud 9 is a wholly owned subsidiary of Winix Korea," it "does not clearly allege that Winix Korea and Cloud 9 are the same entity.").

Twitter as the publisher of SpyIRL's Tweets and that courts routinely apply the immunity broadly in cases like this. *See* MTD 11-18. Instead, Plaintiff argues that there are factual disputes about: (1) whether Twitter qualifies as an "interactive computer service"; and (2) whether SpyIRL is actually a third party separate from Twitter. Opp. 7-8. Plaintiff is wrong on both counts.

*First*, by Plaintiff's own allegation, Twitter is "an online microblogging site and social media service which boasted over 330,000,000 active users and 145,000,000 daily users." Compl. ¶ 70. This description is the epitome of Section 230's broad definition of "interactive computer service": "[a]ny information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Unsurprisingly, therefore, courts have consistently held—in cases resolved on the pleadings—that Twitter is an interactive computer service. *See Fields v. Twitter, Inc.*, 217 F. Supp. 3d 116, 1121 (N.D. Cal. 2016); *Brittain v. Twitter, Inc.*, 2019 U.S. Dist. LEXIS 97132, at *4-5 (N.D. Cal. June 10, 2019); *Dehen v. Doe*, 2018 U.S. Dist. LEXIS 161220, at *3 (S.D. Cal. Sept. 18, 2018); *Frenken v. Hunter*, 2018 U.S. Dist. LEXIS 70571, at *5 (N.D. Cal. Apr. 26, 2018). The California Court of Appeal very recently held the same. *Murphy v. Twitter, Inc.*, 2021 Cal. App. LEXIS 60, at *19 (Cal. Ct. App. Jan. 22, 2021). Nothing in the Complaint suggests otherwise or provides any basis for abandoning this consensus.

*Second*, as discussed above, Plaintiff's attempt to depart from her Complaint by claiming that Twitter and SpyIRL are not separate entities is baseless and procedurally improper. Indeed, Plaintiff's use of this gambit to evade Section 230 is directly contrary to Ninth Circuit law. In *Kimzey*, the Court of Appeals held that "threadbare allegations" are "insufficient to avoid immunity under the CDA" and that the immunity "is broad enough to require plaintiffs alleging such a theory to state the facts plausibly suggesting the defendant fabricated content under a third party's identity." 836 F.3d at 1268-69. Here, as in *Kimzey*, "there are no such facts"

(*id*. at 1269), and Plaintiff's effort to invent theories about the link between SpyIRL and Twitter that she has not actually pleaded must be rejected. *See also, e.g.*, *E. Coast Test Prep LLC v. Allnurses.com, Inc.*, 971 F.3d 747, 752 (8th Cir. 2020) (affirming dismissal of complaint based on Section 230 where "the sum total of the complaint's factual allegations pleaded no more than a 'sheer possibility' that [defendant] was wholly or partly responsible for creating or developing [its users'] posts"); *Laake v. Dirty World LLC*, 2020 U.S. Dist. LEXIS 65049, at *5 (D. Az. Apr. 14, 2020) ("Conclusory and speculative allegations that the host or platform website operator must have created the speech is not sufficient to state a claim."). In short, because it is clear from the Complaint that the objectionable content at issue was provided by SpyIRL—not by Twitter—Section 230 requires dismissal of Plaintiff's non-copyright causes of action.

## V. PLAINTIFF'S NON-COPYRIGHT CAUSES OF ACTION FAIL TO STATE A VIABLE CLAIM

While the Court need not go beyond Section 230 to grant Twitter's motion, Plaintiff's efforts to save her causes of action fail on their own terms as well.

### A. FOSTA-SESTA

As Twitter has explained, 18 U.S.C. § 1595 creates a civil cause of action for victims of certain sex trafficking criminal offenses to sue the perpetrators of such crimes, but Plaintiff is not a victim of a such a crime. MTD 19-20. Plaintiff's Opposition admits as much, and instead seeks to argue that the victims are ***other*** "people unknown to Ms. Morton." Opp. 14. That alone requires dismissal: only an "individual who is a victim of a violation of this chapter may bring a civil action" (18 U.S.C. § 1595). But Plaintiff is not such a victim, and she thus lacks standing under both Section 1595 and Article III to assert claim on behalf of other, unnamed persons. *See DeLima v. YouTube, LLC*, 2018 U.S. Dist. LEXIS 160145, at *15 (D.N.H. Aug. 30, 2018) (dismissing claim based on FOSTA-SESTA where plaintiff failed to allege that she herself was a victim of sex trafficking); *accord Warth v.*

*Seldin*, 422 U.S. 499, 500 (1975) (under Article III, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

### B.     Misappropriation/Right of Publicity

Beyond simply parroting the insufficient allegations in her Complaint, Plaintiff makes no effort to defend her right of publicity claim or to respond to Twitter's explanation of why that claim fails. She cites no cases nor addresses any of the authority that Twitter discussed. *Compare* MTD 20-21, *with* Opp. 16; *accord Gerard v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 66167, at *39-40 (C.D. Cal. May 19, 2015) ("Gerard's opposition does not respond substantively to Wells Fargo's arguments concerning this purported misrepresentation. This failure alone warrants dismissal of the claim."); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009) ("Plaintiff has not addressed in her Opposition the arguments made in the Motion to Dismiss but has essentially pasted in the same allegations and improper legal arguments from the FAC. This appears to be a consent to the granting of the Motion on this issue").

### C.     False Advertising / Lanham Act

Plaintiff's Opposition makes clear that she has no claim that Twitter itself has engaged in any false advertising or purported Lanham Act violation. Opp. 17. But if Plaintiff seeks to hold Twitter "vicariously liable" for SpyIRL's alleged violation (*id.*), Twitter is entitled to bring a motion to dismiss that claim against it. That is what Twitter has done, explaining why that theory fails. MTD 21. Plaintiff's failure to offer any substantive response to those arguments amounts to a concession of those arguments. *Accord Price v. Synapse Grp., Inc.*, 2017 U.S. Dist. LEXIS 115363, at *41 n.6 (S.D. Cal. July 24, 2017) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

### D. False Light

Here too, Plaintiff does not respond substantively to Twitter's arguments, but merely restates and cites to the same conclusory allegations that Twitter has already addressed (MTD 22-23), unaccompanied by any facts or explanation. This cannot save her claim, which fails for the (unrebutted) reasons that Twitter has given. *See Connors v. Home Loan Corp.*, 2009 U.S. Dist. LEXIS 48638, at *21 (S.D. Cal. May 9, 2009) ("The Court notes that plaintiff has not substantively addressed this issue in his response in opposition to defendants' motion to dismiss. This lack of a response to defendants' arguments appears to be a consent to dismissing this cause of action for failure to state a claim"); *accord Garcia*, 676 F. Supp. 2d at 909.

### E. Unfair Competition

Plaintiff does not meaningfully respond to Twitter's arguments that the Complaint fails to state a coherent—let alone viable—claim for promissory fraud and/or unfair competition. MTD 23-27. As for the former, Plaintiff's theory seems to be that Twitter failed to enforce its content policies, but she cites no authority supporting the idea that such allegations amount to promissory fraud—nor does she identify any actual ***promise*** that Twitter made to her. Furthermore, Plaintiff does not offer any meaningful argument that she has satisfied the strict pleading requirements that Rule 9(b) imposes for fraud-based claims. Plaintiff says she alleged that she "opened an account with Twitter in 2009" (Opp. 18), but that is not remotely a particularized identification of the "circumstances constituting fraud." *Accord Cecena v. Allstate Ins., Co.*, 358 F. App'x 798, 800 (9th Cir. 2009) (Rule 9(b) requires specific information about the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations"). And, despite her hand-waiving assertion (Opp. 18), which tellingly is accompanied by no citation, the Complaint does not actually allege—and certainly not with "specific factual support" (*Anthony v. Iron Mountain, Inc.*, 2020 U.S. Dist. LEXIS

225358, at *20 (C.D. Cal. Nov. 20, 2020))—that Twitter never intended to honor whatever promise it supposedly made.

Finally, the opposition brief does not even offer a theory under California's Unfair Competition Law, and Plaintiff certainly makes no argument that she has lost "money or property" resulting from any purported unfair competition by Twitter, which alone defeats any claim under the UCL. Here too, Plaintiff's failure to respond to Twitter's arguments amounts to waiver. *See Price*, 2017 U.S. Dist. LEXIS 115363, at *41 n.6; *Connors*, 2009 U.S. Dist. LEXIS 48638, at *21; *Gerard*, 2015 U.S. Dist. LEXIS 66167, at *39-40.

### F. Inflection of Emotional Distress

Plaintiff's Opposition admits that she has not—and cannot—plead an infliction of emotional distress claim against Twitter on the information she currently has. Opp. 19. Beyond that, Plaintiff does not respond substantively to any of Twitter's arguments, but instead vaguely restates her conclusory allegations, unaccompanied by any legal argument, case citation, or explanation. Here too, this amounts to an acknowledgment that this claim should be dismissed.

### G. Unjust Enrichment

Finally, Plaintiff tries to save her unjust enrichment claim by arguing that *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753 (9th Cir. 2015) stands for the proposition that a claim for unjust enrichment can proceed when there is an express contract that covers the subject matter in dispute. Opp. 19. *Astiana* says no such thing. That case had nothing to do with express contracts, but instead involved a "quasi-contract" whereby the plaintiffs were "enticed to purchase products through false and misleading labeling." *Astiana*, 783 F.3d at 762. Neither *Astiana*, nor any other authority, allows a court to create a quasi-contractual remedy like unjust enrichment in the face of an actual written contract that covers the same subject matter. *See* MTD 29-30.

## VI. CONCLUSION

For these reasons, and those in Twitter's Motion to Dismiss, Plaintiff's second through ninth causes of action should be dismissed with prejudice.

Dated: February 2, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Victor Jih*
       Victor Jih

Attorney for Defendant Twitter, Inc.