BRIAN M. WILLEN (*pro hac vice*)
    bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the America, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

VICTOR JIH, State Bar No. 186515
    vjih@wsgr.com
REBECCA E. DAVIS, State Bar No. 322765
    becca.davis@wsgr.com
EVE A. ZELINGER, State Bar No. 328862
    ezelinger@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Attorneys for Defendant Twitter, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., a Delaware corporation, et. al., <br><br> Defendants. | Case No. 2:20-cv-10434-GW-JEM <br><br> **DEFENDANT TWITTER'S AMENDED ANSWER** <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT TWITTER'S AMENDED ANSWER

To the extent the paragraphs of the Complaint are grouped under headings and subheadings, Defendant Twitter, Inc. ("Twitter") responds generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions and pejorative inferences to which no response is required.

Further, Twitter objects that, rather than a short and plain statement of Plaintiff's allegations and claims required by Fed. R. Civ. P. 8, the Complaint adopts a prolix narrative approach with unnecessary rhetoric and built-in assumptions that often make straightforward responses impossible.

Except as expressly admitted herein, Twitter denies any and all allegations as set forth in the Complaint. Twitter reserves the right to amend and/or supplement its Answer as may be necessary. Twitter further answers the numbered paragraphs in the Complaint as follows:

## INTRODUCTION

1.      Twitter admits that Twitter.com is a large social media website with over 330 million users. Twitter further admits that a Verified Account exists on Twitter with the handle @genevievemorton. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1, and therefore denies them.

2.      Twitter admits that it is a publicly traded company on the New York Stock Exchange that operates Twitter.com. Twitter further admits that the gross revenue of Twitter.com exceeds $3.5 billion, and that revenue is derived from multiple streams. Twitter denies the remaining allegations in Paragraph 2.

3.      Twitter admits that, as of the date of the Complaint, an account existed on Twitter with the handle @SpyIRL. This account has now been suspended. Insofar as the remaining allegations in Paragraph 3 are construed to contain factual allegations addressed to Twitter, no response is required, as this Court has since

1   dismissed the at-issue claims. To the extent a response is required, Twitter denies

2   the allegations herein.

3       4.      No response is required to Paragraph 4 because the allegations solely

4   pertain to claims that this Court has since dismissed, and on that basis Twitter

5   denies the allegations.

6       5.      Insofar as the allegations in Paragraph 5 are construed to contain

7   factual allegations addressed to Twitter, no response is required, as this Court has

8   since dismissed the at-issue claims. To the extent a response is required, Twitter

9   denies the allegations herein.

10      6.      Twitter admits that Exhibit A purports to be screenshots of Tweets by

11  @SpyIRL that contain photographs of Plaintiff. Insofar as the remaining allegations

12  in Paragraph 6 are construed to contain factual allegations or legal contentions

13  addressed to Twitter, no response is required, as this Court has since dismissed the

14  at-issue claims. To the extent a response is required, Twitter denies the allegations

15  herein.

16      7.      Twitter admits that it received Notice and Takedown requests from

17  Plaintiff and that Exhibit B purports to be copies of its acknowledgment of receipt

18  of those requests. Twitter denies that it "refused to suspend the account or remove

19  the Tweets." Insofar as the remaining allegations in Paragraph 7 are construed to

20  contain factual allegations or legal contentions addressed to Twitter, no response is

21  required, as this Court has since dismissed the at-issue claims. To the extent a

22  response is required, Twitter denies the allegations herein.

23      8.      Twitter admits that Exhibit C purports to be a screenshot of a Tweet by

24  @SpyIRL and that Exhibit D purports to be screenshots of Tweets by @SpyIRL

25  that contain both photographs of Plaintiff and notices that state "Media not

26  displayed." Twitter further admits that it removed the photographs contained within

27  the @SpyIRL Tweets on a rolling basis, but it lacks knowledge or information

28

sufficient to form a belief about whether its removal "burdened Ms. Morton", and therefore denies this allegation.

9. No response is required to Paragraph 9 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

10. Twitter admits that, as of the date of the Complaint, an account existed on Twitter with the handle @SpyIRL. To the extent the remaining allegations in Paragraph 10 are construed to contain factual allegations or legal contentions addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

11. Twitter admits that the basis for this lawsuit purports to be a series of Tweets. To the extent the remaining allegations in Paragraph 11 are construed to contain factual allegations addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

12. Twitter denies the allegation that it "will continue to profit from the exploitation of Ms. Morton" and denies that it disregarded laws or the Constitution. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12, and therefore denies them.

13. No response is required to Paragraph 13 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

14. Twitter admits that the Digital Millennium Copyright Act (the "DMCA") and the Communications Decency Act (the "CDA") immunize websites like Twitter from liability from third-party misconduct. Twitter further admits that its business structure and technology is constantly evolving, and that it uses a Content Delivery Network. To the extent the remaining allegations in Paragraph 14

are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the remaining allegations in Paragraph 14 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them.

15.    No response is required to Paragraph 15 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

## JURISDICTION AND VENUE

16.    Twitter admits this Court has subject matter jurisdiction over Plaintiff's copyright claim. No response is required to the remaining allegations in Paragraph 16, as this Court has dismissed the at-issue claims, and on that basis Twitter denies the allegations.

17.    Twitter does not contest venue in this district nor personal jurisdiction for the limited purpose of this action only. Twitter admits that it is amenable to service of process for the limited purpose of this action only. Twitter further admits that its platform is accessible in the County of Los Angeles and that it maintains a physical office in the County of Los Angeles. To the extent the remaining allegations in Paragraph 17 are construed to contain factual allegations addressed to it, Twitter denies them.

## THE PARTIES

18.    Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies them.

19.    Twitter admits that Twitter, Inc., is a publicly traded corporation, incorporated in Delaware and headquartered in San Francisco, California, and that it owns and operates Twitter.com. Twitter further admits that it uses a Content Delivery Network, and that its business practices include content delivery and advertising. To the extent that the remaining allegations in Paragraph 19 are construed to contain legal contentions addressed to Twitter, no response is required,

as this Court has since dismissed the at-issue claim. To the extent a response is required, Twitter denies the allegations herein.

20. Twitter admits that, as of the date of the Complaint, accounts existed on Twitter with the handles @SpyIRL and @SpyIRL_Discount. Both accounts have now been suspended. To the extent that the remaining allegations in Paragraph 20 are construed to contain factual allegations or legal contentions addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

21. To the extent the allegations in Paragraph 21 are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the remaining allegations in Paragraph 21 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them.

22. To the extent the allegations in Paragraph 22 are construed to contain factual allegations addressed to it, Twitter denies them.

23. To the extent the allegations in Paragraph 23 are construed to contain factual allegations addressed to it, Twitter denies them.

## **FACTUAL BACKGROUND:**

24. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and therefore denies them.

25. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and therefore denies them. To the extent Paragraph 25 refers to records of the United States Copyright Office, those records speak for themselves.

26. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore denies them.

27. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and therefore denies them.

1    28.    Twitter lacks knowledge or information sufficient to form a belief

2    about the truth of the allegations in Paragraph 28, and therefore denies them.

3    29.    Twitter admits that a Verified Account exists on Twitter.com with the

4    handle @genevievemorton, and that it appears to have been created in 2009.

5    Twitter lacks knowledge or information sufficient to form a belief about the truth of

6    the remaining allegations in Paragraph 29, and therefore denies them.

7    **<u>INFRINGEMENT</u>**

8    30.    Twitter admits that Exhibit A purports to be screenshots of Tweets by

9    @SpyIRL that contain text, photographs with redactions, and links. To the extent

10   the remaining allegations in Paragraph 30 are construed to contain factual

11   allegations addressed to it, Twitter lacks knowledge or information sufficient to

12   form a belief about them, and therefore denies them.

13   31.    To the extent the allegations in Paragraph 31 are construed as factual

14   allegations against it, Twitter lacks knowledge or information sufficient to form a

15   belief about the truth of them, and therefore denies them.

16   32.    Twitter admits that Exhibit B purports to be copies of its

17   acknowledgment of receipt of Notice and Takedown requests from Plaintiff.

18   Twitter lacks knowledge or information sufficient to form a belief about the truth of

19   the remaining allegations in Paragraph 32, and therefore denies them.

20   33.    To the extent the allegations in Paragraph 33 are construed as factual

21   allegations against it, Twitter lacks knowledge or information sufficient to form a

22   belief about the truth of them, and therefore denies them.

23   34.    Twitter lacks knowledge or information sufficient to form a belief

24   about the truth of the allegations in Paragraph 34, and therefore denies them.

25   35.    Twitter admits that it responded to Plaintiff's notice and takedown

26   request by removing each of the photographs identified in that notice within 24

27   hours. Twitter denies any suggestion that its removal was not 'expeditious' within

28   the meaning of Section 512(c) of the DMCA.

36.    Twitter admits that, as of the date of the Complaint, the @SpyIRL account had not yet been suspended and that the Tweets at issue were not entirely removed (though the images that had been embedded in those Tweets were removed). Twitter denies that it "never" removed the Tweets or suspended the @SpyIRL account; the Tweets have been removed and the account has been suspended.

37.    Twitter admits that Exhibit C purports to be a screenshot of a Tweet by @SpyIRL. To the extent the remaining allegations in Paragraph 37 are construed as factual allegations against it, Twitter lacks knowledge or information sufficient to form a belief about the truth of them, and therefore denies them.

38.    To the extent that the allegations in Paragraph 38 are construed as factual allegations or legal contentions against Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

39.    No response is required to Paragraph 39 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

40.    No response is required to Paragraph 40 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

41.    No response is required to Paragraph 41 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

42.    No response is required to Paragraph 42 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

43.   No response is required to Paragraph 43 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

44.   No response is required to Paragraph 44 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

45.   No response is required to Paragraph 45 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

46.   To the extent that the allegations in Paragraph 46 are construed as factual allegations or legal contentions against Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

47.   No response is required to Paragraph 47 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

48.   To the extent that the allegations in Paragraph 48 are construed as factual allegations or legal contentions against Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

49.   To the extent that the allegations in Paragraph 49 are construed as factual allegations or legal contentions against Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

50.   Twitter admits that it sent notices to Plaintiff that her takedown requests were under investigation and that it removed the Images in response to those requests. Twitter further admits that it did not remove the images

"immediately", or all at once, but denies any suggestion that its removal was not expeditious under the circumstances.

51.    Twitter admits that its users have the ability to upload up to four images in one Tweet. Twitter otherwise denies the allegations in Paragraph 51.

52.    Twitter admits that Exhibit D purports to be screenshots of Tweets by @SpyIRL that contain both photographs of Plaintiff and notices that state "Media not displayed", and that Exhibit H purports to be screenshots of Tweets by @SpyIRL showing notices that state "Media not displayed." To the extent the remaining allegations in Paragraph 52 are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the remaining allegations in Paragraph 52 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them.

53.    Twitter admits that it removed the photographs in the at-issue Tweets. To the extent that the allegations in Paragraph 53 are construed as factual allegations or legal contentions against Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

54.    Twitter admits that, as of the date of the Complaint, the @SpyIRL account had not been suspended and that the Tweets appeared on Twitter with the images removed and the notice displayed. The Tweets have been removed and the @SpyIRL account has been suspended. To the extent the remaining allegations in Paragraph 54 are construed to contain factual allegations or legal contentions addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

55.    Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55, and therefore denies them.

56.     Twitter admits that it has received additional takedown requests from Plaintiff, including on July 23, 2020 and September 10, 2020, but Twitter denies that it "ignored" those requests. Twitter admits that it sent messages to Plaintiff about these takedown requests on October 19 and October 28, 2020. Twitter further admits that it used the case number 0172275586. To the extent the remaining allegations in Paragraph 56 are construed to contain factual allegations addressed to it, Twitter denies them.

57.     Twitter denies the allegation that it did not remove @SpyIRL's Tweets "as their policy dictates." To the extent the remaining allegations in Paragraph 57 are construed to contain factual allegations addressed to it, Twitter denies them.

58.     To the extent the allegations in Paragraph 58 are construed to contain factual allegations addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

59.     No response is required to Paragraph 59 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

60.     No response is required to Paragraph 60 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

61.     Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and therefore denies them.

62.     Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and therefore denies them.

63.     Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and therefore denies them.

64.     To the extent the remaining allegations in Paragraph 64 are construed to contain factual allegations addressed to Twitter, no response is required, as this

Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

65. To the extent the allegations in Paragraph 65 are construed to contain factual allegations addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter admits that it has never paid Ms. Morton but otherwise denies the allegations herein.

66. To the extent the allegations in Paragraph 66 are construed to contain factual allegations addressed to it, Twitter denies them.

67. To the extent the remaining allegations in Paragraph 67 are construed to contain factual allegations addressed to it, Twitter admits that it has not "compensated Ms. Morton" but denies that it ever had any obligation to do so.

68. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and therefore denies them.

69. Twitter admits that when a user "follows" an account, this means the user has elected to receive access to the account's posts automatically each time one is made. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 69, and therefore denies them. To the extent Paragraph 69 refers to publicly accessible records, those records speak for themselves.

## **TWITTER**

70. Twitter admits that Twitter, Inc. has been a publicly traded company on the New York Stock Exchange since 2013, and owns and operates Twitter.com, which is an interactive computer service with over 330,000,000 active users and 145,000,000 daily users. Twitter admits that it generates revenue, in part, based on the number of users on its platform. To the extent the remaining allegations in Paragraph 70 are construed to contain factual allegations addressed to it, Twitter

denies them. To the extent Paragraph 70 refers to publicly accessible records, those records speak for themselves.

71.     To the extent Paragraph 71 refers to publicly accessible records, those records speak for themselves.

72.     No response is required to Paragraph 72 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

73.     No response is required to Paragraph 73 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

74.     No response is required to Paragraph 74 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

75.     No response is required to Paragraph 75 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

76.     Twitter admits that Verified Account status is available to certain Twitter users, and that there is a Verified Account with the handle @genevievemorton. Twitter further admits that Verified Account status confirms the authenticity of certain public figures and their associated Twitter accounts. To the extent the remaining allegations in Paragraph 76 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76, and therefore denies them.

77.     Twitter admits that users must agree to its Terms of Service to create accounts, and that the Terms of Service have changed in certain respects since Twitter first launched. Twitter otherwise denies the allegations of Paragraph 77.

1    78.   Twitter admits that is reserves the right to suspend user accounts on its

2    platform and that it maintains various policies that relate to the use of its platform,

3    including copyright, intellectual property, pornography, child sexual exploitation,

4    and human trafficking.

5    79.   No response is required to Paragraph 79 because the allegations solely

6    pertain to claims that this Court has since dismissed, and on that basis Twitter

7    denies the allegations.

8    80.   No response is required to Paragraph 80 because the allegations solely

9    pertain to claims that this Court has since dismissed, and on that basis Twitter

10   denies the allegations.

11   81.   No response is required to Paragraph 81 because the allegations solely

12   pertain to claims that this Court has since dismissed, and on that basis Twitter

13   denies the allegations.

14   82.   No response is required to Paragraph 82 because the allegations solely

15   pertain to claims that this Court has since dismissed, and on that basis Twitter

16   denies the allegations.

17   83.   Twitter admits that its platform has evolved in additional ways such

18   that third-party content may be displayed to users. Twitter further admits that the

19   @genevievemorton account is searchable on its platform. To the extent the

20   remaining allegations in Paragraph 83 are construed to contain factual allegations

21   addressed to Twitter, no response is required, as this Court has since dismissed the

22   at-issue claims. To the extent a response is required, Twitter denies the allegations

23   herein.

24   84.   No response is required to Paragraph 84 because the allegations solely

25   pertain to claims that this Court has since dismissed, and on that basis Twitter

26   denies the allegations.

27

28

1    85.   No response is required to Paragraph 85 because the allegations solely
2    pertain to claims that this Court has since dismissed, and on that basis Twitter
3    denies the allegations.

4    86.   To the extent the allegations in Paragraph 86 are construed to contain
5    factual allegations addressed to Twitter, no response is required, as this Court has
6    since dismissed the at-issue claims. To the extent a response is required, Twitter
7    denies the allegations herein.

8    87.   To the extent the allegations in Paragraph 87 are construed to contain
9    factual allegations addressed to Twitter, no response is required, as this Court has
10   since dismissed the at-issue claims. To the extent a response is required, Twitter
11   denies the allegations herein.

12   88.   No response is required to Paragraph 88 because the allegations solely
13   pertain to claims that this Court has since dismissed, and on that basis Twitter
14   denies the allegations.

15   89.   No response is required to Paragraph 89 because the allegations solely
16   pertain to claims that this Court has since dismissed, and on that basis Twitter
17   denies the allegations.

18   90.   No response is required to Paragraph 90 because the allegations solely
19   pertain to claims that this Court has since dismissed, and on that basis Twitter
20   denies the allegations.

21   91.   No response is required to Paragraph 91 because the allegations solely
22   pertain to claims that this Court has since dismissed, and on that basis Twitter
23   denies the allegations.

24   92.   No response is required to Paragraph 92 because the allegations solely
25   pertain to claims that this Court has since dismissed, and on that basis Twitter
26   denies the allegations.

27

28

93.   No response is required to Paragraph 93 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

94.   Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94, and therefore denies them.

95.   No response is required to Paragraph 95 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

96.   No response is required to Paragraph 96 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

97.   To the extent the allegations in Paragraph 97 are construed to contain factual allegations addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

98.   No response is required to Paragraph 98 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

99.   No response is required to Paragraph 99 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

100.  No response is required to Paragraph 100 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

101.  No response is required to Paragraph 101 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

102.  Twitter lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 102, and therefore denies them.

103.  To the extent the allegations in Paragraph 103 are construed to contain factual allegations or legal contentions addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them.

104.  Twitter admits that its Notice and Takedown procedure requires users to report instances of copyright infringement through a form on Twitter.com, in compliance with the DMCA. To the extent the remaining allegations in Paragraph 104 are construed to contain factual allegations addressed to it, Twitter denies them.

105.  Twitter admits that an API user can specify up to 100 additional owners for media when that user employs its standard API to upload media. Twitter otherwise denies the allegations in Paragraph 105, or lacks knowledge or information sufficient to form a belief about those allegations, and therefore denies them.

## AFFILIATE MARKETING AND THE SALE OF DATA

106.  To the extent the allegations in Paragraph 106 are construed to contain factual allegations addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

107.  No response is required to Paragraph 107 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

108.  No response is required to Paragraph 108 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

1       109.  No response is required to Paragraph 109 because the allegations

2  solely pertain to claims that this Court has since dismissed, and on that basis

3  Twitter denies the allegations.

4       110.  No response is required to Paragraph 110 because the allegations

5  solely pertain to claims that this Court has since dismissed, and on that basis

6  Twitter denies the allegations.

7    **TWITTER DOES NOT BLOCK LINKS TO PURCHASE ILLEGAL**

8    **PORNOGRAPHY**

9       111.  No response is required to Paragraph 111 because the allegations

10  solely pertain to claims that this Court has since dismissed, and on that basis

11  Twitter denies the allegations.

12       112.  No response is required to Paragraph 112 because the allegations

13  solely pertain to claims that this Court has since dismissed, and on that basis

14  Twitter denies the allegations.

15       113.  No response is required to Paragraph 113 because the allegations

16  solely pertain to claims that this Court has since dismissed, and on that basis

17  Twitter denies the allegations.

18       114.  No response is required to Paragraph 114 because the allegations

19  solely pertain to claims that this Court has since dismissed, and on that basis

20  Twitter denies the allegations.

21       115.  No response is required to Paragraph 115 because the allegations

22  solely pertain to claims that this Court has since dismissed, and on that basis

23  Twitter denies the allegations.

24       116.  No response is required to Paragraph 116 because the allegations

25  solely pertain to claims that this Court has since dismissed, and on that basis

26  Twitter denies the allegations.

27       117.  Twitter admits that at the time the Complaint was filed, the @SpyIRL

28  account had not been suspended, but that account has now been suspended. To the

extent the remaining allegations in Paragraph 117 are construed to contain factual allegations or legal contentions addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

118.  No response is required to Paragraph 118 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

119.  No response is required to Paragraph 119 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

120.  Twitter admits that it has a policy for suspending or terminating user accounts. To the extent the remaining allegations in Paragraph 120 are construed to contain factual allegations addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

121.  No response is required to Paragraph 121 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

122.  No response is required to Paragraph 122 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

123.  Twitter admits that it owns and operates Twitter.com, and that it has done so since its inception. To the extent the remaining allegations in Paragraph 123 contain legal contentions or factual allegations addressed to Twitter, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

124.  Twitter admits that Twitter, Inc. owns and operates Twitter.com. To the extent the remaining allegations in Paragraph 124 are factual allegations

addressed to Twitter or legal contentions, no response is required, as this Court has since dismissed the at-issue claims. To the extent a response is required, Twitter denies the allegations herein.

125.  Twitter denies the allegations in Paragraph 125.

126.  No response is required to Paragraph 126 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

## FIRST COUNT:
## COPYRIGHT INFRINGEMENT
## DIRECT, CONTRIBUTORY, VICARIOUS
## U.S. Code § 501 et. Seq/COMMON LAW

127.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

128.  Twitter admits that Exhibit E purports to be copyright registration certificates. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 128, and therefore denies them. To the extent Paragraph 128 refers to records of the United States Copyright Office, those records speak for themselves.

129.  To the extent the allegations in Paragraph 129 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 129, and therefore denies them.

130.  To the extent the allegations in Paragraph 130 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 130, and therefore denies them.

131.  Twitter admits that the @SpyIRL account had posted three Tweets containing four images each on Twitter's platform and that those Tweets form the

basis for this action. To the extent the remaining allegations in Paragraph 131 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 131, and therefore denies them.

132.   Twitter admits that the account @SpyIRL had posted three Tweets containing four images each on Twitter's platform, and those Tweets form the basis for this action. To the extent the remaining allegations in Paragraph 132 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 132, and therefore denies them.

133.   Twitter admits that the account @SpyIRL had posted three Tweets containing four images each on Twitter's platform, and those Tweets form the basis for this action. To the extent the remaining allegations in Paragraph 133 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 133, and therefore denies them.

134.   Twitter admits that the account @SpyIRL had posted three Tweets containing four images each on Twitter's platform, and those Tweets form the basis for this action. To the extent the remaining allegations in Paragraph 134 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 134, and therefore denies them.

135.   Twitter admits that the account @SpyIRL had posted three Tweets containing four images each on Twitter's platform, and those Tweets form the basis for this action. To the extent the remaining allegations in Paragraph 135 set forth

legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 135, and therefore denies them.

136.  Twitter admits that the account @SpyIRL had posted three Tweets containing four images each on Twitter's platform, and those Tweets form the basis for this action. To the extent the remaining allegations in Paragraph 136 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 136, and therefore denies them.

137.  Twitter admits that the account @SpyIRL had posted three Tweets containing four images each on Twitter's platform, and those Tweets form the basis for this action. To the extent the remaining allegations in Paragraph 137 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 137, and therefore denies them.

138.  Twitter admits that the account @SpyIRL had posted three Tweets containing four images each on Twitter's platform, and those Tweets form the basis for this action. To the extent the remaining allegations in Paragraph 138 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 138, and therefore denies them.

139.  Twitter admits that the account @SpyIRL had posted three Tweets containing four images each on Twitter's platform, and those Tweets form the basis for this action. To the extent the remaining allegations in Paragraph 139 set forth

1   legal contentions, Twitter lacks knowledge or information sufficient to form a

2   belief about them to the extent a response is required, and therefore denies them.

3   Twitter lacks knowledge or information sufficient to form a belief about the truth of

4   the remaining allegations in Paragraph 139, and therefore denies them.

5       140.  Twitter lacks knowledge or information sufficient to form a belief

6   about the truth of the allegations in Paragraph 140, and therefore denies them.

7       141.  Twitter admits that the account @SpyIRL had posted three Tweets

8   containing four images each on Twitter's platform, and those Tweets form the basis

9   for this action. To the extent the remaining allegations in Paragraph 141 are

10  construed to contain factual allegations addressed to it, Twitter denies them. To the

11  extent the remaining allegations in Paragraph 141 set forth legal contentions,

12  Twitter lacks knowledge or information sufficient to form a belief about them to the

13  extent a response is required, and therefore denies them. Twitter lacks knowledge

14  or information sufficient to form a belief about the truth of the remaining

15  allegations in Paragraph 141, and therefore denies them.

**VICARIOUS INFRINGEMENT**

**(against Defendant Twitter, Inc.)**

18      142.  Twitter reiterates its responses to the preceding paragraphs of this

19  Answer to the Complaint as if fully set forth herein.

20      143.  Twitter denies the allegations in Paragraph 143.

21      144.  Twitter denies the allegations in Paragraph 144.

22      145.  Twitter admits it earns a portion of its revenue through advertising.

23  Twitter otherwise denies the remaining allegations in Paragraph 145.

24      146.  Twitter admits that it has a repeat infringer policy in compliance with

25  the DMCA. Twitter otherwise denies the allegations in Paragraph 146.

26      147.  Twitter denies the allegations in Paragraph 147.

27      148.  Twitter denies the allegations in Paragraph 148.

28

149.  Twitter admits that it received three takedown demands from Plaintiff and that it issued report numbers 0155741360, 0155743889, and 0155742748 in connection with those demands.

150.  To the extent the allegations in Paragraph 150 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 150, and therefore denies them.

**DIRECT AND CONTRIBUTORY INFRINGEMENT**

**(against Defendant Twitter, Inc.)**

151.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

152.  Twitter admits the allegations in Paragraph 152.

153.  Twitter denies the allegations in Paragraph 153.

154.  Twitter denies the allegations in Paragraph 154.

155.  Twitter denies the allegations in Paragraph 155.

**SECOND CAUSE OF ACTION**

**FOSTA-SESTA**

**18 U.S.C. § 1595**

156.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

157.  No response is required to Paragraph 157 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

158.  No response is required to Paragraph 158 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

159.  No response is required to Paragraph 159 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

160.  No response is required to Paragraph 160 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

161.  No response is required to Paragraph 161 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

162.  No response is required to Paragraph 162 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

## THIRD CAUSE OF ACTION

### MISAPPROPRIATION/RIGHT OF PUBLICITY

### CALIFORNIA CODE OF CIVIL PROCEDURE § 3344

163.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

164.  No response is required to Paragraph 164 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

165.  No response is required to Paragraph 165 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

166.  No response is required to Paragraph 166 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

167.  No response is required to Paragraph 167 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

168.  No response is required to Paragraph 168 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

169.  No response is required to Paragraph 169 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

170.  No response is required to Paragraph 170 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

171.  No response is required to Paragraph 171 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

172.  No response is required to Paragraph 172 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

173.  No response is required to Paragraph 173 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

## <u>FOURTH CAUSE OF ACTION</u>

### FALSE ADVERTISING/LANHAM ACT § 43(A)

174.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

175.  No response is required to Paragraph 175 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

176.  No response is required to Paragraph 176 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

### FIFTH CAUSE OF ACTION

### FALSE LIGHT

177.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

178.  No response is required to Paragraph 178 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

179.  No response is required to Paragraph 179 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

180.  No response is required to Paragraph 180 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

181.  No response is required to Paragraph 181 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

### SIXTH CAUSE OF ACTION

### DEFAMATION/LIBEL

### California Civil Code § 46

182.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

183.  No response is required to Paragraph 183 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

184.  No response is required to Paragraph 184 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

185.  No response is required to Paragraph 185 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

186.  No response is required to Paragraph 186 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

187.  No response is required to Paragraph 187 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

## VICARIOUS LIABIILITY

188.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

189.  No response is required to Paragraph 189 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

190.  No response is required to Paragraph 190 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

191.  No response is required to Paragraph 191 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

192.  No response is required to Paragraph 192 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

1
2
3

# SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION/CONTRACTUAL FRAUD

## CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200

4       193.  Twitter reiterates its responses to the preceding paragraphs of this
5   Answer to the Complaint as if fully set forth herein.

6       194.  No response is required to Paragraph 194 because the allegations
7   solely pertain to claims that this Court has since dismissed, and on that basis
8   Twitter denies the allegations.

9       195.  No response is required to Paragraph 195 because the allegations
10  solely pertain to claims that this Court has since dismissed, and on that basis
11  Twitter denies the allegations.

12      196.  No response is required to Paragraph 196 because the allegations
13  solely pertain to claims that this Court has since dismissed, and on that basis
14  Twitter denies the allegations.

15      197.  No response is required to Paragraph 197 because the allegations
16  solely pertain to claims that this Court has since dismissed, and on that basis
17  Twitter denies the allegations.

18      198.  No response is required to Paragraph 198 because the allegations
19  solely pertain to claims that this Court has since dismissed, and on that basis
20  Twitter denies the allegations.

21      199.  No response is required to Paragraph 199 because the allegations
22  solely pertain to claims that this Court has since dismissed, and on that basis
23  Twitter denies the allegations.

24      200.  No response is required to Paragraph 200 because the allegations
25  solely pertain to claims that this Court has since dismissed, and on that basis
26  Twitter denies the allegations.

27
28

201.  No response is required to Paragraph 201 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

202.  No response is required to Paragraph 202 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

203.  No response is required to Paragraph 203 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

204.  No response is required to Paragraph 204 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

205.  No response is required to Paragraph 205 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

206.  No response is required to Paragraph 206 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

207.  No response is required to Paragraph 207 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

## **EIGHTH CAUSE OF ACTION**

### **NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

208.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

209.  No response is required to Paragraph 209 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

210.  No response is required to Paragraph 210 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

211.  No response is required to Paragraph 211 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

212.  No response is required to Paragraph 212 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

213.  No response is required to Paragraph 213 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

**NINTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

214.  Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

215.  No response is required to Paragraph 215 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

216.  No response is required to Paragraph 216 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

217.  No response is required to Paragraph 217 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

218.  No response is required to Paragraph 218 because the allegations solely pertain to claims that this Court has since dismissed, and on that basis Twitter denies the allegations.

1

## **PRAYER FOR RELIEF**

2

Twitter admits that Plaintiff prays for relief in the Complaint, but Twitter

3   denies that Plaintiff should recover any of the relief requested. Twitter further

4   denies the remaining allegations in Plaintiff's prayer for relief insofar as the

5   allegations are directed to Twitter.

6

## **AFFIRMATIVE AND OTHER DEFENSES**

7

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Twitter sets

8   forth the following affirmative and other defenses, and does so on information and

9   belief as to the actions of others. Twitter does not concede that it bears the burden

10  of proof or burden of persuasion on any of these defenses. Twitter reserves the

11  right to assert additional defenses in the event that discovery or further

12  investigation demonstrates that any such defense is appropriate or applicable.

13

## **FIRST DEFENSE**

14

### **(47 U.S.C § 230(c))**

15

Plaintiff's non-copyright claims are barred by Section 230, which protects

16  interactive services from liability for third party content. To the extent any non-IP

17  claims remain after the Court's Order dismissing Plaintiff's non-copyright claims,

18  Section 230 bars them.

19

## **SECOND DEFENSE**

20

### **(DMCA Safe Harbor)**

21

Plaintiff's claims are barred in whole or in part by the DMCA safe harbors

22  in 17 U.S.C. § 512. Twitter operates an online service that allows users to upload

23  their own content. Twitter did not direct that the Tweets at issue in this action be

24  uploaded using Twitter's service; all of those actions were done at the direction of

25  a third-party user. Twitter does not tolerate infringement of intellectual property

26  rights on its platform. Indeed, Twitter's Terms of Use advise users that Twitter

27  "reserve[s] the right to remove Content that violates the User Agreement,

28  including for example, copyright or trademark violations or other intellectual

property misappropriation, impersonation, unlawful content, or harassment." *See* https://twitter.com/en/tos. Twitter's Terms of Use also specifically provide users with links and "information regarding specific policies and the process for reporting or appealing violations".

Twitter has also adopted and reasonably implemented, as well as informed users of, its policy that provides for the termination in appropriate circumstances of users who are repeat violators of this agreement. And Twitter accommodates and does not interfere with standard technical measures. Twitter also responds expeditiously to valid DMCA notices of claimed infringement by removing and/or disabling access to allegedly infringing content and disabling users' ability to upload allegedly infringing content.

Twitter responded expeditiously to the takedown notices that Plaintiff submitted regarding the photographs in the SpyIRL Tweets that are at issue in this case. Twitter removed each of those images within 24 hours of receiving Plaintiff's notices.

## THIRD DEFENSE

### (License)

Plaintiff's claims are barred, in whole or in part, to the extent that licenses, express or implied, were granted or authorized to be granted by the owners of the asserted copyrights, including licenses that expressly or impliedly permit the conduct alleged to be infringing by Plaintiff.

## FOURTH DEFENSE

### (Failure to State a Claim)

The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted. The Complaint lacks legally sufficient allegations that Twitter engaged in any volitional conduct with regard to Plaintiff's works, or that Twitter had specific knowledge of the alleged infringement of the

photographs by third parties. This Court has already dismissed all of Plaintiffs' non-copyright causes of action under Rule 12(b)(6).

## FIFTH DEFENSE
### (Innocent Intent)

Plaintiff's claims are barred, in whole or in part, because Twitter acted with innocent intent, and any alleged infringement was done by the acts of third parties.

## SIXTH DEFENSE
### (Alleged Infringement *De Minimis*)

Plaintiff's claims are barred, in whole or in part, because any alleged use or copying of the alleged copyrighted material is *de minimis*.

## SEVENTH DEFENSE
### (Substantial Non-Infringing Use)

Plaintiff's claims are barred, in whole or in part, based on the doctrine of substantial non-infringing use, although Twitter submits Plaintiff bears the burden of proving the doctrine's inapplicability.

## EIGHTH DEFENSE
### (No Valid Copyright)

Plaintiff's claims are barred, in whole or in part, because the alleged copyrights at issue allegedly held by Plaintiff are not valid and enforceable.

## NINTH DEFENSE
### (No Damages, Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to state a claim for damages, and failed to mitigate its alleged damages; and the alleged damages, if any, which Plaintiff has suffered were caused in whole or in part by the acts or omissions of Plaintiff or its predecessors, agents, and representatives.

## TENTH DEFENSE

### (Conduct of Third Parties)

Plaintiff's claims are barred, in whole or in part, because the complained-of actions—to the extent they actually occurred—were the result of conduct by third parties. In addition, those third parties and Twitter are not liable for those third parties' alleged acts to the extent the third parties are individuals or entities that are not subject to the laws of the United States. The Court has no jurisdiction over them or their acts; their alleged acts are not infringing any copyrights in the United States; their alleged acts are authorized, licensed, subject to a settlement agreement, excused, or permitted; their acts are fair use; and/or liability for their acts is barred, for example, by laches. Twitter incorporates by reference its affirmative defenses, as applicable, to the alleged acts of third parties.

## ELEVENTH DEFENSE

### (Fair Use)

Plaintiff's claims are barred, in whole or in part, because any use or copyright of the allegedly copyrighted work constitutes fair use.

## TWELFTH DEFENSE

### (Acquiescence, Ratification and/or Consent)

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, ratification, and/or consent.

## THIRTEENTH DEFENSE

### (Waiver/Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver or estoppel. Twitter has relied on representations from @SpyIRL or its representatives or agents (including but not limited to @SpyIRL_Discount) about its authorization to post and Twitter's authorization to host all or portions of the copyrighted works at issue.

1

## FOURTEENTH DEFENSE

### (Abandonment)

Plaintiff's claims are barred, in whole or in part, because Plaintiff abandoned her copyright interests in the allegedly infringed elements of Plaintiff's work.

## FIFTEENTH DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests the following relief:

1.    A judgment in favor of Twitter, denying Plaintiff all relief requested in her Complaint in this action and dismissing Plaintiff's remaining claim with prejudice;

2.    That Twitter be awarded its costs of suit, including reasonable attorney's fees; and

3.    That the Court award Twitter such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Twitter demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  April 30, 2021        WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:    */s/ Victor Jih*
Victor Jih

Attorneys for Defendant Twitter, Inc.