BRIAN M. WILLEN, (*pro hac vice*)
   bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the America, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

VICTOR JIH, State Bar No. 186515
   vjih@wgr.com
REBECCA E. DAVIS, State Bar No. 322765
   becca.davis@wsgr.com
EVE A. ZELINGER, State Bar No. 328862
   ezelinger@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Attorneys for Defendant Twitter, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>TWITTER, INC.,<br>a Delaware corporation, et. al,<br><br>                Defendants. | Case No. 2:20-cv-10434-GW-JEM<br><br>**DECLARATION OF EVE A. ZELINGER RE: DEFENDANT TWITTER'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER INTERROGATORY RESPONSES FROM PLAINTIFF**<br><br>Date:  July 13, 2021<br>Time: 10:00 A.M.<br>Crtrm: 640<br><br>Fact Disc. Cut-Off: October 15, 2021<br>Pretrial Conference: January 13, 2022<br>Trial Date: January 25, 2022<br><br>Hon. John E. McDermott |

I, Eve A. Zelinger declare as follows:

1. I am an attorney admitted to practice before this Court and am an associate at the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel of record for Defendant Twitter in the above-captioned action. I have personal knowledge of the matters stated herein. If called as a witness I could and would competently testify to the matters stated herein.

2. Prior to filing this motion, and in compliance with Local Rule 37-1, counsel for Twitter—myself and Becca Davis—met and conferred telephonically with Plaintiff's counsel—Jennifer Holliday—on May 26, 2021.

3. At the meet and confer, I went through Twitter's first set of discovery requests with Ms. Holliday to try to resolve Plaintiff's objections and responses. While Ms. Holliday did agree to conduct further investigation as to documents responsive to Requests for Production Nos. 6 and 11 and to produce any responsive documents found, we were unable to come to a resolution on any other matter.

4. For example, for Requests for Production Nos. 1-5, Ms. Holliday repeatedly diverted the conversation away from discussing the bases of her boilerplate objections. Instead, Ms. Holliday attempted to get a play-by-play of Twitter's defenses. Rather than explain why Plaintiff had asserted that Twitter's Requests were irrelevant or overbroad, Ms. Holliday continually put the onus on Twitter to explain why they were not. In each scenario, I explained to her that they were relevant either to Twitter's defenses to the copyright infringement claim or to Twitter's challenge to Plaintiff's damages calculation, but Plaintiff was unmoved.

-2-

DECLARATION OF EVE A. ZELINGER RE: DEFENDANT TWITTER'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND FURTHER INTERROGATORY RESPONSES FROM PLAINTIFF
CASE NO. 2:20-cv-10434-GW-JEM

5.    In the meet and confer, Ms. Holliday stated that Plaintiff would be willing to produce the deposit copies responsive to the Request for Production No. 1, but I was unable to get a firm response indicating whether this would actually happen, and if so, when. Ms. Holliday did state that Plaintiff would not produce any communications to or from Plaintiff responsive to Request for Production No. 1.

6.    In addition, I brought up the issue of stipulating to a protective order during the meet and confer, since Plaintiff's response to Interrogatory No. 6 indicated that she would produce information with a limited protective order in place. However, Plaintiff asserted that, despite her response, she would not stipulate to a protective order of any kind, irrespective of whether Twitter drafted it, she drafted it, or the parties used this Court's form order.

7.    At the conclusion of the meet and confer, Ms. Holliday confirmed that she stood by her objections to Twitter's Interrogatories Nos. 4-8 and Requests for Production Nos. 1-5 and that she did not intend to supplement them.

8.    Plaintiff has yet to serve Twitter with a single document in response to its Requests.

9.    Attached hereto as Exhibit A is a true and complete copy of Docket No. 35, the minutes of the April 15, 2021 Telephonic Scheduling Conference that set out the current case schedule.

10.    Attached hereto as Exhibit B is a true and complete copy of the May 26, 2021 correspondence between Twitter's counsel—myself, Brian Willen, Victor Jih, and Becca Davis— and Plaintiff's counsel, Jennifer Holliday, that began at 5:36 PM, memorializing and further discussing the May 26, 2021 meet and confer.

DECLARATION OF EVE A. ZELINGER RE: DEFENDANT TWITTER'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER INTERROGATORY RESPONSES FROM PLAINTIFF
CASE NO. 2:20-cv-10434-GW-JEM

11.  Attached hereto as Exhibit C is a true and complete copy of Plaintiff's Initial Disclosures, served on March 17, 2021.

12.  Attached hereto as Exhibit D is a true and complete copy of Twitter's First Set of Interrogatories, served on April 9, 2021.

13.  Attached hereto as Exhibit E is a true and complete copy of Twitter's First Set of Requests for Production, served on April 9, 2021.

14.  Attached hereto as Exhibit F is a true and complete copy of Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories and First Set of Requests for Production, served on May 9, 2021.

15.  Attached hereto as Exhibit G is a true and complete copy of Twitter's May 17, 2021 meet and confer letter to Plaintiff, one of Twitter's many correspondences with Plaintiff reiterating that the SpyIRL information would be disclosed to Plaintiff upon receipt of a formal request.

16.  Opposing counsel failed to provide her portion of the joint stipulation in a timely manner under L.R. 37-2.2.  In fact, opposing counsel neglected to respond whatsoever to Twitter's email asking for her participation and reiterating the L.R. 37-2.2 requirements.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2021 in San Francisco, California.

WILSON SONSINI GOODRICH & ROSATI
A Professional Corporation

By: */s/ Eve Zelinger*_____
Eve A. Zelinger

Attorney for Defendant *Twitter, Inc.*

-4-

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-10434-GW-JEMx | Date | April 15, 2021 |
| Title | *Genevieve Morton v. Twitter, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jennifer Holliday | Brian M. Willen |

**PROCEEDINGS:     TELEPHONIC SCHEDULING CONFERENCE**


Court and counsel confer. The Court sets the following:

| | |
|---|---|
| Mediation Cutoff | September 29, 2021 |
| Post-Mediation Status Conference | September 30, 2021 at 8:30 a.m. |
| Discovery Cutoff | October 15, 2021 |
| Expert Discovery Cutoff | November 15, 2021 |
| Motion Hearing Cutoff | December 13, 2021 |
| Pretrial Conference | January 13, 2022 at 8:30 a.m. |
| Jury Trial | January 25, 2022 at 9:00 a.m. |

The parties are free to amend pleadings under Fed. R. Civ. P. 15 up to April 30, 2021. Thereafter, any further amendments must be made by motion under Rule 16.

| | : | 09 |
|---|---|---|
| Initials of Preparer | JG | |

Exhibit A

6

# EXHIBIT B

**From:** Davis, Becca
**Sent:** Wednesday, May 26, 2021 8:53 PM
**To:** Zelinger, Eve; Jhollidayesq
**Cc:** Jih, Victor; Willen, Brian
**Subject:** RE: MORTON RESPONSES SET ONE (002)

Ms. Holliday—one point to clarify from the meet and confer. As our May 17, 2021 meet and confer letter states (and as we also said at the April 15 hearing), we are prepared to provide the limited user information we have about the SpyIRL account. We just need a formal legal request by way of a 512(h) subpoena. Once we receive that, we are ready to share with you the information we have. You represented today that once we do that, you will sign the Court's standard-form protective order. This represents a clear and easy way for us to address many issues at once. Thanks.

---

**From:** Zelinger, Eve <ezelinger@wsgr.com>
**Sent:** Wednesday, May 26, 2021 6:25 PM
**To:** Jhollidayesq <Jhollidayesq@protonmail.com>
**Cc:** Davis, Becca <becca.davis@wsgr.com>; Jih, Victor <vjih@wsgr.com>; Willen, Brian <bwillen@wsgr.com>
**Subject:** RE: MORTON RESPONSES SET ONE (002)

Ms. Holliday,

Thanks for your note and for agreeing to file the ADR form before the June 4 deadline. Regarding selecting dates for mediation, would you be amenable to finding a date in mid-August, per Mr. Willen's attached email? I don't believe we ever received a response from you with respect to that question.

Thank you in advance,
Eve

**From:** Jhollidayesq <Jhollidayesq@protonmail.com>
**Sent:** Wednesday, May 26, 2021 5:36 PM
**To:** Zelinger, Eve <ezelinger@wsgr.com>
**Cc:** Davis, Becca <becca.davis@wsgr.com>
**Subject:** Re: MORTON RESPONSES SET ONE (002)

[External]
Dear Ms. Zelinger:
Thank you for the document and for the call. I apologize for not being prepared to discuss details about the deposition or the mediation, but the purpose was to meet and confer on the motion to compel, and I hope I was able to articulate why our objections stand in light of Twitter's refusal to disclose any information about SpyIRL.com.

As I stated, I cannot stipulate to a protective order if Twitter refuses to disclose any information about SpyIRL.com because the allegations against SpyIRL.com create criminal liability under 18 U.S. Code Section 2252. Any information I receive from any source about SpyIRL.com is information I need to be able to disclose.

I appreciate that Twitter does not want me to subpoena any officers or directors, but Mr. Willen indicated that a third party vendor handles the copyright notices and takedowns, so it seems doubtful to me that Mr. Elawad would possess the information we require. Nevertheless as agreed, I will reply by tomorrow as discussed.

**Exhibit B**
**8**

Regarding the mediation, as I stated, if Twitter concedes liability and wants simply to swiftly resolve the issue of damages, I would consider the earlier mediation dates you propose. If liability is still at issue, and you indicated it was, it seems to be in the best interest of all parties that we schedule mediation for mid-September before the September 29, 2021 deadline and September 30, 2021 status conference. Agreed? If so, I will file the document as discussed.

Best,
Jennifer Holliday

Sent with ProtonMail Secure Email.

------- Original Message -------
On Wednesday, May 26, 2021 6:20 PM, Zelinger, Eve <ezelinger@wsgr.com> wrote:

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

# EXHIBIT C

Exhibit C
10

1  JENNIFER HOLLIDAY, State Bar No. 261343

2    jhollidayesq@protonmail.com

3  7190 W. Sunset Blvd. #1430

4  Los Angeles, CA 90046

5  Telephone: (805) 622-0225

6  Attorney for Plaintiff

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  GENEVIEVE MORTON, an individual,  )  Case No. 2:20-cv-10434-GW-JEM

12                                    )

13          Plaintiff,                )  **PLAINTIFF'S INITIAL**

14                                    )  **DISCLOSURES;**

15      v.                            )  **FRCP 26(a)(1), Local Rule 6**

16                                    )

17  TWITTER, INC., a Delaware corporation, )  Judge:    Hon. George H. Wu

18  et. al,                           )

19                                    )

20          Defendants.               )

21  _____

22

23            **PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

24  Pursuant to Fed. R. Civ. P. 26(a), plaintiff GENEVIEVE MORTON hereby serves

25  these Initial Disclosures to Defendant. Section 1 of these disclosures identifies those

26  individuals who may have discoverable information relevant to disputed facts

27  alleged with particularity in the pleadings. Section 2 of disclosures describes the

28

PLAINTIFF'S INITIAL DISCLOSURES          CASE No. 2:20-cv-10434-GW-JEM
PURSUANT TO RULE 26

Exhibit C
11

documents, data compilations, and tangible things held by Plaintiff that may be relevant to disputed facts alleged with particularity in the pleadings.  Section 3 contains an approximation of damages. Please note these disclosures do not include the names of any potential experts retained or consulted by Ms. Morton. Ms. Morton will produce information relating to experts as may be appropriate under Federal Rule of Civil Procedure 26(a)(2) at the times provided by that Rule or any supervening order of the Court. These disclosures do not constitute waiver of any work product protection and are without prejudice to any other issue or argument.

## Section 1: Witnesses

1. Genevieve Morton, Plaintiff, please contact through Plaintiff's counsel.
2. Marlon Stoltzman, Plaintiff's manager, contact information available upon request through Plaintiff's counsel.  Mr. Stoltzman has been in the modeling industry for over thirty years and manages some of the top-earning models worldwide.  Mr. Stoltzman has extensive knowledge about the modeling business and about commercial damage, reputational damage, and the diminution in value of Ms. Morton's infringed images.
3. Lisa Benson, Agent, IMG, a subsidiary of William Morris Endeavor, may be reached through IMG.

## Section 2: Documents

1. Copyright Registration Certificates. Copyright registration screens are attached as exhibits to the Complaint, original certificates available for inspection and copying on request.
2. Sales Reports. The sales figures from the sales of the images are available in electronic format upon request.

PLAINTIFF'S RULE 26(A) DISCLOSURES          -1-          CASE NO. 2:20-CV-10434-GW-JEM

Exhibit C
12

3. Original Photographs.  The twelve original photographs as they appeared alone and in collections as described in the Complaint are available for inspection on request.

4. Notice and Takedown Requests regarding the four related tweets. Submitted to Twitter, attached to Complaint, and are also available for inspection upon request.

5. Notice and Takedowns Requests for a fifth tweet by another user.

6. Twitter, Inc.'s Responses to Notice and Takedown Requests regarding the five tweets that form the basis of the action.

7. Removal Requests, Twitter Transparency, available at: https://transparency.twitter.com/en/reports/removal-requests.html#2020-jan-jun

8. Legal Demands, Twitter Transparency, January 11, 2021 showing a 53% increase in global legal demands and a 10% decrease in compliance as well as a 67% decrease in the accounts suspended for the period in question.

9. Copyright Notices, Twitter Transparency, January 11, 2021, available at: https://transparency.twitter.com/en/reports/copyright-notices.html#2020-jan-jun demonstrating unprecedented volume of notice and takedown requests in excess of 150,000 and affecting over 1,200,000 accounts for the six-month period in question.  Also shows a substantial drop in compliance compared with earlier periods.

**Section 3: Initial Damages Approximation**

Damages have been measured in recent cases in a variety of ways against ISPs who have failed to qualify for the safe harbor provisions of Section 512.  See e.g. *Sony Music Entm't et. al. v. Cox Commc'ns et. al.*, No. 1:18-cv-00950 (E.D.Va); *BMG Rights Mgmt (US) LLC v. Cox Commc'ns, Inc.*, 881 F. 3d 293 (4th Cir. 2018).

1. **Actual Damages:  USD $90,000,000** Ms. Morton anticipates conservatively that she, or assignees or licensees, could have monetized the images earning at least $1,200,000 per year over the course of the next 75 years, with each image earning approximately $100,000 ($100,000 multiplied by 12 is $1,200,000) for a total of $90,000,000 over her lifetime.

2. **USD $303,450,000 (approximately)** Alternatively, we calculate damages based upon the number of Twitter users with access to the intellectual property infringed.  This sum represents the total number of images (12) multiplied by the number of Twitter accounts following @genevievemorton at the time of infringement who had access to the copyrighted images that were only for sale in the following limited-edition series:

   1) Posters – sold for $40 per poster, multiplied by 85,000 is $3,400,000 multiplied by twelve images is $40,800,000.

   2) Prints - $250 per print, multiplied by 85,000 is $21,250,000, multiplied by twelve images is $255,000,000

   3) Downloads - $30 per download, multiplied by 3 (the number of collections infringed) is 90, multiplied by the 85,000 followers is $7,650,000.

3. **Profits of Infringer:**  TBD, but in the period, Twitter, Inc. recently reported record profits and a record number of notice and takedown requests.  **Juries have been permitted to consider profits and expenses saved by an infringing corporation, the circumstances of the infringement, whether Twitter acted willfully or intentionally, the need for deterrence of future infringement, and the need to punish the infringer.**  See *Sony Music Entm't et. al. v. Cox Commc'ns et. al.*, No. 1:18-cv-00950 (E.D.Va);

    **4.** **Statutory Damages:** TBD based upon the number of servers in Twitter's cloud architecture, estimated to be approximately 3,000, plus attorneys' fees and costs of suit.  Plaintiff has claimed direct, vicarious, and contributory liability and 99 instances of willful infringement multiplied by $150,000, totaling $14,850,000, multiplied by 3,000 servers, totaling $4,455,000,000.

To the best of my knowledge, information, and believe formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.

Dated:  March 17, 2020         _____/s_____

                                Jennifer Holliday, Esq.

                                Counsel for Plaintiff Genevieve Morton

Exhibit C
15

# EXHIBIT D



BRIAN M. WILLEN, (*pro hac vice*)
    bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the America, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

VICTOR JIH, State Bar No. 186515
    vjih@wgr.com
REBECCA E. DAVIS, State Bar No. 322765
    becca.davis@wsgr.com
EVE A. ZELINGER, State Bar No. 328862
    ezelinger@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Attorneys for Defendant Twitter, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON, an individual,   ) | Case No. 2:20-cv-10434-GW-JEM |
|                   ) | |
|       Plaintiff,         ) | **DEFENDANT TWITTER'S** |
|                   ) | **FIRST SET OF** |
|      v.            ) | **INTERROGATORIES TO** |
|                   ) | **PLAINTIFF GENEVIEVE** |
| TWITTER, INC., a Delaware corporation, ) | **MORTON** |
| et. al,                   ) | |
|                   ) | |
|       Defendants.      ) | |
| _____) | |

Exhibit D
17

| | |
|---|---|
| 1 | **PROPOUNDING PARTY:**         **TWITTER** |
| 2 | **RESPONDING PARTY:**          **GENEVIEVE MORTON** |
| 3 | **SET**                                      **ONE** |
| 4 | PLEASE TAKE NOTICE THAT, pursuant to the Federal Rules of Civil |
| 5 | Procedure 26 and 33 and the Local Rules of the United States District Court for the |
| 6 | Central District of California, Plaintiff Genevieve Morton ("Plaintiff") is requested |
| 7 | and required to respond to the following Interrogatories within thirty (30) days of |
| 8 | the date of service to the undersigned counsel for Defendant Twitter ("Twitter") via |
| 9 | electronic mail. |
| 10 | **DEFINITIONS** |
| 11 | 1.      References to "Plaintiff" "Genevieve Morton", "You" or "Your" refer |
| 12 | to Genevieve Morton and her counsel, agents, representatives, and any other |
| 13 | person(s) acting under her control or on her behalf, to the extent not barred by |
| 14 | privilege. |
| 15 | 2.      References to "Defendant" or "Twitter" refer to Defendant Twitter, Inc. |
| 16 | and all related entities, as well as its officers, directors, employees, internal and |
| 17 | outside counsel, agents, representatives, consultants, and any person acting under its |
| 18 | control or behalf. |
| 19 | 3.      "Complaint" refers to the Complaint filed by Plaintiff in the present |
| 20 | action. |
| 21 | 4.      "Photograph" or "Photographs" refer collectively to Plaintiff's U.S. |
| 22 | copyrighted registered works to which Plaintiff asserts claims of copyright |
| 23 | infringement in this action. |
| 24 | 5.      "Plaintiff's Website" refers to all content displayed at the following |
| 25 | domain name: https://genevievemorton.com/. |
| 26 | 6.      "Date" means the exact day, month, and year, if ascertainable, or if not, |
| 27 | Your best approximation thereof. |
| 28 | |

DEFENDANT TWITTER'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF GENEVIEVE MORTON          1-                          2:20-cv-10434-GW-JEM

7.    "Document" or "Documents" shall mean any document or electronically stored information on any medium, as defined in Federal Rule of Civil Procedure 34(a), including, but not limited to, papers, writings, tangible objects, letters, correspondence, bills, memoranda, internal and external electronic mail ("email"), notes, messages, work papers, reports, photographs, computer presentations, electronic files, electronic transmissions, computer data, computer-stored data, computer-generated data, computer diskettes, video or audio, tapes, spreadsheets, summaries, facsimiles, or recordings.

8.    "Communicate" or "Communications" means any form of interpersonal communications, including without limitation, meetings, conference, face-to-face conversation, e-mail correspondence, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

9.    "Refer", "Referring to" "Relate" or "Relating to" means constituting, discussing, memorializing, containing, analyzing, embodying, reflecting, identifying, incorporating, mentioning, connected with, comprising, consisting, indicating, describing, referring, relating to, evidencing, showing, discussing, commenting on, considering, recommending, dealing with, pertaining to or involving in any way, in whole or in part, the subject matter of the discovery request.

## **INSTRUCTIONS**

For the purpose of these Interrogatories, the following instructions shall apply:

1.    In answering these Interrogatories, furnish all information, including information contained in or on any Document that is known or available to you, including all information in the possession of your attorneys or other persons acting on your behalf or under your attorney's employment or direction.

DEFENDANT TWITTER'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF GENEVIEVE MORTON        2-        2:20-cv-10434-GW-JEM

2.      As used herein, the singular shall always include the plural, and vice versa.

3.      The present tense shall also include the past tense, and vice versa.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

5.      The word "any" shall be understood to include and encompass "all".

6.      The terms "all" and "each" shall each be construed to include the other.

7.      To "identify" or provide "identification" of a person means to state the person's full name, present or last known residence address, email address, and all known telephone numbers. Once a person has been identified in accordance with this subparagraph, only the name of that person needs be listed in response to subsequent discovery requesting the identification of that person.

8.      To "identify" or provide "identification" of an entity means to state the full legal name of the entity, any fictitious business names associated with the entity, the jurisdiction(s) of incorporation, organization, or business registration of the entity, and all business addresses of the entity's offices or other locations.

9.      When asked to "identify" Documents (such as policies, procedures, records, files, etc.), for each Document identified, provide: (i) the title and any identifying numbers; (ii) the name of author(s), addressee(s), and recipient(s); (iii) a description of the general subject matter; and (iv) the location(s) where they are normally kept and custodian(s).

10.      When asked to "identify" or "describe" facts, events, or circumstances, provide all information within your knowledge regarding such facts, events, or circumstances, as well as a narrative explaining: (i) who was involved; (ii) what happened, including any actions, inaction, conduct by anyone involved; and (iii) where and when any such facts, events, circumstances occurred.

11.    If there is any item of information that you refuse to disclose on grounds of privilege or work product immunity, answer so much of the interrogatory as does not request information for which you claim privilege.

12.    Each interrogatory is to be answered separately and in order.

13.    Interrogatories shall be construed independently and not by reference to any other interrogatory.

14.    The Interrogatories are continuing in nature. Pursuant to Federal Rule of Civil Procedure 26(e), you are required to serve promptly supplemental interrogatory responses and produce additional Documents if you obtain further or different information.

## **FIRST SET OF INTERROGATORIES**

### **INTERROGATORY NO. 1**

Identify each Photograph by title, date of publication, United States copyright registration number, and date of registration.

### **INTERROGATORY NO. 2**

Identify the various websites, marketplaces, or other means by which You offered each Photograph for purchase, whether on Plaintiff's Website or otherwise, including the specific terms of the license(s) that were offered to purchasers of the Photographs.

### **INTERROGATORY NO. 3**

Identify the specific dates each Photograph was available for purchase, whether on Plaintiff's Website or otherwise.

### **INTERROGATORY NO. 4**

Identify the price(s) at which each Photograph was offered for purchase and the specific dates of those price(s), if pricing fluctuated.

**INTERROGATORY NO. 5**

For each Photograph, state the number of sales, amount of gross revenue, and net profits received by You from all licenses or purchases of the Photograph, identifying the specific number of sales, amount of revenue, and profit associated with each distinct way that the Photograph was sold or licensed.

**INTERROGATORY NO. 6**

For each Photograph, identify each individual or entity You licensed or otherwise authorized, at any time, to copy, distribute or publicly perform the work or otherwise exercise any of the rights under Section 106 of the Copyright Act with respect to the work.

**INTERROGATORY NO. 7**

Identify every means by which You displayed, exhibited or otherwise made any of the Photographs available for viewing.

**INTERROGATORY NO. 8**

Identify how You computed each item of damages described in Your Initial Disclosures, including the mathematical formula used.

**INTERROGATORY NO. 9**

Identify any copyright infringement notices or claims You have made in the last six (6) years prior to the filing date of the Complaint Related to any photographs listed for sale on Plaintiff's Website, including but not limited to the Photographs.

**INTERROGATORY NO. 10**

State all facts upon which You base the allegation that "Defendant SpyIRL.com used Ms. Morton's copyrighted images containing her nude images," including all information concerning how SpyIRL allegedly obtained those images.

**INTERROGATORY NO. 11**

Describe any other instances that You are aware of Relating to the nonconsensual publication of Your photographs available for sale on Plaintiff's Website.

Dated: April 9, 2021

WILSON SONSINI GOODRICH & ROSATI
A Professional Corporation

By: _/s/ Victor Jih_
Victor Jih

Attorney for Defendant Twitter, Inc.

1

**CERTIFICATE OF SERVICE**

2

3      I hereby certify that, on April 9, 2021, a copy of the foregoing was served on

4      and sent to counsel of record via email at: Jhollidayesq@protonmail.com

5

6                              By: */s/ Eve Zelinger*_____

7                                  Eve Zelinger

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

1  BRIAN M. WILLEN, (*pro hac vice*)
       bwillen@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  1301 Avenue of the America, 40th Floor
   New York, NY 10019-6022
4  Telephone: (212) 999-5800
   Facsimile: (212) 999-5899

5
   VICTOR JIH, State Bar No. 186515
6     vjih@wgr.com
   REBECCA E. DAVIS, State Bar No. 322765
7     becca.davis@wsgr.com
   EVE A. ZELINGER, State Bar No. 328862
8     ezelinger@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
9  Professional Corporation
   633 West Fifth Street, Suite 1550
10 Los Angeles, CA  90071-2027
   Telephone: (323) 210-2900
11 Facsimile: (866) 974-7329

12 Attorneys for Defendant Twitter, Inc.

13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17

18 GENEVIEVE MORTON, an individual,     )  Case No. 2:20-cv-10434-GW-JEM
                                         )
19            Plaintiff,                  )  **DEFENDANT TWITTER'S**
                                         )  **FIRST SET OF REQUESTS FOR**
20                                        )  **PRODUCTION TO PLAINTIFF**
       v.                                )  **GENEVIEVE MORTON**
21                                        )
                                         )
22 TWITTER, INC., a Delaware corporation,)
   et. al,                               )
23                                        )
                                         )
24            Defendants.                 )
                                         )
25                                        )
                                         )
26 _____  )

27

28

1   **PROPOUNDING PARTY:**               **TWITTER**

2   **RESPONDING PARTY:**                **GENEVIEVE MORTON**

3   **SET**                             **ONE**

4       PLEASE TAKE NOTICE THAT, pursuant to the Federal Rules of Civil

5   Procedure 34 and the Local Rules of the United States District Court for the Central

6   District of California, Plaintiff Genevieve Morton ("Plaintiff") is requested and

7   required to answer each of the following requests for Production (the "Requests")

8   within thirty (30) days of the date of service to the undersigned counsel for

9   Defendant Twitter ("Twitter") via electronic mail.

10  <u>**DEFINITIONS**</u>

11      1.    References to "Plaintiff" "Genevieve Morton", "You" or "Your" refer

12  to Genevieve Morton and her counsel, agents, representatives, and any other

13  person(s) acting under her control or on her behalf, to the extent not barred by

14  privilege.

15      2.    References to "Defendant" or "Twitter" refer to Defendant Twitter, Inc.

16  and all related entities, as well as its officers, directors, employees, internal and

17  outside counsel, agents, representatives, consultants, and any person acting under its

18  control or behalf.

19      3.    "Complaint" refers to the Complaint filed by Plaintiff in the present

20  action.

21      4.    "Photograph" or "Photographs" refer collectively to Plaintiff's U.S.

22  copyrighted registered works to which Plaintiff asserts claims of copyright

23  infringement in this action.

24      5.    "Plaintiff's Website" refers to all content displayed at the following

25  domain name: https://genevievemorton.com/.

26      6.    "Date" means the exact day, month, and year, if ascertainable, or if not,

27  Your best approximation thereof.

28

7.      "Document" or "Documents" shall mean any document or electronically stored information on any medium, as defined in Federal Rule of Civil Procedure 34(a), including, but not limited to, papers, writings, tangible objects, letters, correspondence, bills, memoranda, internal and external electronic mail ("email"), notes, messages, work papers, reports, photographs, computer presentations, electronic files, electronic transmissions, computer data, computer-stored data, computer-generated data, computer diskettes, video or audio, tapes, spreadsheets, summaries, facsimiles, or recordings.

8.      "Communicate" or "Communications" means Any form of interpersonal communications, including without limitation, meetings, conference, face-to-face conversation, e-mail correspondence, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

9.      "Refer", "Referring to", "Relate" or "Relating to" means constituting, discussing, memorializing, containing, analyzing, embodying, reflecting, identifying, incorporating, mentioning, connected with, comprising, consisting, indicating, describing, referring, relating to, evidencing, showing, discussing, commenting on, considering, recommending, dealing with, pertaining to or involving in any way, in whole or in part, the subject matter of the discovery request.

## **INSTRUCTIONS**

For the purpose of these Requests, the following instructions shall apply:

1.      In answering these Requests, search for all Documents in your possession, custody, or control that may be responsive to each of the following Requests. Unless otherwise noted, the timeframe to search for Documents in response to each of the following Requests is the six (6) year period prior to the service date. Along with performing a diligent search, you must provide a written

DEFENDANT TWITTER'S FIRST SET OF REQUESTS FOR      2-      2:20-cv-10434-GW-JEM
PRODUCTION TO PLAINTIFF GENEVIEVE MORTON

1  answer setting forth any objections and affirmatively stating the extent to which
2  Documents will or will not be produced in response to each Request, including the
3  reason(s) you are unable to produce all Documents in response to any Request.

4      2.      Should you object to any Request or portion thereof, identify the specific
5  ground for each objection, including the reasons, and whether any responsive
6  materials are being withheld due to the objection. However, even when an objection
7  is made, you must provide a response subject to any objections, to the best of your
8  ability. For example, if you object to a Request as being ambiguous, your written
9  response must identify all perceived ambiguities and state the extent you will produce
10 responsive Documents based on your interpretation of any such perceived ambiguity.
11 Similarly, if you object to a Request as being overbroad, your written response must
12 identify the scope of the Request that you consider overbroad and state the extent you
13 will produce responsive Documents within the scope that you do not consider
14 overbroad.

15     3.      You must produce all Documents responsive to these Requests in the
16 form which they are ordinarily maintained, with a clear indication of where each
17 Document ends and the next begins, and in accordance with all applicable Federal
18 Rules of Civil Procedure, Local Rules, and Standing Orders, and Stipulations of the
19 Parties. Unless where a stricter standard is set forth by any applicable Federal Rule of
20 Civil Procedure, Local Rule, Standing Order, or Agreement/Stipulation, all
21 electronically stored information ("ESI") shall be produced in its native format with
22 metadata preserved and information sufficient to identify the custodian, name,
23 author(s), location, and history (*e.g.*, date created, modified, sent, etc.) of each native
24 file.

25     4.      If you withhold production of any responsive Document or portions
26 thereof on the basis of privilege or another claim of immunity from discovery, you
27 are required to provide a privilege log that complies with Rule 26(b)(5) of the Federal
28

**Exhibit E**
**29**

Rules of Civil Procedure and for each withheld Document, identify: (i) the file name and/or title; (ii) the general subject matter; (iii) the author(s), addressee(s), and recipient(s); and (iv) the specific grounds on which the Document or portion thereof is being withheld (*e.g.*, attorney-client privilege, etc.).

5.    As used herein, the singular shall always include the plural, and vice versa.

6.    The present tense shall also include the past tense, and vice versa.

7.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

8.    The word "any" shall be understood to include and encompass "all".

9.    The terms "all" and "each" shall each be construed to include the other.

10.    To "identify" or provide "identification" of a person means to state the person's full name, present or last known residence address, email address, and all known telephone numbers. Once a person has been identified in accordance with this subparagraph, only the name of that person needs be listed in response to subsequent discovery requesting the identification of that person.

11.    To "identify" or provide "identification" of an entity means to state the full legal name of the entity, any fictitious business names associated with the entity, the jurisdiction(s) of incorporation, organization, or business registration of the entity, and all business addresses of the entity's offices or other locations.

12.    When asked to "identify" Documents (such as policies, procedures, records, files, etc.), for each Document identified, provide: (i) the title and any identifying numbers; (ii) the name of author(s), addressee(s), and recipient(s); (iii) a description of the general subject matter; and (iv) the location(s) where they are normally kept and custodian(s).

13.    When asked to "identify" or "describe" facts, events, or circumstances, provide all information within your knowledge regarding such facts, events, or

circumstances, as well as a narrative explaining: (i) who was involved; (ii) what happened, including any actions, inaction, conduct by anyone involved; and (iii) where and when any such facts, events, circumstances occurred.

14.     Each Request shall be answered separately, and Plaintiff shall indicate for each answer the request to which it corresponds.

15.     If, after making your initial production, you obtain or become aware of any further Documents responsive to these Requests, you are required to produce such additional Documents pursuant to Federal Rule of Civil Procedure 26(e).

## FIRST SET OF REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All Documents Relating to the registration of the Photographs with the United States Copyright Office.

### REQUEST NO. 2

All Documents Relating to the sale of the Photographs from Plaintiff's Website, whether individual, in a collection, or in a calendar, including but not limited to, purchase confirmation emails for orders placed through Plaintiff's Website containing at least one Photograph and sales receipts since the Photographs were first published on Plaintiff's Website. This Request includes Documents sufficient to identify the purchasers of the Photographs.

### REQUEST NO. 3

All Documents Relating to the marketing and promotion of the Photographs, including but not limited to emails, advertisements, marketing campaigns, and promotions.

### REQUEST NO. 4

All Documents and Communications Relating to the gross revenue and net profit received by Plaintiff on account of sales of Photographs from Plaintiff's Website.

**REQUEST NO. 5**

All Documents Relating to the damage computation associated with the Photographs listed in Plaintiff's Initial Disclosures.

**REQUEST NO. 6**

All Documents and Communications Relating to agreements or offers, including negotiations made in connection with those agreements or offers, made by Plaintiff in connection with the Photographs, including but not limited to purchase agreements, design agreements, partnership agreements, supply agreements, promotion agreements, marketing agreements, and license agreements.

**REQUEST NO. 7**

All Documents and Communications concerning Your efforts, or the efforts of any third party hired by You, to monitor and report copyright violations on Twitter, including but not limited to all Communications or agreements between You and third parties and invoices or other Documents associated with work performed and costs thereof.

**REQUEST NO. 8**

All Communications with third parties concerning the posting of the Photographs on Twitter.

**REQUEST NO. 9**

All Communications with Twitter about the Photographs, including but not limited to all copyright notices or complaints.

**REQUEST NO. 10**

All copyright infringement claims submitted by You during the six (6) years prior to the filing date of the Complaint Relating to any photographs listed for sale on Plaintiff's Website, including but not limited to the Photographs.

1  **REQUEST NO. 11**

2      To the extent not already produced, All Documents described, identified, or

3  used in connection with preparing Your responses to Defendant's First Set of

4  Interrogatories.

5

6  Dated: April 9, 2021

7

8                                    WILSON SONSINI GOODRICH & ROSATI

9                                    A Professional Corporation

10                                   By:   */s/ Victor Jih*

11                                            Victor Jih

12                                   Attorney for Defendant Twitter, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 9, 2021, a copy of the foregoing was served on and sent to counsel of record via email at: Jhollidayesq@protonmail.com

By: */s/ Eve Zelinger*                

Eve Zelinger

DEFENDANT TWITTER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF GENEVIEVE MORTON

8-

2:20-cv-10434-GW-JEM

# EXHIBIT F

JENNIFER HOLLIDAY, ESQ. (SBN 261343)
7190 W. Sunset Blvd. #1430
Los Angeles, California 90046
jhollidayesq@protonmail.com
dir. (805) 622-0225

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Genevieve Morton, an individual,<br><br>v.<br><br>Twitter, Inc., a Delaware Corporation; SpyIRL.com; Does 1-100. | No. 2:20-CV-10434<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES and FIRST SET OF REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY:          TWITTER

RESPONDING PARTY:          GENEVIEVE MORTON

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES and FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff, by and through her attorney, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendant Twitter, Inc.'s ("Twitter") First Set of Interrogatories and First Set of Production as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff's investigation and development of all facts and circumstances relating

1

1   to this action is ongoing. These responses and objections are made without
2   prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or
3   documents at trial.

4   2. By making the accompanying responses and objections to Defendant's
5   interrogatories and requests for production, Plaintiff does not waive, and hereby
6   expressly reserves, her right to assert any and all objections as to the admissibility
7   of such responses into evidence in this action, or in any other proceedings, on any
8   and all grounds including, but not limited to, competency, relevancy, materiality,
9   and privilege. Further, Plaintiff makes the responses and objections herein without
    in any way implying that she considers the interrogatories or requests for
10  production, and responses to the interrogatories or requests for production, to be
11  relevant or material to the subject matter of this action.

12
13  3. Plaintiff will produce responsive documents only to the extent that such
14  documents are actually in her possession, custody, or control, notwithstanding any
    right Plaintiff may have to compel production of such documents under color of
15  any law.

16
17  4. A response to a document request or interrogatory stating that objections and/or
18  indicating that documents will be produced shall not be deemed or construed that
    there are, in fact, responsive documents, that Plaintiff performed any of the acts
19  described in the document request, interrogatory, or definitions and/or instructions
20  applicable to the document request or interrogatory, or that Plaintiff acquiesces in
21  the characterization of the conduct or activities contained in the document request,
22  interrogatory, or definitions and/or instructions applicable to the document request
23  or interrogatory.

24  5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any
25  or all of the responses and objections herein, and to assert additional objections or
26  privileges, in one or more subsequent supplemental response(s).

27  6. Plaintiff will make available for inspection at Plaintiff's offices responsive
28  documents or through a mutually agreed means of electronic service.

7. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

1. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Plaintiff objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

5. Defendant's document requests and interrogatory call for the production of documents and information that were produced to the Plaintiff by other entities and that may contain confidential, proprietary, or trade secret information, or information involving autonomy privacy absent a compelling interest.

PLAINTIFF'S RESPONSES TO DEFENDANT
TWITTER'S INTERROGATORIES, SET ONE
                                        3                2:20-CV-10434 *MORTON V. TWITTER*

6. To the extent any of Defendant's document requests or its interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

7. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Plaintiff objects to Definition No. 1 regarding "Plaintiff" "Genevieve Morton" "You" or "Your." The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of the interrogatories and document requests to documents in the possession, custody, or control of individuals, agencies, or entities other than Genevieve Morton, an individual, and her present employees, agents, attorneys, consultants, and/or other representatives. Plaintiff further objects to the time frame insofar as the six-year time frame is overbroad.

2. Plaintiff objects to Definition No. 4 regarding "Photograph" or "Photographs" to the extent that it is vague and ambiguous in light of the allegations. While Plaintiff has alleged infringement of certain pictorial images, Plaintiff has also claimed infringement of copyrighted collections in which those pictorial images appeared.

3. Plaintiff objects to Definition No. 5 regarding "Website" to the extent it relies on the undefined term "content." Subject to and notwithstanding this objection, in responding to these discovery requests, Plaintiff will treat the term "content," as visible imagery appearing on the website.

4.  Plaintiff objects to Instruction No. 1 to the extent that it calls for privileged Documents or any materials subject to attorney-client privilege or any other privilege.

5. Plaintiff objects to Instruction No. 8 to the extent that "identify" is overbroad, burdensome, calls for privileged information and affects the rights, including privacy rights, of third parties and information subject to the attorney-client privilege or the attorney work-product doctrine to the extent that any such information exists.

6. Plaintiff objects to Instruction No. 9 to the extent that it calls for privileged information or communications, is overbroad and burdensome.

## PLAINTIFF'S RESPONSES:

## INTERROGATORY NO. 1

"Identify each Photograph by title, date of publication, United States copyright registration number and date of registration."

## PLAINTIFF'S RESPONSE:

Plaintiff objects to this Interrogatory on the basis that it is vague and unintelligible, and it is duplicative and, presuming Plaintiff correctly interprets Twitter's general meaning, calls for information that has already been expressly and specifically provided to Twitter in the Complaint and/or is accessible in public records in the U.S. Copyright Office.  Plaintiff also objects on the grounds that it is a compound question that seeks multiple, distinct answers.  Subject to and without in any way waiving general objections, and to the extent Plaintiff understands this Interrogatory, Plaintiff responds as follows:

Plaintiff has alleged copyright infringement by @SpyIRL of multiple Images, reported to Twitter on May 19, 2020 that were removed piecemeal and additional acts of infringement of the photographs by Twitter users "@city_tits" and "@btfgirlbtf" and "@1sluttysexslave" posted and reported to Twitter on July 23,

2020 but not removed until October 28, 2020.

Plaintiff offers this table of information in response:

| Title | Date of Publication | Copyright Registration No. | Date of Registration |
|---|---|---|---|
| Private Island 6 | 2/1/2018 – 11/1/2018 | VA0002210005 | June 8, 2020 |
| Private Island 4 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Posters Love on the Rocks 19 | 1/1/2017 | VA0002210694 | June 21, 2020 |
| After Dark 14 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Private Island 23 | 2/1/2018 – 11/1/2018 | VA0002210005 | June 8, 2020 |
| Love on the Rocks 15 | 1/1/2017 | VA0002210694 | June 21, 2020 |
| Love on the Rocks 12 | 1/1/2017 | VA0002210694 | June 21, 2020 |
| Love on the Rocks 18 | 10/1/2016- 10/31/2016 | VA0002211724 | July 28, 2020 |
| After Dark 13 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Private Island 30 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Private Island 18 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Love on the Rocks 17 | 1/1/2017 | VA0002211724 | July 28, 2020 |

Exhibit F
41

**INTERROGATORY NO. 2**

Identify the various websites, marketplaces, or other means by which You offered each Photograph for purchase, whether on Plaintiff's Website or otherwise, including the specific terms of the license(s) that were offered to purchasers of the Photographs.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory on the basis that it is vague and unintelligible. Plaintiff also objects on the grounds that it is a compound question that seeks multiple, distinct answers.  Subject to and without in any way waiving general objections, and to the extent Plaintiff understands this Interrogatory, Plaintiff responds as follows:

The Photographs were exclusively offered on www.genevievemorton.com.

**INTERROGATORY NO. 3**

Identify the specific dates each Photograph was available for purchase whether on Plaintiff's Website or otherwise.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory on the basis that it is vague, unintelligible regarding the use of the undefined phrase "or otherwise," and Plaintiff has already asserted that the Photographs were offered exclusively on Plaintiff's website. Plaintiff also objects on the grounds that it is a compound question that seeks multiple, distinct answers.  Subject to and without in any way waiving general objections, and to the extent Plaintiff understands this Interrogatory, Plaintiff responds as follows:  Plaintiff initially offered the photographs for sale on the original date of publication for a limited period of time.

| Title | Date of Publication | Copyright Registration No. | Date of Registration |
|---|---|---|---|
| Private Island 6 | 2/1/2018 – 11/1/2018 | VA0002210005 | June 8, 2020 |
| Private Island 4 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Posters Love on the Rocks 19 | 1/1/2017 | VA0002210694 | June 21, 2020 |
| After Dark 14 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Private Island 23 | 2/1/2018 – 11/1/2018 | VA0002210005 | June 8, 2020 |
| Love on the Rocks 15 | 1/1/2017 | VA0002210694 | June 21, 2020 |
| Love on the Rocks 12 | 1/1/2017 | VA0002210694 | June 21, 2020 |
| Love on the Rocks 18 | 10/1/2016- 10/31/2016 | VA0002211724 | July 28, 2020 |
| After Dark 13 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Private Island 30 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Private Island 18 | 2/1/2018- 11/1/2018 | VA0002210005 | June 8, 2020 |
| Love on the Rocks 17 | 1/1/2017  *was reissued as a fine art print in April 2020 | VA0002211724 | July 28, 2020 |

## INTERROGATORY NO. 4

Identify the price(s) at which each Photograph was offered for purchase and the specific dates of those price(s), if pricing fluctuated.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory on the basis that it is vague, unintelligible, and unduly burdensome.  Plaintiff further objects on the grounds that it is a compound question that seeks multiple, distinct answers.  Subject to and without in any way waiving general objections, and to the extent Plaintiff understands this Interrogatory, Plaintiff responds as follows:  Plaintiff initially offered the photographs on the original date of publication for a limited period of time.

| Title | Date of Publication | Copyright Registration No. | Date of Registration | Price |
|---|---|---|---|---|
| Private Island 6 | 2/1/2018 – 11/1/2018 | VA0002210005 | June 8, 2020 | $30 per digital download pack |
| Private Island 4 | 2/1/2018-11/1/2018 | VA0002210005 | June 8, 2020 | $30 per digital download pack |
| Posters Love on the Rocks 19 | 1/1/2017 | VA0002210694 | June 21, 2020 | $30 per digital download pack; poster 3 / $40 |
| After Dark 14 | 2/1/2018-11/1/2018 | VA0002210005 | June 8, 2020 | $30 per digital download pack |
| Private Island 23 | 2/1/2018 – 11/1/2018 | VA0002210005 | June 8, 2020 | $30 per digital download pack |
| Love on the Rocks 15 | 1/1/2017 | VA0002210694 | June 21, 2020 | $30 per digital download pack |
| Love on the Rocks 12 | 1/1/2017 | VA0002210694 | June 21, 2020 | $30 per digital download pack |
| Love on the Rocks 18 | 10/1/2016-10/31/2016 | VA0002211724 | July 28, 2020 | $30 / unsigned calendar |
| After Dark 13 | 2/1/2018-11/1/2018 | VA0002210005 | June 8, 2020 | $30 per digital download pack |
| Private Island 30 | 2/1/2018-11/1/2018 | VA0002210005 | June 8, 2020 | $30 per digital download pack |
| Private Island 18 | 2/1/2018-11/1/2018 | VA0002210005 | June 8, 2020 | $30 per digital download pack |

Exhibit F
44

| Love on the Rocks 17 | 1/1/2017  *was reissued as a fine art print in April 2020 | VA0002211724 | July 28, 2020 | $250 / fine art print |
| --- | --- | --- | --- | --- |

## INTERROGATORY NO. 5

For each Photograph, state the number of sales, amount of gross revenue, and net profits received by You from all licenses or purchases of the Photograph, identifying the specific number of sales, amount of revenue and profit associated with each distinct way that the Photograph was sold or licensed.

## PLAINTIFF'S RESPONSE:

Plaintiff objects to this Interrogatory on the basis that it is vague, unintelligible, and unduly burdensome and premature insofar as it seeks information that is relevant only to a measure of damages that Plaintiff has not yet elected. Plaintiff also objects on the grounds that it is a compound question that seeks multiple, distinct answers. Plaintiff has a specific, legally protected privacy interest in her private business records and an objectively reasonable expectation of privacy in them, and Twitter has not stated a compelling interest for the disclosure of this information at this stage of the litigation. Plaintiff will provide if and when Twitter admits liability and/or it is established that Section 512 does not immunize Twitter.

## INTERROGATORY NO. 6

For each Photograph, identify each individual entity You licensed or otherwise authorized, at any time, to copy, distribute, or publicly perform the work or otherwise exercise any of the rights under Section 106 of the Copyright Act with respect to the work.

## PLAINTIFF RESPONSE:

Plaintiff objects to this Interrogatory on the basis that it calls for disclosure of

private information of third-party customers. Plaintiff further objects on the grounds that it is vague and unintelligible and unduly burdensome as it calls for the same information requested in business records.  Plaintiff also objects on the grounds that it is a compound question that seeks multiple, distinct answers. Subject to and without waiving any objections, Plaintiff responds that if and when Twitter can state a compelling interest in the disclosure of this private third-party information, and liability is admitted, Plaintiff will respond to the request subject to a reasonable, limited protective order in place.

**INTERROGATORY NO. 7**

Identify every means by which You displayed, exhibited, or otherwise made any of the Photographs available for viewing.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory on the basis that it is vague, overbroad, unintelligible, and unduly burdensome as it is redundant to previous interrogatories. Plaintiff objects to the use of the word "viewing" as this has no relevance to the claims in this case.  Subject to and without in any way waiving general objections, and to the extent Plaintiff understands this Interrogatory, Plaintiff repeats her response to Interrogatory No. 6.

**INTERROGATORY NO. 8**

Identify how You computed each item of damages described in Your Initial Disclosures, including the mathematical formula used.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects to this Interrogatory on the basis that it is premature and calls for legal conclusions. The damages in the 26(f) report were to offer Defendant sufficient notice of the substantial losses Plaintiff suffered.  Twitter has already admitted it has 330,000,000 users, earned in excess of $3.5 billion, the @GenevieveMorton verified account existed at the time of infringement, the

@SpyIRL account was operational at the time in violation of the Nonconsensual Nudity Policy and Child Sexual Exploitation Policy, that the 12 images appeared in three Tweets on the @SpyIRL account, the Tweets were removed on a "rolling" basis instead of immediately, the @SpyIRL account was not suspended even after 3 consecutive reported tweets or even after Plaintiff filed this action alleging @SpyIRL was operating in violation of state and federal law and the Twitter Rules. Twitter allowed the account to operate on Twitter for a period of 8 months, leaving the Tweets visible that claimed Plaintiff was working with an illegal pornographer. Subsequent infringement of the same photographs occurred on at least two other Twitter accounts (@city_tits and @btfgirlsbft), and Twitter ignored DMCA reports of the subsequent infringement for three months, effectively destroying the value of the photographs.

Subject to and without waving any general objections, Plaintiff responds that Damages are computed according to 17 U.S. Code §504 (b), but Plaintiff has not attempted to calculate the additional lost profits Twitter incurred due to lack of access to information withheld by Twitter regarding the number of viewers who had access to the infringed Photographs. For purposes of the Rule 26(f) Report, Plaintiff took a conservative approach and assumed her 85,000 followers (as opposed to the full 330,000,000 registered Twitter users) had access to the 12 infringed works and multiplied the number of works by the number of followers and then by the most expensive price she charged for the Photographs, but Plaintiff reserves the right to use expert witness testimony on damages as well as to use different methods of calculations.

## INTERROGATORY NO. 9

Identify any copyright infringement notices or claims You have made in the last six (6) years prior to the filing date of the Complaint Related to any photographs listed for sale on Plaintiff's Website, including but not limited to the Photographs.

## PLAINTIFF'S RESPONSE:

Plaintiff objects to Twitter's definition of the term "Identify" as being overbroad

and to the extent that it seeks information which does not concern events, conditions or matters relating to the alleged actionable conduct underlying this lawsuit.  Subject to and without waiving any general objections, Plaintiff responds as follows: The only infringement notices made in the last six years prior to the filing date of the Complaint were submitted to Twitter.

**INTERROGATORY NO. 10**

State all facts upon which You base the allegation that "Defendant SpyIRL.com used Ms. Morton's copyrighted images containing her nude images" including all information concerning how SpyIRL allegedly obtained those images.

**PLAINTIFF'S RESPONSE**

Subject to and without waiving any general objections, Plaintiff responds that the tweets speak for themselves and Plaintiff has no information regarding how SpyIRL obtained the images or information regarding the identity of SpyIRL because Twitter has deliberately failed to disclose any information about their user in the Rule 26(f) Report and is withholding information about the user in bad faith to leverage a stipulated protective order.

**INTERROGATORY NO. 11**

Describe any other instances that You are aware of Relating to the nonconsensual publication of Your photographs available for sale on Plaintiff's Website.

**PLAINTIFF'S RESPONSE:**

Plaintiff objects on the basis that this interrogatory is vague and unintelligible and is irrelevant in so far as it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any general objections, the only instances of nonconsensual publication of Plaintiff's photographs of aware occurred on Twitter.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All Documents Relating to the registration of the Photographs with the United States Copyright Office.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and outside the scope of discovery in that Plaintiff has already supplied registration documents from the U.S. Copyright Office in the Complaint, that public records are equally accessible to Twitter.  Plaintiff further objects to the extent that the Request calls for privileged information, including information and documents protected by attorney-client privilege.

**REQUEST NO. 2**

All Documents Relating to the sale of the Photographs from Plaintiff's Website, whether individual, in a collection, or in a calendar, including but not limited to, purchase confirmation emails for orders placed through Plaintiff's Website containing at least one Photograph and sales receipts since the Photographs were first published on Plaintiff's Website. This Request includes Documents sufficient to identify the purchasers of the Photographs.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and irrelevant to the claims against Twitter in this case. Twitter has withheld all information related to the identity of SpyIRL.com from Plaintiff, omitting it entirely from its Rule 26(f) disclosures, and Plaintiff is entitled to an adverse inference regarding the identity of SpyIRL.com.

**REQUEST NO. 3**

All Documents Relating to the marketing and promotion of the Photographs, including but not limited to emails, advertisements, marketing campaigns, and promotions.

**RESPONSE:**

Plaintiff objects to this request on grounds that it is not relevant to the issue of infringement, is unduly burdensome, overbroad, vague and unintelligible. Plaintiff also objects on the grounds that this request is premature. Plaintiff will produce business records if and when Twitter admits, or this Court finds, that Twitter is not entitled to immunity under Section 512 of the DMCA as a matter of law.

**REQUEST NO. 4**

All Documents and Communications Relating to the gross revenue and net profit received by Plaintiff on account of sales of Photographs from Plaintiff's Website.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is premature and is related to one particular measure of damages that Plaintiff has not yet elected. Plaintiff further objects to this Request to the extent it references Twitter's Interrogatory No. 5 and incorporates by reference its objections to that interrogatory.

**REQUEST NO. 5**

All Documents Relating to the damage computation associated with the Photographs listed in Plaintiff's Initial Disclosures.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that its use of the phrase "all … associated with" to a particular interrogatory is vague, ambiguous and overbroad. Plaintiff further objects to this Request to the extent it references Twitter's Interrogatory No. 8 and incorporates by reference its objections to that interrogatory.

PLAINTIFF'S RESPONSES TO DEFENDANT
TWITTER'S INTERROGATORIES, SET ONE

15

2:20-CV-10434 *MORTON V. TWITTER*

**REQUEST NO. 6**

All Documents and Communications Relating to agreements or offers, including negotiations made in connection with those agreements or offers, made by Plaintiff in connection with the Photographs, including but not limited to purchase agreements, design agreements, partnership agreements, supply agreements, promotion agreements, marketing agreements, and license agreements.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that its use of the phrase "All … relating to" is vague, ambiguous, unduly burdensome and overbroad, and to the extent that the Request calls for privileged materials. Subject to and without waiving any general or specific objections, Plaintiff responds that she will conduct further investigation to determine if there are any responsive documents.

**REQUEST NO. 7**

All Documents and Communications concerning Your efforts, or the efforts of any third party hired by You, to monitor and report copyright violations on Twitter, including but not limited to all Communications or agreements between You and third parties and invoices or other Documents associated with work performed and costs thereof.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is duplicative of Request No. 8 and calls for material protected by the attorney-client privilege. Subject to and without waiving any general or specific objections, Plaintiff responds that no other Communications exist.

**REQUEST NO. 8**

All Communications with third parties concerning the posting of the Photographs on Twitter.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it is duplicative of Request No. 7 and calls for material protected by the attorney-client privilege. Subject to and without waiving any general or specific objections, Plaintiff responds that no other Communications exist.

**REQUEST NO. 9**

All Communications with Twitter about the Photographs, including but not limited to all copyright notices or complaints.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is unduly burdensome because it calls for documents that are already in the possession and control of Twitter and/or its agents. Subject to, and without waiving any general or specific objections, Plaintiff has already provided documents responsive to this request as Exhibits to the Complaint.

**REQUEST NO. 10**

All copyright infringement claims submitted by You during the six (6) years prior to the filing date of the Complaint Relating to any photographs listed for sale on Plaintiff's Website, including but not limited to the Photographs.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is unduly burdensome because it calls for documents that are already in the possession and control of Twitter and/or its agents. Subject to, and without waiving any general or specific objections, Plaintiff has already provided documents responsive to this request as Exhibits to the Complaint.  Plaintiff further objects to this Request to the extent it references Twitter's Interrogatory No. 9 and incorporates by reference its objections to that interrogatory.

PLAINTIFF'S RESPONSES TO DEFENDANT
TWITTER'S INTERROGATORIES, SET ONE

17

2:20-CV-10434 *MORTON V. TWITTER*

**REQUEST NO. 11**

To the extent not already produced, All Documents described, identified, or used in connection with preparing Your responses to Defendant's First Set of Interrogatories.

**RESPONSE:**

Plaintiff objects to this Request as duplicative, unduly burdensome, overbroad, and to the extent that it calls for privilege information.  Subject to and without waiving any general or specific objection, Plaintiff responds that if she identifies additional responsive documents that are reasonable and proportional, and not privileged or already in the possession of Twitter or attached to the Complaint, she will produce them.


Dated: May 9, 2021                    _____/s/ Jennifer Holliday_____

                                      Jennifer Holliday, Esq.


## **VERIFICATION**


I, GENEVIEVE MORTON, verify that I have read the foregoing and that the answers contained therein are true and correct to the best of my information, knowledge, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2021.              __/s/ Genevieve Morton_____

                                      Genevieve Morton, Plaintiff

**Exhibit F**
**53**

1

## CERTIFICATE OF SERVICE

2

3

4

5

The undersigned, an attorney, hereby certifies that on May 9, 2021, she caused the foregoing **Plaintiff's Responses to Defendant Twitter's First Set of Interrogatories to Genevieve Morton** to be served via electronic mail on the following:

6

7

8

9

10

Brian Willen (pro hac vice)
bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

11

12

13

14

15

16

17

Victor Jih
vjih@wgr.com
Rebecca E. Davis
becca.davis@wsgr.com
Eve Zelinger
ezelinger@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 W. Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

18

19

20

/s/___ Jennifer Holliday_____

Dated: May 9, 2021                    Jennifer Holliday, Esq.

21

22

23

24

25

26

27

28

# EXHIBIT G

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

May 17, 2021

**Via Electronic Mail**

Jennifer Holliday
7190 West Sunset Blvd., #1430
Los Angeles, CA 90046
jhollidayesq@protonmail.com

    **Re:**    *Genevieve Morton v. Twitter, Inc. et al*, Case No. 2:20-CV-10434

Dear Ms. Holliday:

We write in response to Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories ("ROGs") and Requests for Production ("RFPs"). We take issue with many of Plaintiff's objections and purported justifications for failing to produce responsive material. Accordingly, pursuant to Local Civil Rule 37-1, we wish to meet and confer to discuss Plaintiff's responses and objections in the hopes that we can avoid the need for motions practice.

    *First*, a number of Plaintiff's responses (*see* RFPs 1, 2, 4, 5, & 6) assert boilerplate objections but fail to state whether responsive materials are actually being withheld based on those objections. That is improper. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). We need to understand what responsive documents, if any, Plaintiff is refusing to produce in connection with each of these Requests—and on what basis.

    *Second*, Plaintiff generally objects to the Requests "insofar as the six-year time frame is overbroad." Especially given Plaintiff's expansive damages theories, Twitter needs at least some information that goes back to when the photographs at issue were originally created and published to Plaintiff's website, which (as we understand it) occurred as early as 2016. Please clarify whether Plaintiff is actually withholding responsive documents based on this objection so we can consider an alternative date limitation that may be acceptable for certain Requests and/or information.

We also wish to discuss the following specific Requests and responses:

    **RFP No. 1.** This Request seeks documents relating to the registration of the Photographs at issue. Plaintiff suggests that this Request is "overbroad and unduly burdensome and outside the scope of discovery in that Plaintiff has already supplied registration documents" and "that public records are equally accessible to Twitter." But the limited registration documents that Plaintiff has supplied does not fully meet this Request. In particular, the Request includes the deposit copies of the registered Photographs, which Twitter needs to be able to confirm which specific photographs

Exhibit G
56

**WILSON
SONSINI**

Jennifer Holliday
May 17, 2021
Page 2

are at issue and to compare those images with what was allegedly posted by SpyIRL. Twitter does not have equal access to those copies, which can only be obtained from the Copyright Office with the consent of the copyright owner. This Request also includes Plaintiff's communications relating to the registrations, which are not among the materials that Plaintiff has already supplied and are not otherwise available to Twitter. Please confirm that Plaintiff will produce deposit copies of the Photographs (or their equivalent) as well as all non-privileged communications relating to the registration of those Photographs.

**RFP No. 2.** This Request seeks documents relating to the sale of the Photographs on Plaintiff's website. Plaintiff is apparently refusing to provide any responsive materials, objecting that this Request is "irrelevant." That is not a serious objection. Understanding the volume of sales of the Photographs at issue and what money, if any, Plaintiff made from those sales is essential to allow Twitter to understand and respond to Plaintiff's damages calculations. Plaintiff also suggests that she will not produce documents responsive to this Request because Twitter has withheld information related to the identity of SpyIRL.com. This too is inappropriate. For one thing, it is false: Twitter has not withheld any information about the identity of SpyIRL. As we have explained on multiple occasions (including in court at the April 15 scheduling conference), Twitter will produce the limited information it has about SpyIRL in response to a valid legal request, such as a DMCA 512(h) subpoena. To date, however, Plaintiff still has not made any such formal request. In any event, information identifying SpyIRL has no bearing on this RFP and is not a proper basis for Plaintiff to refuse to produce responsive documents. We expect that you will withdraw this objection.

**RFP Nos. 3-4 & ROG Nos. 5-7.** Plaintiff's responses to these Requests are problematic in multiple respects.

*First*, in response to RFP 3 and ROG 5 which seek documents relating to the marketing, promotion, and sales of the Photographs, Plaintiff is currently refusing to provide any responsive material and states: "Plaintiff will provide business records if and when Twitter admits, or this Court finds, that Twitter is not entitled to immunity under Section 512 of the DMCA." Similarly, in response to ROGs 6, Plaintiff states she will provide a response if "liability is admitted" (a condition repeated in connection with ROG 7). This is wholly improper. Parties may not condition their production of discoverable information on admissions of liability. Please confirm that Plaintiff does not actually intend to pursue such an approach.

*Second*, in response to ROGs 5 and 6 (and, by reference, ROG 7 and RFP 4), Plaintiff objects that Twitter has "not stated a compelling interest for the disclosure of this information." There is no "compelling interest" standard in the Federal Rules, and Plaintiff cannot refuse to produce documents based on this objection. *See* Fed. R. Civ. P. 26(b). The information sought by these Requests—the number of sales, revenue, and profits associated with the Photographs and identification of the individuals to whom Plaintiff licensed those Photographs to—is relevant and proportional to the needs of the case. It goes to whether the posting of the images at issue was actually unauthorized and to what actual damages, if any, Plaintiff suffered. Indeed, with the

**Exhibit G**

WILSON
SONSINI

Jennifer Holliday
May 17, 2021
Page 3

information requested by ROG 5, Twitter cannot meaningfully evaluate Plaintiff's purported
damages calculations.

*Third*, in response to RFP No. 4, Plaintiff states that information about gross revenue and
net profit associated with the Photographs "is related to one particular measure of damages that
Plaintiff has not yet elected." That statement is in obvious tension with the damages calculation in
Plaintiff's Initial Disclosures (and her response to ROG 8). Unless Plaintiff is now disclaiming any
effort to premise damages on her supposed lost licensing revenue, we expect that responsive
information will be provided in response to this Request.

*Finally*, in response to ROG 6, Plaintiff responds that she might provide information subject
to a "limited protective order." While we welcome Plaintiff's understanding that a protective order
would be useful, this objection stands in contrast to Plaintiff's repeated refusal to stipulate to (or
even discuss) such an order. In light of this objection, we would like to understand what Plaintiff's
position is on a protective order.

Please let us know when you are available to meet and confer on these issues in the next 10 days. *See*
Local Civ. R. 37-1.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Brian M. Willen