BRIAN M. WILLEN, (*pro hac vice*)
   bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the America, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

VICTOR JIH, SBN 186515
   vjih@wgr.com
EVE A. ZELINGER, SBN 328862
   ezelinger@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-10434-GW-JEMx<br>(Related Case; 2:21-cv-07145-GW-JEMx)<br><br>**DECLARATION OF EVE A. ZELINGER IN SUPPORT OF DEFENDANT TWITTER'S MOTION TO COMPEL FURTHER RESPONSES TO TWITTER'S REQUESTS FOR ADMISSION (SET 1) AND REQUESTS FOR PRODUCTION (SET 3) FROM PLAINTIFF**<br><br>**DISCOVERY MATTER**<br><br>Date: January 11, 2022<br>Time: 10:00 A.M.<br>Crtrm: 640<br><br>Fact Disc. Cut-Off: February 11, 2022<br>Pretrial Conference: June 30, 2022<br>Trial Date: July 12, 2022<br><br>Judge: Honorable John E. McDermott |

I, Eve A. Zelinger, declare as follows:

1. I am an attorney admitted to practice before this Court and am an associate at the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel of record for Defendant Twitter Inc. in the above-captioned action. I have personal knowledge of the matters stated herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. Attached hereto as Exhibit A is a true and correct copy of the Minutes of Telephonic Trial Setting Conference (Dkt. 65), setting out the new case schedule following the Court's consolidation of Morton I (2:20-cv-10434) and Morton II (2:21-CV-07145).

3. Attached hereto as Exhibit B is a true and correct copy of Twitter's First Set of Requests for Admission, which was served on Plaintiff on September 14, 2021.

4. Attached hereto as Exhibit C is a true and correct copy of Twitter's Third Set of Requests for Production, which was also served on Plaintiff on September 14, 2021.

5. Attached hereto as Exhibit D is a true and correct copy of Plaintiff's Objections to Twitter's First Set of Requests for Admission, which Plaintiff untimely served on October 15, 2021, the day after her obligation to do so.

6. Attached hereto as Exhibit E is a true and correct copy of Plaintiff's Responses to Twitter's Third Set of Requests for Production, which Plaintiff untimely served on October 15, 2021, the day after her obligation to do so.

7. Attached hereto as Exhibit F is a true and correct copy of the Court's August 3, 2021 Order (Dkt. 53), granting Twitter's Motion to Compel.

8. Attached as Exhibit G is a true and correct copy of Plaintiff's Supplemental Responses and Objections to Twitter's First Set of Interrogatories and Requests for Production, served on August 13, 2021.

9. Attached as Exhibit H is a true and correct copy of Plaintiff's Supplemental Responses and Objections to Twitter's Second Set of Interrogatories and Requests for Production, served on August 27, 2021.

10. Attached hereto as Exhibit I is a true and correct copy of the Court's September 15, 2021 Order (Dkt. 58), granting Twitter's Motion to Compel.

11. Attached hereto as Exhibit J is a true and correct copy of the November 1, 2021 letter that Twitter served on Plaintiff, identifying the perceived deficiencies in Plaintiff's Responses to both documents. Therein, Twitter requested to meet and confer with Plaintiff within 10 days.

12. Attached as Exhibit K is a true and correct copy of the Complaint filed by Plaintiff on November 13, 2020 (Dkt. 2).

13. Attached as Exhibit L is a true and correct copy of the Complaint filed by Plaintiff on September 3, 2021 in the related action (Dkt. 1).

14. Attached as Exhibit M is a true and correct copy of Plaintiff's November 29, 2021 letter, written in response to Twitter's November 1, 2021 letter about the perceived deficiencies in Plaintiff's Responses.

15. Pursuant to Local Rule 37-1 and prior to filing this motion, the parties were ultimately able to meet and confer on November 29, 2021—almost a month after Twitter requested to meet and confer. At the meet and confer, Ms. Holliday confirmed that she stood by her objections as to why she could not comply with Twitter's Requests, as reflected in her Responses to Twitter's Requests, her November 29, 2021 letter, and those raised for the first time at the meet and confer.

16. Most notably, Plaintiff stood by her unwillingness to produce or participate in discovery until the jurisdictional issues with respect to the newly named defendants (who contest jurisdiction) in Plaintiff's September 3, 2021 filed lawsuit (*see* Exhibit L), are resolved. This was even after, Mr. Willen indicated that per the Court's September 15, 2021 Order, any new objections

raised for the first time at the meet and confer would be waived as untimely. *See* Exhibit I at 2.

17. On December 1, 2021, Twitter shared with Plaintiff's counsel its portion of the stipulation, together with all declarations and exhibits offered in support of its position, as L.R. 37-2.2 requires.

18. On December 8, 2021, Plaintiff's deadline to share her contributions pursuant to L.R. 37-2.2., counsel for Twitter wrote to Plaintiff to inquire when it might expect to receive Plaintiff's portion. Plaintiff did not reply.

19. On December 9, 2021, counsel for Twitter wrote again to Plaintiff to inform her that it would be filing the Joint Stipulation in its current form the following day, if Plaintiff did not share her contributions before then.

20. Plaintiff's counsel failed to respond whatsoever to Twitter's emails and failed to provide her portion of the joint stipulation in a timely manner pursuant to L.R. 37-2.2. Twitter, thereafter, filed the stipulation as it sent to Plaintiff's counsel on December 1, 2021.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on December 10, 2021 in San Francisco, California.

*/s/ Eve A. Zelinger*
Eve A. Zelinger

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

This certifies, pursuant to Local Rule 5-4.3.4, that all signatories to this document concur in its content and have authorized this filing.

By: /s/ *Victor Jih*
Victor Jih