# EXHIBIT B

| | |
|---|---|
| 1 | BRIAN M. WILLEN, (*pro hac vice*) |
| | bwillen@wsgr.com |
| 2 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 3 | 1301 Avenue of the America, 40th Floor |
| | New York, NY 10019-6022 |
| 4 | Telephone: (212) 999-5800 |
| | Facsimile: (212) 999-5899 |
| 5 | |
| | VICTOR JIH, State Bar No. 186515 |
| 6 | vjih@wgr.com |
| | REBECCA E. DAVIS, State Bar No. 322765 |
| 7 | becca.davis@wsgr.com |
| | EVE A. ZELINGER, State Bar No. 328862 |
| 8 | ezelinger@wsgr.com |
| | WILSON SONSINI GOODRICH & ROSATI |
| 9 | Professional Corporation |
| | 633 West Fifth Street, Suite 1550 |
| 10 | Los Angeles, CA 90071-2027 |
| | Telephone: (323) 210-2900 |
| 11 | Facsimile: (866) 974-7329 |
| 12 | Attorneys for Defendant Twitter, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON, an individual, | Case No. 2:20-cv-10434-GW-JEM |
| Plaintiff, | **DEFENDANT TWITTER'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF GENEVIEVE MORTON** |
| v. | |
| TWITTER, INC., a Delaware corporation, et. al, | |
| Defendants. | |

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | TWITTER |
| RESPONDING PARTY: | | GENEVIEVE MORTON |
| SET | | ONE |

PLEASE TAKE NOTICE THAT, pursuant to the Federal Rules of Civil Procedure 34 and the Local Rules of the United States District Court for the Central District of California, Plaintiff Genevieve Morton ("Plaintiff") is requested and required to answer each of the following Requests for Admission (the "Requests") within thirty (30) days of the date of service to the undersigned counsel for Defendant Twitter ("Twitter") via electronic mail.

## DEFINITIONS AND INSTRUCTIONS

1. "ALL" shall be understood to mean every, including each component of a whole.

2. "AND" OR "OR" shall be construed conjunctively OR disjunctively to bring within the scope of these Requests ANY information that might otherwise be construed to be outside their scope.

3. "ANY" shall be understood to include AND encompass ALL.

4. "PERSON" shall refer to both natural persons AND entities, including corporations, proprietorships, partnerships, associations, joint ventures, governmental agencies, AND other entities, AND ANY combination therefor, AND ALL attorneys, agents, representatives, beneficiaries, predecessors in interest, successors, assigns, affiliates, subsidiaries AND related entities.

5. "PHOTOGRAPH" AND "PHOTOGRAPHS" shall refer to ANY OR ALL of the works, individually OR collectively, as specified in Plaintiff's Response to Interrogatory No. 1 in Twitter's First Set of Interrogatories, served April 9, 2021, by the following copyright registration numbers: VA0002210005, VA0002210694, and VA0002211724.

6. "SPYIRL" shall refer to the co-defendant in the current litigation, 2:20-cv-10434-GW-JEM, whose Tweets are the subject of PLAINTIFF's infringement claims.

7. "YOU" AND "YOUR" shall refer to PLAINTIFF, AND shall include, without limitation, ANY other PERSON acting for OR on behalf of PLAINTIFF OR under PLAINTIFF's direction OR control.

8. The use of a verb in ANY tense shall be construed as the use of the verb in ALL other tenses.

9. YOUR written response to this request must comply with Rule 36 of the Federal Rules of Civil Procedure, in that if YOU do not admit each matter, YOU must separately respond under oath to each request within thirty (30) days of the service of this Request by:

    a. Admitting so much of the matter involved in the request as is true, either as expressed in the request itself OR as reasonably AND clearly qualified by the responding party;

    b. By denying so much of the matter involved in the request as is untrue; AND,

    c. Specifying so much of the matter involved in the request as to the truth of which the responding party lacks sufficient information OR knowledge.

10. If YOUR response to a particular request is that YOU lack information or knowledge as a reason for YOUR failure to admit ALL OR part of the request, then YOU shall state in the answer that a reasonable inquiry concerning the matter in the particular request has been made, AND that the information known or readily obtainable is insufficient to enable YOU to admit that matter.

11. If YOUR response to a particular request is that only part of a request is objectionable, the remainder of the request shall be answered.

12. If an objection is made to a request OR to a part of a request, the specific ground for the objection shall be set forth clearly in YOUR response.

## FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the PHOTOGRAPHS were offered to the public for sale on YOUR website, www.genevievemorton.com.

**REQUEST FOR ADMISSION NO. 2:**

Admit that purchasers could view some or all of the PHOTOGRAPHS on YOUR website prior to purchasing the PHOTOGRAPHS, whether through a watermark, a preview image, or otherwise.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the webpage titled "What happens if my account receives multiple copyright complaints?", located at https://help.twitter.com/en/rules-and-policies/copyright-policy#:~:text=If%20multiple%20copyright%20complaints%20are,under%20our%20repeat%20infringer%20policy references the existence of a Twitter policy that provides for the termination of repeat infringers.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the SPYIRL Tweets containing the PHOTOGRAPHS were posted on Twitter on May 19, 2020.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU submitted takedown notices directed at the SPYIRL Tweets on May 19, 2020.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the PHOTOGRAPHS were removed from the SPYIRL Tweets by May 20, 2020.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the SPYIRL Tweets YOU allege to be infringing were posted on Twitter before the PHOTOGRAPHS included in those Tweets were registered with the United States Copyright Office.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no contracts or agreements exist in YOUR possession between YOU and ANY individuals or entities relating to the display or creation of the PHOTOGRAPHS, including "work for hire" or assignment agreements.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU did not take the PHOTOGRAPHS.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the PERSON who took the PHOTOGRAPHS is not YOUR employee.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the PHOTOGRAPHS were commissioned.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the PHOTOGRAPHS were originally intended to be in a collective work.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the PHOTOGRAPHS were not originally intended to be sold individually.

**REQUEST FOR ADMISSION NO. 14:**

Admit no written "works made for hire" agreement was executed with the photographer(s) before the PHOTOGRAPHS were taken.

**REQUEST FOR ADMISSION NO. 15:**

Admit that copies of the PHOTOGRAPHS can be found on websites other than Twitter and www.genevievemorton.com.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU have not sent takedown notices to ANY websites other than Twitter requesting the removal of unauthorized copies of ANY of the PHOTOGRAPHS.

Dated: September 14, 2021

WILSON SONSINI GOODRICH & ROSATI
A Professional Corporation

By: /s/ Brian Willen
    Brian Willen

Attorney for Defendant Twitter, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on September 14, 2021, a copy of the foregoing was served on and sent to counsel of record via email at: Jhollidayesq@protonmail.com

By: <u>*/s/ Rebecca E. Davis*</u>
      Rebecca E. Davis
      Attorney for Defendant Twitter, Inc.