UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10434 GW (JEMx) | Date | January 12, 2022 |
|---|---|---|---|
| Title | Genevieve Morton v. Twitter, Inc. et al. | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT TWITTER'S MOTION TO COMPEL FURTHER RESPONSES TO TWITTER'S REQUESTS FOR ADMISSION (SET 1) AND REQUESTS FOR PRODUCTION (SET 3) FROM PLAINTIFF (Dkt. 89)**

Before the Court is Defendant Twitter, Inc. ("Twitter")'s Motion To Compel Further Responses to Twitter's Requests For Admission (Set 1) And Requests For Production (Set 3) ("Motion") from Plaintiff Genevieve Morton. (Dkt. 89, 89-1.) The Motion was filed on December 10, 2021. (Id.) The Joint Statement filed by Twitter did not include Plaintiff's contribution. (Dkt. 89-1.) Plaintiff, however, did file an Opposition on December 24, 2021. (Dkt. 93.) Twitter filed a Reply on January 4, 2022. (Dkt. 95.) The Court GRANTS the Motion.[1]

In dispute are Twitter's Request for Admissions ("RFA") Nos. 9, 11 and 14 and Request for Production ("RFP") Nos. 19, 20 and 22. Fed. R. Civ. P. Rule 26(b)(1) provides, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information "need not be admissible in evidence to be discoverable." Id.

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacated the January 11, 2022 hearing date. (Dkt. 96.) See F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10434 GW (JEMx) | Date | January 12, 2022 |
|---|---|---|---|
| Title | Genevieve Morton v. Twitter, Inc. et al. | | |

## Consolidation

    Preliminarily, Plaintiff filed a second complaint against Twitter and three affiliates, Magic Pony Technology, Inc., Tweet Deck, Inc. and Twitter International Company, on September 3, 2021. (CV 21-7145, Dkt. 1.) On September 30, 2021, the District Court consolidated the new action with this case, 20-10434, for pretrial purposes. (Dkt. 21, 21-7145.) On October 7, 2021, the District Court in 21-7145 ordered the parties to make all future filings in 20-10434 which will be the lead case and directed the clerk to add the parties and counsel from 21-7145. (Dkt. 23 in 21-7145.)

    Plaintiff contends that discovery is prohibited in advance of a Rule 26 conference based on the addition of new parties and new claims. (Dkt. 93-1, ¶ 10 in 20-10434.) Plaintiff's contention lacks merit for two reasons. First, the District Court dismissed the new parties and new claims without prejudice on January 3, 2022. (Dkt. 33 in 21-7145.) Second, even if Plaintiff were to succeed in amending her complaint, the well settled rule is that consolidation of cases does not result in a merger of the cases. Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1995) ("consolidation . . . does not merge the suits in a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another," citing Johnson v. Manhattan Ry, 289 U.S. 479, 496-97; Garcia v. Capristrano Unified School Dist., 2018 WL 6017009*12 (C.D. Cal.) (same); Brooke v. H.P. Hospitality, LLC, 2017 WL 4586349*6 (C.D. Cal.) (same); see also Fed. R. Civ. P. Rule 42(a).

    Plaintiff offers no case authority to support her contention. Case authority in fact is contrary to her contention. The existence of the 21-7145 action does not stay discovery in 20-10434.

## Requests For Admission

    Twitter moves to compel responses to Request for Admission Nos. 9, 11 and 14. The Court GRANTS the Motion as to these RFAs.

    Preliminarily, Plaintiff argues that Twitter's Motion to Compel is improper because it should have been filed as a Rule 36(a)(6) Motion Regarding Sufficiency of an Answer. (Dkt. 93 at 6-7.) The Court rejects this assertion. Plaintiff cites no case law supporting her contention that a party may only challenge an RFA answer or objection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10434 GW (JEMx) | Date | January 12, 2022 |
|---|---|---|---|
| Title | Genevieve Morton v. Twitter, Inc. et al. | | |

through a motion to determine the sufficiency of an answer or objection under Rule 36(a)(6). That Rule, however, states that the requesting party "may" move to do so, undercutting Plaintiff's assertion that it must do so. Cases in this District, moreover, have granted motions to compel RFA answers pursuant to Rule 37(a)(1). These motions to compel explicitly encompassed Rule 36(a)(6) in <u>Kajeet, Inc. v. Qustodio, LLC</u>, CV 18-1519 (Dkt. 135 at 2-6) (C.D. Cal.); <u>see also</u> <u>Inhale, Inc. v. Starbuzz Tobacco, Inc.</u>, CV 11-3838 (Dkt. 32 at 2) (C.D. Cal.). Twitter's Motion to Compel Responses to its Requests for Admission challenges the sufficiency of Plaintiff's RFA answers and objections, as provided in Rule 36(a)(6). It seeks amended responses as provided in 36(a)(6). (Dkt. 89-1 at 4-8.) Its Motion is not improper or a basis to deny relief.

The Court rules on RFA Nos. 9, 11 and 14 as follows:

<u>RFA No. 9</u>. This RFA asks Plaintiff to admit that she did not take the photographs in issue. The Court overrules Plaintiff's "vague and unintelligible" objection. The Court finds nothing vague or difficult to understand about "take the photographs." Her statement that she is the registered copyright holder is non-responsive. The Court ORDERS Plaintiff to serve an amended answer admitting or denying RFA No. 9 without any further objections **within 10 days of this Order**.

<u>RFA No. 11</u>. This RFA asks Plaintiff to admit that the photographs in issue were commissioned. The Court overrules Plaintiff's "vague and unintelligible" objection. The Court finds nothing vague or hard to understand about "were commissioned." Commissioned is a term of art in copyright law and Plaintiff herself has used the term. (Dkt. 89-1 at 7:1-8.) Her statement that she is the registered copyright holder is non-responsive. The Court ORDERS Plaintiff to serve an amended answer admitting or denying RFA No. 11 without any further objections **within 10 days of this Order**.

<u>RFA No. 14</u>. This RFA asks Plaintiff to admit no written "works made for hire" agreement was executed with the photographer before the photographs were taken. The Court overrules Plaintiff's "irrelevant" objection which is an improper, unexplained boilerplate objection. <u>A. Farber & Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 1999) ("boilerplate objections . . . are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). The Court ORDERS Plaintiff to serve an amended answer admitting or denying RFA No. 14 without any further objections **within 10 days of this Order**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10434 GW (JEMx) | Date | January 12, 2022 |
|---|---|---|---|
| Title | Genevieve Morton v. Twitter, Inc. et al. | | |

## Requests For Production Of Documents

RFP No. 19. Plaintiff's only objection is that the RFP is cumulative and subsequently identical to RFP No. 2 to which Plaintiff has responded. Not so. RFP sought documents related to sale of photographs from Plaintiff's website. RFP No. 19 seeks documents regarding the purchasing or licensing of the photographs and what third party purchasers or licensees were authorized by Plaintiff to do with the photographs. That material is not covered by RFP No. 2. The Court ORDERS Plaintiff to serve an amended response and produce all responsive non-privileged documents within her custody, control or possession **within 10 days of this Order**.

RFP No. 20. The Court overrules Plaintiff's objections which are not supported by any case authority. Plaintiff's knowledge of the appearance of the photographs is relevant and the fact that responsive information may be related to damages is not a valid objection. The Court ORDERS Plaintiff to serve an amended response and produce all responsive non-privileged documents within her custody, control or possession **within 10 days of this Order**.

RFP No. 22. As Mr. Riker took some of the photographs at issue, the Court overrules Plaintiff's relevancy objection. The Court also overrules Plaintiff's improper, generalized boilerplate "burden, harass, annoy and oppress" objection. The Court ORDERS Plaintiff to serve an amended response and produce all responsive non-privileged documents within her custody, control or possession **within 10 days of this Order**.

|  | : |
|---|---|
| Initials of Preparer | slo |