1  BRIAN M. WILLEN, (*pro hac vice*)
       bwillen@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   1301 Avenue of the America, 40th Floor
4  New York, NY 10019-6022
   Telephone: (212) 999-5800
5  Facsimile: (212) 999-5899

6  VICTOR JIH, State Bar No. 186515
       vjih@wgr.com
7  EVE A. ZELINGER, State Bar No. 328862
       ezelinger@wsgr.com
8  WILSON SONSINI GOODRICH & ROSATI
9  Professional Corporation
   633 West Fifth Street, Suite 1550
10 Los Angeles, CA 90071-2027
   Telephone: (323) 210-2900
11 Facsimile: (866) 974-7329

12 Attorneys for Defendant Twitter, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON, an individual, | Case No. 2:20-cv-10434-GW-JEMx (c/w 2:21-cv-07145-GW-JEMx) |
| Plaintiff, | **DECLARATION OF EVE A. ZELINGER IN SUPPORT OF DEFENDANT TWITTER'S MOTION TO COMPEL SANCTIONS** |
| v. | |
| TWITTER, INC., a Delaware corporation, et. al, | |
| Defendants. | Date: March 15, 2022<br>Time: 10:00 A.M.<br>Crtrm: 640 |
| | Fact Disc. Cut-Off: February 11, 2021<br>Pretrial Conference: June 30, 2022<br>Trial Date: July 12, 2022 |
| | Hon. John E. McDermott |

I, Eve A. Zelinger declare as follows:

1. I am an attorney admitted to practice before this Court and am an associate at the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel of record for Defendant Twitter in the above-captioned action. I have personal knowledge of the matters stated herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. Attached hereto as Exhibit 1 is a true and correct copy of the initial case schedule entered in the above-captioned proceeding (ECF No. 35), pursuant to Local Rule 37-2.1.

3. Attached hereto as Exhibit 2 is a true and correct copy of the updated case schedule post-consolidation (ECF No. 65) of *Morton I* (Case No. 2:20-cv-10434) and Plaintiff's second-filed lawsuit, *Morton II* (Case No. 2:21-cv-07145), pursuant to Local Rule 37-2.1.

## TWITTER'S FIRST SET OF DISCOVERY REQUESTS AND PLAINTIFF'S DEFICIENT RESPONSES

4. Attached hereto as Exhibit 3 is a true and correct copy of Twitter's First Set of Interrogatories, served on April 9, 2021.

5. Attached hereto as Exhibit 4 is a true and correct copy of Twitter's First Set of Requests for Production, served on April 9, 2021.

6. Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's May 9, 2021 Responses and Objections to Twitter's First Set of Interrogatories and Requests for Production.

## TWITTER'S FIRST MOTION TO COMPEL

7. Attached hereto as Exhibit 6 is a true and correct copy of Twitter's June 16, 2021 Motion to Compel with respect to Twitter's First Set of Interrogatories and Requests for Production (ECF No. 42), which Twitter was forced to file without Plaintiff's contributions because she refused to provide them.

8. Attached hereto as Exhibit 7 is a true and correct copy of the Zelinger Declaration filed in support of Twitter's June 16, 2021 Motion to Compel with respect to Twitter's First Set of Interrogatories and Requests for Production (ECF No. 42-2), which details Twitter's efforts to meet and confer with Plaintiff prior to filing its June 16, 2021 Motion.

9. In preparing Twitter's June 16, 2021 Motion to Compel, counsel for Twitter incurred $23,168.70 in attorney's fees between June 2, 2021 and July 20, 2021. Attached hereto as Exhibit 8 is a true and correct copy of the billing sheet for those expenses.

## AUGUST 3 ORDER AND PLAINTIFF'S FAILURE TO COMPLY

10. Attached hereto as Exhibit 9 (ECF No. 53) is a true and correct copy of the Court's August 3, 2021 Order granting Twitter's June 16, 2021 Motion to Compel with respect to Twitter's First Set of Interrogatories and Requests for Production, in which the Court ordered Plaintiff to *inter alia* "provide the full information sought by Twitter's" Interrogatory No. 4 and to answer Interrogatory Nos. 5, 6, and to produce documents responsive to Requests for Production Nos. 1, 2, and 4 within 10 days.

11. On August 13, 2021, Plaintiff served incomplete Supplemental Responses and Objections to Twitter's First Set of Discovery Requests. Attached hereto as Exhibit 10 is a true and correct copy of Plaintiff's August 13, 2021 Supplemental Responses to Twitter's First Set of Discovery Requests.

12. On September 17, 2021, the parties met and conferred about Plaintiff's deficient August 13, 2021 Supplemental Responses. In response to issues raised by Twitter, Plaintiff agreed to either specify whether her production was complete or whether she was in possession of responsive information and documents not already produced in accordance with the Court's August 3, 2021 Order. To date, Plaintiff has yet to indicate whether her production was complete or, if not, produce the outstanding Court-ordered discovery.

## TWITTER'S SECOND SET OF DISCOVERY REQUESTS AND PLAINTIFF'S DEFICIENT RESPONSES

13. Attached hereto as Exhibit 11 is a true and correct copy of Twitter's Second Set of Interrogatories, served on May 24, 2021.

14. Attached hereto as Exhibit 12 is a true and correct copy of Twitter's Second Set of Requests for Production, served on May 24, 2021.

15. Attached hereto as Exhibit 13 is a true and correct copy of Plaintiff's deficient June 21, 2021 Responses and Objections to Twitter's Second Set of Interrogatories and Requests for Production.

## TWITTER'S SECOND MOTION TO COMPEL

16. Attached hereto as Exhibit 14 is a true and correct copy of Twitter's August 26 Motion to Compel with respect to its Second Set of Interrogatories and Requests for Production (ECF No. 54).

17. Attached hereto as Exhibit 15 is a true and correct copy of the Zelinger Declaration filed in support of Twitter's August 26 Motion to Compel with respect to its Second Set of Interrogatories and Requests for Production (ECF No. 54-2), which details Twitter's efforts to meet and confer with Plaintiff prior to filing its August 26 Motion.

18. In preparing Twitter's August 26, 2021 Motion to Compel with respect to its Second Set of Interrogatories and Requests for Production, counsel for Twitter incurred $24,617.70 in attorney's fees between July 13, 2021 and September 7, 2021. Attached hereto as Exhibit 16 is a true and correct copy of the billing sheet for those expenses.

19. Attached hereto as Exhibit 17 is a true and correct copy of Plaintiff's August 28, 2021 Supplemental Responses to Twitter's Second Set of Interrogatories and Requests for Production, which Plaintiff served on Twitter before the Court issued its September 15 Order granting Twitter's August 26 Motion to Compel. Plaintiff's Supplemental Responses, however, failed to

1  supplement her answers to certain interrogatories, including Interrogatory 5, and
2  contained boilerplate objections.

### SEPTEMBER 15 ORDER AND PLAINTIFF'S FAILURE TO COMPLY

4  20. Attached hereto as Exhibit 18 (ECF No. 58) is a true and correct copy
5  of the Court's September 15, 2021 Order granting Twitter's August 26, 2021
6  Motion to Compel, in which the Court ordered Plaintiff to supplement her
7  Responses to Interrogatory Nos. 12, 13, and 15 and to produce documents
8  responsive to Request for Production No. 12 within 10 days. Plaintiff has produced
9  no documents in response to this Order nor did she supplement her deficient
10 Supplemental Responses from August 28.

11 21. Twitter inquired multiple times, including by email on September 23,
12 2021 and September 27, 2021, about when it could expect to receive Plaintiff's
13 revised supplemental responses to Twitter's First Set of Discovery Requests and a
14 supplemental response to Twitter's Second Set of Discovery Requests, pursuant to
15 the Court's August 3, 2021 and September 15, 2021 Orders, respectively. Plaintiff
16 never responded to Twitter's questions. Attached hereto as Exhibit 19 is a true and
17 correct copy of a series of emails exchanged between counsel for Twitter and
18 counsel for Plaintiff between September 17, 2021 and September 27, 2021.

### TWITTER'S THIRD SET OF RFPS AND FIRST SET OF RFAS

20 22. On September 14, 2021, Twitter served Plaintiff with its First Set of
21 Requests for Admission. Attached hereto as Exhibit 20 is a true and correct copy of
22 those Requests.

23 23. On September 14, 2021, Twitter served Plaintiff with its Third Set of
24 Requests for Production. Attached hereto as Exhibit 21 is a true and correct copy
25 of those Requests.

### PLAINTIFF'S DEPOSITION

27 24. On October 11, 2021, the parties appeared on the record for Plaintiff's
28 scheduled deposition. Plaintiff, however, refused to proceed because, among other

-5-

1  things, she claimed that the (now-dismissed) Defendants in *Morton II*, had not
2  stipulated to the existing protective order. Plaintiff indicated she would still refuse
3  to proceed even if counsel for Twitter confirmed that the protective order governed
4  the (now-dismissed) Defendants. Attached hereto as Exhibit 22 is a true and
5  correct copy of the transcript containing that exchange. *See* Morton Tr. 20:13-18.

<u>PLAINTIFF'S DEFICIENT RESPONSES TO TWITTER'S THIRD SET OF RFPS AND FIRST SET OF RFAS</u>

8   25.  On October 15, 2021, Plaintiff served her Responses and Objections
9  to Twitter's First Set of Requests for Admission (a day late). Attached hereto as
10 Exhibit 23 is a true and correct copy of her Responses and Objections.
11  26.  On October 15, 2021, Plaintiff served her Responses and Objections
12 to Twitter's Third Set of Requests for Production (a day late). Attached hereto as
13 Exhibit 24 is a true and correct copy of her Responses and Objections.

<u>NOVEMBER 4 ORDER AND PLAINTIFF'S FAILURE TO COMPLY</u>

15  27.  On November 4, 2021, this Court issued an Order requiring Plaintiff
16 to "promptly" reschedule her deposition once the District Court ruled on Twitter's
17 Motion to Dismiss in *Morton II*, and warned Plaintiff's "failure to do so may result
18 in sanctions." (ECF No. 81 at 4). Plaintiff has failed to cooperate in rescheduling
19 her deposition. Attached hereto as Exhibit 25 is a true and correct copy of the
20 Court's November 4, 2021 Order.

<u>OUTSTANDING DISCOVERY IN RESPONSE TO COURT ORDERS</u>

22  28.  On November 29, 2021, counsel for the parties met and conferred and
23 discussed Plaintiff's deficient Responses and Objections to Twitter's First Set of
24 Requests for Admission and Third Set of Requests for Production. The parties also
25 discussed the outstanding discovery Plaintiff owed Twitter in response to the
26 Court's August 3, 2021 Order (Interrogatories 5, 6 and Requests for Production 1,
27 2, 4) and September 15, 2021 Order (Interrogatories 12, 13, 15 and Requests for
28 Production 15). At that conference, Plaintiff requested that Twitter share with her a

1  list of the court-ordered outstanding discovery she had yet to produce. Attached
2  hereto as Exhibit 26 is a true and correct copy of Twitter's December 2 letter to
3  Plaintiff detailing the still-outstanding Court-ordered discovery.

4      29.    After sending the December 2 letter, Twitter repeatedly inquired when
5  it could expect to receive Plaintiff's revised responses to her August 13 and August
6  28 Supplemental Responses and any responsive documents the Court ordered her
7  to produce in its August 3 and September 15 Orders. These inquiries were included
8  in emails sent to Plaintiff on January 11, 2022, January 12, 2022, and January 20,
9  2022. Plaintiff did not supplement her August 13 and August 28 Responses
10 pursuant to the August 3 and September 15 Orders.

11 <u>DEPOSITION SCHEDULING AND MEEET AND CONFER EFFORTS
12 FOR THE INSTANT MOTION</u>

13     30.    In that same email thread, Twitter also specifically asked Plaintiff to
14 meet and confer about the instant Motion to Compel Sanctions and for her
15 availability to schedule her deposition in emails sent on January 11, January 12,
16 January 20, and January 24. Plaintiff never replied to those emails with her
17 availability, and instead offered excuses for her noncompliance. For example,
18 Plaintiff stated that she had already gone to "great trouble and substantial expense"
19 to produce 25 documents in the proceeding, and suggested that "insofar as
20 Defendant has not pleaded any facts with respect to any of its affirmative and other
21 defenses, she was justified in withholding the Court-ordered documents. Attached
22 hereto as Exhibit 27 is a true and correct copy of the relevant correspondence
23 between the parties dated between December 2, 2021 and January 24, 2022.

24 <u>TWITTER'S THIRD MOTION TO COMPEL</u>

25     31.    Attached hereto as Exhibit 28 is a true and correct copy of Twitter's
26 December 10, 2021 Motion to Compel with respect to Twitter's Requests for
27 Admission (Set 1) and Requests for Production (Set 3) (ECF No. 89-1).
28

32. Attached hereto as Exhibit 29 is a true and correct copy of the Zelinger Declaration filed in support of Twitter's December 10, 2021 Motion to Compel with respect to Twitter's Requests for Admission (Set 1) and Requests for Production (Set 3) (ECF No. 89-2), which details Twitter's efforts to meet and confer with Plaintiff regarding her deficient discovery prior to Twitter filing its December 10 Motion.

33. In preparing Twitter's December 10, 2021 Motion to Compel with respect to Twitter's Requests for Admission (Set 1) and Requests for Production (Set 3), counsel for Twitter incurred $22,782.15 in attorney's fees between November 1, 2021 and January 4, 2022. Attached hereto as Exhibit 30 is a true and correct copy of the billing sheet for those expenses.

## JANUARY 12 ORDER AND PLAINTIFF'S FAILURE TO COMPLY

34. Attached hereto as Exhibit 31 is a true and correct copy of the Court's January 12, 2022 Order granting Twitter's December 10, 2021 Motion to Compel with respect to Twitter's Requests for Admission (Set 1) and Requests for Production (Set 3) (ECF No. 97), in which the Court ordered Plaintiff, within 10 days, to serve an amended answer without any further objections to *inter alia* RFA No. 14 and to serve an amended response and produce all responsive non-privileged documents in response to RFP Nos. 19, 20, and 22.

35. In response to the Court's January 12 Order, Plaintiff supplemented her responses to Twitter's Requests for Admission (Set 1) and Requests for Production (Set 3). However, Plaintiff did not produce any documents and failed to produce a privilege log despite expressly stating in her responses and objections, "[p]laintiff to provide a log" and intimating that responsive documents were being withheld on the basis of privilege. Attached hereto as Exhibit 32 is a true and correct copy of the Plaintiff's January 22, 2022 Supplemental Responses.

36. After ignoring all *four* of Twitter's previous efforts to seek Plaintiff's availability to sit for her deposition, Twitter served Plaintiff with an Amended

1  Deposition Notice via email on January 26, 2022. Attached hereto as Exhibit 33 is
2  a true and correct copy of Twitter's Amended Deposition Notice for February 10.
3       37.    On January 28, 2022, Plaintiff responded to Twitter's deposition
4  notice by email, stating "[i]n light of the surge of Covid-19 cases in Los Angeles, I
5  have been attempting to determine the best path forward." Attached hereto as
6  Exhibit 34 is a true and correct copy of that email correspondence.
7       38.    Plaintiff has yet to fully comply with any of the Court's Orders issued
8  on August 3, 2021, September 15, 2021, November 4, 2021, and January 12,
9  2022.

## THE INSTANT MOTION

11      39.    In preparing the instant Motion to Compel Sanctions, filed
12  concurrently herewith, counsel for Twitter incurred $57,958.20 in attorney's fees
13  between January 11, 2022 and January 30, 2022. Attached hereto as Exhibit 35 is a
14  true and correct copy of the billing sheet for those expenses.
15      40.    The attorneys from Wilson Sonsini Goodrich & Rosati representing
16  Twitter in connection with this proceeding have between three and twenty-six
17  years of legal experience and their billing rates, as charged, range from $590 to
18  $1360 an hour. These rates are consistent with the market and comparable rates
19  have been deemed reasonable by courts in this district. *See Masimo Corp. v. Tyco*
20  *Health Care Grp., L.P.,* No. CV 02-4770 MRP (AJWx) 2007 U.S. Dist. LEXIS
21  101987, at *19 (C.D. Cal. Nov. 5, 2007) (finding attorney's rates ranging from
22  $390 to $1,002.96 in Los Angeles as reasonable over ten years before this action
23  was filed).
24      41.    As indicated above, prior to filing this Motion, and in compliance
25  with Local Rule 37-1, counsel for Twitter attempted to meet and confer with
26  Plaintiff's counsel to resolve the dispute between the parties and reached out to her
27  by email on January 11, January 12, January 20, and January 24 (*see* Exhibit 27).
28

However, these efforts were futile and Plaintiff never responded with her availability to meet and confer.

42. On February 3, 2022, Twitter emailed Plaintiff's counsel Twitter's portion of the Joint Stipulation, along with all the attached exhibits, and informed her that, per this Court's Local Rules, she would need to provide her portion of the Joint Stipulation by February 10. Attached hereto as Exhibit 36 is a true and correct copy of that email exchange.

43. The parties exchanged several emails about the Joint Stipulation process but Plaintiff failed to provide her portion of the Joint Stipulation. Attached hereto as Exhibit 37 is a true and correct copy of that email thread. Accordingly, with more than 7 days having passed since Twitter provided its portion of the Joint Stipulation, Twitter now files the accompanying Motion seeking the relief requested therein, pursuant to Local Rules 37-2.4(a) and 37-2.4(b).

I declare under the penalty of perjury that the foregoing is true and correct. Executed on February 11, 2022 in San Francisco, California.

WILSON SONSINI GOODRICH & ROSATI
A Professional Corporation

By: _____
Eve A. Zelinger