# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-10434-GW-JEMx | Date | February 24, 2022 |
| Title | *Genevieve Morton v. Twitter, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS:** IN CHAMBERS - RULING ON PLAINTIFF'S EX PARTE APPLICATION TO STRIKE MOTION FOR SANCTIONS [112]

Attached hereto is the Court's Ruling on Plaintiff's Ex Parte Application [112].

:

Initials of Preparer   JG

<u>*Genevieve Morton v. Twitter, Inc. et al*</u>; Case No. 2:20-cv-10434-GW-(JEMx)
Ruling on Plaintiff's Ex-Parte Application to Strike Motion for Sanctions

      Plaintiff has again filed a distracting and unnecessary motion instead of filing a substantive Opposition to one of Twitter's motions. *See* Plaintiff's Ex Parte Application to Strike Defendant's Motion for Sanctions ("Mot."), ECF No. 112. Previously, the Court admonished Plaintiff for similarly capitalizing on a procedural snafu in order to file a motion for default judgment instead of a substantive opposition to Twitter's motion to dismiss and causing delay. *See generally Genevieve Morton v. Twitter, Inc. et al.*, Case No. 2:21-cv-07145-GW-(JEMx), ECF No. 28. Here, Plaintiff asserts that Twitter's Motion for Sanctions needs to be stricken because Twitter failed to comply with Local Rule 37-1, which requires the parties to meet and confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. *See* Mot. at 2-3. Twitter, however, asserts that it made repeated efforts, on January 11, 12, 20, and 24, to meet and confer that were repeatedly ignored by Plaintiff. Twitter then attempted to comply with the written stipulation provisions of Local Rule 37-2 but were similarly ignored. *See* Twitter's Opposition to Plaintiff's Ex Parte Application to Strike ("Opp.") at 4-5, ECF No. 115; Declaration of Eve A. Zelinger in Support of Twitter's Opposition ("Zelinger Decl.") ¶¶ 1-8, ECF No. 115-1.

      Plaintiff is ordered to come prepared to discuss why she ignored Twitter's multiple requests to meet and confer and instead filed the instant Ex Parte Application to Strike. Furthermore, Plaintiff must come prepared to justify why she brought the application to strike as an ex parte application. Plaintiff premises her entire Application to Strike on Twitter's failure to comply with Local Rule 37, yet Plaintiff does not even try to comply with Local Rule 37 nor offers a justification for proceeding ex parte. The Court cannot help but view Plaintiff's tactics as dilatory gamesmanship and another instance of misconduct for Twitter to include in their motion for sanctions. Plaintiff must come prepared to offer a reasonable explanation for her actions. Unsurprisingly, the Court also denies Plaintiff's motion to strike. In addition to the issues discussed above, Plaintiff cannot move to strike a motion under Rule 12(f), only a pleading. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."); *Dadon v. Stabile*, No. 19- CV-00107-JFW-(AGRx), 2019 WL 3293065, at *4 (C.D. Cal. June 17, 2019) ("Rule

12(f) applies only to pleadings, and a motion is not a pleading. Thus, a motion may not be stricken under Rule 12(f)." (internal citations omitted)). Plaintiff should thus come prepared to discuss when she will be prepared to file a substantive Opposition to Defendant's motion for sanctions, so that the hearing date for the motion for sanctions can be rescheduled, if necessary.