1  BRIAN M. WILLEN, (*pro hac vice*)
       bwillen@wsgr.com
2  JEREMY P. AUSTER (*pro hac vice*)
       jauster@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
4  Professional Corporation
   1301 Avenue of the America, 40th Floor
5  New York, NY 10019-6022
   Telephone: (212) 999-5800
6  Facsimile: (212) 999-5899

7  VICTOR JIH, SBN 186515
       vjih@wgr.com
8  EVE A. ZELINGER, SBN 328862
       ezelinger@wsgr.com
9  WILSON SONSINI GOODRICH & ROSATI
10 Professional Corporation
   633 West Fifth Street, Suite 1550
11 Los Angeles, CA  90071-2027
   Telephone: (323) 210-2900
12 Facsimile: (866) 974-7329

13 *Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. et al.,<br><br>Defendants. | Case No. 2:20-cv-10434-GW(KSx)<br>(c/w 2:21-cv-07145-GW(KSx))<br><br>**TWITTER'S RESPONSE TO PLAINTIFF'S [PROPOSED] MEDIATOR LIST**<br><br>Honorable George H. Wu |

| | |
|---|---|
| 1 | Twitter submits this response to Plaintiff's Proposed Mediator List (ECF No. 177). Plaintiff suggests that Twitter should supplement its Corporate Party Disclosure Statement and Notice of Interested Parties under Fed. R. Civ. P. 7.1 or L.R. 7.1-1. But Twitter's Statement is compliant, and there is no need to amend it. |

Twitter submits this response to Plaintiff's Proposed Mediator List (ECF No. 177). Plaintiff suggests that Twitter should supplement its Corporate Party Disclosure Statement and Notice of Interested Parties under Fed. R. Civ. P. 7.1 or L.R. 7.1-1. But Twitter's Statement is compliant, and there is no need to amend it.

Federal Rule of Civil Procedure 7.1(a) requires nongovernmental parties to file a disclosure statement that "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock" or "states that there is no such corporation." Twitter accurately represented in its Statement that "[n]o publicly traded company holds more than 10% of Twitter's stock." *Morton II*, ECF No. 20. That remains true. On April 8, 2022, The Vanguard Group disclosed its acquisition of more than a 10% share of Twitter's stock (*see* SEC Schedule 13G/A SEC Filing),[1] but Vanguard is not a publicly traded company. As of this date, no publicly traded company holds more than 10% of Twitter's stock.

Local Rule 7.1-1 requires nongovernmental parties to file a Notice of Interested Parties, "which must list all persons, associations of persons, firms, partnerships, and corporations (including parent corporations, clearly identified as such) that may have a pecuniary interest in the outcome of the case." L.R. 7.1-1. Twitter's Statement stated that it was not aware of any parties with a pecuniary interest in the outcome of this case, other than those participating in the case. That too remains true. Twitter does not believe that Vanguard (or any of Twitter's other individual or corporate shareholders) has any pecuniary interest in the outcome of this case.[2]

---

[1] https://fintel.io/doc/sec/1418091/000110465922044262/tv0013-twitterinc.htm

[2] Twitter notes that Plaintiff testified at her deposition that Derek Riker will receive 25% of any damages she is awarded in this case, yet Plaintiff has failed to disclose Mr. Riker's obvious pecuniary interest in this case in any L.R. 7.1 statement. *See* ECF Nos. 6, 147, 164.

| | |
|---|---|
| 1 | Nevertheless, Twitter has no objection to selecting a mediator who does not |
| 2 | invest with Vanguard. To that end, Twitter's Proposed Mediator List offered |
| 3 | Magistrate Judges Sagar, Early, and LaMothe. Plaintiff has raised no objection to |
| 4 | any of those judges. |

Respectfully submitted,

Dated: June 15, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Brian M. Willen*
          Brian M. Willen

*Attorney for Defendant Twitter, Inc*