1  BRIAN M. WILLEN, (*pro hac vice*)
      bwillen@wsgr.com
2  JEREMY P. AUSTER (*pro hac vice*)
      jauster@wsgr.com
3  WILSON SONSINI GOODRICH &
   ROSATI
4  Professional Corporation
   1301 Avenue of the America, 40th Floor
5  New York, NY 10019-6022
   Telephone: (212) 999-5800
6  Facsimile: (212) 999-5899

7  VICTOR JIH, SBN 186515
      vjih@wgr.com
8  EVE A. ZELINGER, SBN 328862
      ezelinger@wsgr.com
9  WILSON SONSINI GOODRICH &
   ROSATI
10 Professional Corporation
   633 West Fifth Street, Suite 1550
11 Los Angeles, CA 90071-2027
   Telephone: (323) 210-2900
12 Facsimile: (866) 974-7329

13 *Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON,<br><br>    Plaintiff,<br><br>  v.<br><br>TWITTER, INC. et al.,<br><br>    Defendants. | Case No. 2:20-cv-10434-GW(KSx)<br>(c/w 2:21-cv-07145-GW(KSx))<br><br>**TWITTER'S MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR CONTEMPT**<br><br>Date: August 22, 2022<br>Time: 8:30 AM<br>Crtrm: 9D<br>Judge: Hon. George H. Wu |

**TABLE OF CONTENTS**

                                                             **Page**

I. INTRODUCTION ............................................................................................. 1

II. BACKGROUND .............................................................................................. 1

    A. Plaintiff's Discovery Obstruction ......................................................... 1

III. PLAINTIFF AND MS. HOLLIDAY SHOULD BE HELD IN CONTEMPT FOR DISOBEYING THE ORDER ............................................ 4

    A. Plaintiff and Ms. Holliday Violated the Order ..................................... 4

    B. Plaintiff and Ms. Holliday Have No Defense for Their Violation of the Order ........................................................................................... 5

    C. Plaintiff and Ms. Holliday Cannot Establish That Their Violation is Based on a Good Faith and Reasonable Interpretation of the Order .................................................................................................... 5

    D. Plaintiff and Ms. Holliday Cannot Collaterally Attack the Order to Excuse Their Noncompliance ........................................................... 7

IV. PLAINTIFF AND MS. HOLLIDAY SHOULD BE FURTHER SANCTIONED ............................................................................................... 10

V. CONCLUSION ............................................................................................... 12

-i-

TWITTER'S MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR CONTEMPT
CASE NO. 2:20-cv-10434-GW(KSx) (c/w 2:21-cv-07145-GW(KSx))

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aecom Energy & Constr., Inc. v. Ripley*,
No. 2:17-cv-05398-RSWL-SS, 2018 U.S. Dist. LEXIS 79412
(C.D. Cal. May 10, 2018) ................................................................................ 11, 12

*CFTC v. Fin. Tree*,
No. 2:20-cv-01184-TLN-AC, 2021 U.S. Dist. LEXIS 34762
(E.D. Cal. Feb. 24, 2021) ........................................................................................ 5

*In re Establishment Inspection of Hern Iron Works*,
881 F.2d 722 (9th Cir. 1989) ................................................................................... 8

*Facebook, Inc. v. Power Ventures, Inc.*,
No. 08-CV-05780-LHK, 2017 U.S. Dist. LEXIS 125541
(N.D. Cal. Aug. 8, 2017) ...................................................................................... 11

*FTC v. Affordable Media, LLC*,
179 F.3d 1228 (9th Cir. 1999) ................................................................................. 4

*Hook v. Arizona*,
907 F. Supp. 1326 (D. Ariz. 1995) ......................................................................... 7

*Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*,
774 F.3d 935 (9th Cir. 2014) ................................................................................ 12

*Livewirecyber, Inc. v. Lee*,
No. 2:17-cv-00645-AB, 2019 U.S. Dist. LEXIS 171449
(C.D. Cal. June 11, 2019) ..................................................................................... 10

*Perry v. O'Donnell*,
759 F.2d 702 (9th Cir. 1985) ........................................................................... 11, 12

*RG Abrams Ins. v. Abrams*,
No. 2:21-cv-00194-FLA (MAAx), 2021 U.S. Dist. LEXIS 216815
(C.D. Cal. Nov. 9, 2021) ....................................................................................... 11

*Stone v. City & Cnty. of S.F.*,
968 F.2d 850 (9th Cir. 1992) ................................................................................... 5

-ii-

TWITTER'S MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR CONTEMPT
CASE NO. 2:20-cv-10434-GW(KSx) (c/w 2:21-cv-07145-GW(KSx))

*United States v. Ayres*,
  166 F.3d 991 (9th Cir. 1999) .................................................................................. 12

*United States v. Bright*,
  596 F.3d 683 (9th Cir. 2010) .................................................................................... 5

*United States v. Bright*,
  No. 07-00311 ACK-KSC, 2009 U.S. Dist. LEXIS 15915
  (D. Haw. Feb. 27, 2009) ........................................................................................... 5

*United States v. Gov't of Guam*,
  No. 02-00022, 2009 U.S. Dist. LEXIS 129281
  (D. Guam Mar. 20, 2009) ......................................................................................... 7

*Weiss v. Espresso Roma Corp.*,
  No. 19-cv-00112-HSG, 2020 U.S. Dist. LEXIS 162512
  (N.D. Cal. Sept. 4, 2020) .......................................................................................... 4

**Statutes**

17 U.S.C. § 410 ................................................................................................................ 2

28 U.S.C. § 455 ................................................................................................................ 9

Fed. R. Civ. P. 37 ................................................................................................. 1, 11, 12

Fed. R. Civ. P. 72 .......................................................................................................... 3, 8

Fed. R. Civ. P. 7.1(a) ..................................................................................................... 8, 9

Local Rule 5-4.4 .............................................................................................................. 3

Local Rule 7.1-1 ............................................................................................................ 8, 9

-iii-

TWITTER'S MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR CONTEMPT
CASE NO. 2:20-cv-10434-GW(KSx) (c/w 2:21-cv-07145-GW(KSx))

## I. INTRODUCTION

On April 4, 2022, Magistrate Judge McDermott issued an Order (the "Order") requiring Plaintiff and her attorney, Ms. Holliday, to pay Twitter $112,531.43 in monetary sanctions. ECF No. 129. Judge McDermott ordered them to split that amount equally and remit payment within 30 days (by May 4). *Id.* at 2. Plaintiff and Ms. Holliday have disobeyed that Order. They have not paid Twitter and have made clear that they have no intention of doing so. Instead, they have attempted to justify their defiance by arguing that the Order is not final, binding, or valid. These excuses are baseless and do not relieve Plaintiff and Ms. Holliday of their obligation to comply with a Court order.

Twitter respectfully requests that this Court hold Plaintiff and Ms. Holliday in contempt of court for their open defiance of Judge McDermott's Order. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) ("treating as contempt of court the failure to obey"). They should also be ordered, *again*, to pay Twitter $112,531.43, and the Court should issue per diem fines until they comply. Twitter further requests that the Court impose additional monetary sanctions for the fees and costs Twitter was forced to incur in bringing this Motion. Plaintiff and Ms. Holliday have unfortunately made a habit of disobeying Court orders. They should be held accountable.

## II. BACKGROUND

### A. Plaintiff's Discovery Obstruction

Plaintiff's obstruction of discovery in this proceeding is well documented. Twitter spent months seeking basic discovery related to Plaintiff's damages and her purported copyright ownership and registration of the photographs at issue in this case. ECF No. 153-1 at 6-8. Plaintiff asserted baseless objections to Twitter's discovery requests and refused to produce responsive documents and information. Twitter was thus forced to move to compel. *Id.* at 7. Magistrate Judge McDermott issued three discovery orders granting Twitter's motions and directing Plaintiff to

produce improperly withheld documents and discovery responses (ECF No. 53 at 5; ECF No. 58 at 2-3; ECF No. 97 at 3-4), and a fourth directing her to cooperate in scheduling her deposition or face sanctions. *See* ECF No. 81. Plaintiff violated each of those orders. ECF No. 125 at 3. She refused to produce Court-ordered documents and information and repeatedly obstructed Twitter's attempts to depose her. *Id.* at 4. As a result, Twitter filed a Motion for Sanctions on February 11, 2022. ECF No. 109-1 (the "Sanctions Motion").

On March 17, Judge McDermott issued an order granting the Sanctions Motion in part. ECF No. 125 (the "Sanctions Order") at 7-8. In addition to recommending other evidentiary sanctions, Judge McDermott ordered Plaintiff and Ms. Holliday to pay Twitter's fees and costs related to: (i) portions of Twitter's Sanctions Motion (*id.* at 2, 4-5), (ii) portions of Twitter's reply in support of its Sanctions Motion (*id.* at 7), and (iii) Plaintiff's refusal to cooperate in scheduling her deposition. *Id.* Judge McDermott ordered that these fees "be split equally between Plaintiff and her counsel" and "paid within 30 days," and directed Twitter to "submit a revised fee request" setting forth the amounts owed. *Id.*[1]

---

[1] Judge McDermott also recommended that Plaintiff be precluded from relying, for any purpose whatsoever, on the statutory presumption of ownership that may arise from copyright registration under 17 U.S.C. § 410. Judge Wu issued an Order adopting that recommendation on March 22, 2022. ECF No. 127. The Sanctions Order also afforded Plaintiff one last chance to produce, within seven days, her purported ownership agreement(s) (and all communications) with the photographer, Derek Riker, all copyright registration-related documents, and all withheld damages-related information. ECF No. 125 at 3. If Plaintiff failed to comply, Judge McDermott expressly stated that he would recommend additional evidentiary preclusions sanctions. *Id.* at 4. Plaintiff did not produce a single document subsequent to the Sanctions Order. ECF No. 153-1 at 8. As requested by Judge McDermott, Twitter therefore submitted a Proposed Report and Recommendation setting forth the additional evidentiary preclusion sanctions expressly contemplated by the Sanctions Order. ECF No. 136. That proposal remains pending before this Court.

On March 28, 2022, Twitter filed its revised fee request seeking $128,732.63 in fees and costs. ECF No. 128-8. Specifically, Twitter sought $52,644.60 for its Sanctions Motion, $49,199.40 for its reply in support of that motion, $22,052.70 for its October 25, 2021 motion to compel plaintiff's deposition, and $4,835.93 for expenses related to Plaintiff's February 10, 2022 deposition (which she did not attend) and March 16, 2022 deposition (which she prematurely terminated). *Id.* Twitter's fee request was accompanied by a proposed order, as required by Local Rule 5-4.4. ECF No. 128-8.

On April 4, 2022, Judge McDermott issued the Order granting Twitter's revised fee request and directed Plaintiff and her attorney to pay Twitter $112,531.43 within 30 days. ECF No. 129. Though Twitter had requested $49,199.40 for its reply brief, Judge McDermott noted that this discrete portion of Twitter's request was "excessive" and therefore reduced the awarded amount to $32,998.20 (or by approximately 33%). *Id.* The April 4 Order was a final, signed order of the Court. Plaintiff made no effort to challenge the Magistrate Judge's Order under Fed. R. Civ. P. 72, and the 14 days that the Rule provides for doing so has long passed.

While the monetary payments ordered by Judge McDermott were due on May 4, 2022, neither Plaintiff nor her counsel have paid any of the money required by the Order. *See* Declaration of Eve A. Zelinger ("Zelinger Decl.") ¶ 2. Instead, they have repeatedly made clear that they have no intent to obey the Order, offering a variety of flimsy excuses for their contempt, including that the Order is not final because the word "[Proposed]" appears in its footer, that Judge McDermott did not actually intend to grant Twitter's fee request given that the Order includes the word "excessive," and that the Order was invalid because Judge McDermott was "disqualified" from presiding over discovery. *Id.* ¶ 6.

On April 19, 2022, Magistrate Judge McDermott recused himself from this litigation. His recusal was apparently prompted by the public disclosure—in an April

8, 2022 SEC filing—that Vanguard, a privately held mutual fund provider, had acquired a larger stake (more than 10%) of Twitter, Inc.'s stock. ECF No. 148. Judge McDermott explained in his April 19 recusal notice that "I just learned yesterday for the first time that mutual funds in which I have a financial interest own shares in Twitter, Inc." *Id.*

On April 26, 2022, Magistrate Judge Stevenson was appointed as the new magistrate judge presiding over discovery in this case. ECF No. 149. On June 7, 2022, Magistrate Judge Stevenson held a pre-motion conference on Twitter's request to file this motion for contempt. Zelinger Decl. ¶ 3. Judge Stevenson explained that because fact discovery had closed, Twitter's motion would have to be filed with this Court. *Id.*

### III. Plaintiff and Ms. Holliday Should Be Held in Contempt for Disobeying the Order

#### A. Plaintiff and Ms. Holliday Violated the Order

Plaintiff and Ms. Holliday should be held in contempt for violating Judge McDermott's April 4 Order. A party shall be held in civil contempt where they disobey a "specific and definite court order by fail[ing] to take all reasonable steps within [their] power to comply." *Weiss v. Espresso Roma Corp.*, No. 19-cv-00112-HSG, 2020 U.S. Dist. LEXIS 162512, at *4 (N.D. Cal. Sept. 4, 2020). "The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted).

There is no doubt that Plaintiff and her attorney violated a "specific and definite order of the court." *Id.* (citation omitted). The Order is captioned "Order Granting Twitter's Revised Fee Request," is signed by Magistrate Judge McDermott, and unambiguously orders Plaintiff and Ms. Holliday to pay $112,531.43 in monetary

sanctions within 30 days (by May 4). ECF No. 129 at 1-2.[2] They have *still* not paid Twitter any money and are therefore in contempt.

### B. Plaintiff and Ms. Holliday Have No Defense for Their Violation of the Order

There are only two recognized defenses to civil contempt: (1) substantial compliance with a court's order and (2) inability to comply. *See CFTC v. Fin. Tree*, No. 2:20-cv-01184-TLN-AC, 2021 U.S. Dist. LEXIS 34762, at *7 (E.D. Cal. Feb. 24, 2021). Plaintiff and Ms. Holliday cannot establish either defense. They have not complied with the Order at all, let alone substantially. Nor have they established (or even argued) that they are unable to comply. *See Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (once the moving party has established that an order was violated, the burden "shifts to the contemnors to demonstrate why they were unable to comply."); *United States v. Bright*, No. 07-00311 ACK-KSC, 2009 U.S. Dist. LEXIS 15915, at *11-13 (D. Haw. Feb. 27, 2009) (contemnor must show "'categorically and in detail' why he is unable to comply." (citations omitted)). Instead, as discussed below, Plaintiff and Ms. Holliday have attempted to justify their defiance by proffering a facially absurd interpretation of the Order and lodging an impermissible collateral attack against the Order. But neither of these efforts have any merit, much less excuse their contempt.

### C. Plaintiff and Ms. Holliday Cannot Establish That Their Violation is Based on a Good Faith and Reasonable Interpretation of the Order

In some instances, courts may decline to order contempt sanctions where the violation of a court order is "based on a good faith and reasonable interpretation of the [Court's] order." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). There is no reasonable confusion: the Order could hardly be clearer in what it requires—

---

[2] Magistrate Judge Stevenson also recognized the enforceability of the Order in the parties' June 7 Telephonic Conference before the Court. *See* Zelinger Decl. ¶ 4.

-5-

payment in the amount of $112,531.43, within 30 days, to be split equally between Ms. Morton and her counsel. Instead, Plaintiff and Ms. Holliday have offered patently *unreasonable* interpretations of the Order in an effort to justify their disobedience of it. These excuses only underscore the need for a finding of contempt.

First, Plaintiff has repeatedly claimed that the Order is not final given its inclusion of the term "[Proposed]" in the footer. *See* Zelinger Decl. ¶ 6 & Exs. 2-5. This interpretation is absurd. There is no question that the Order is final: it is captioned "Order Granting Twitter's Revised Fee Request," it expressly states that the Court "finds good cause shown for granting Twitter's revised fee request," it is signed by Judge McDermott, and the docket text accompanying the Order explicitly restates its directives, including that "Plaintiff and her counsel must pay Twitter's attorneys' fees and costs in the amount[]" of $112,531.43 "[w]ithin 30 days." ECF No. 129. It seems clear that the word "[Proposed]" appears in the footer because the Court failed to remove that term when it converted Twitter's *Proposed* order into Judge McDermott's *actual* order. But a stray word in the footer does not remotely make a signed Court order anything other than an enforceable order or allow a party to simply ignore it. That Plaintiff and her counsel have seized on the Order's footer only reveals that they will apparently say anything—no matter how spurious—to justify their misconduct.

Second, Plaintiff has claimed that the use of the term "excessive" in the Order suggests that Judge McDermott did not intend to grant Twitter's revised fee request, and that Plaintiff and Ms. Holliday somehow lacked sufficient notice of the amount they were required to pay. *See* Zelinger Decl. ¶ 6 & Exs. 1-5. This interpretation is equally groundless. Judge McDermott awarded Twitter $16,201.20 less than requested for its reply brief because he viewed that discrete part of Twitter's request as "excessive." The Order clearly reflects this adjustment and leaves no doubt about the final amount that Plaintiff and her counsel were ordered to pay ($112,531.43).

ECF No. 129. There is nothing unclear about the amount owed or when it was due.[3] These utterly baseless interpretations of the Order offer no basis for allowing Plaintiff and Ms. Holliday to escape the Court-imposed consequences of their discovery misconduct.

### D. Plaintiff and Ms. Holliday Cannot Collaterally Attack the Order to Excuse Their Noncompliance

Finally, Plaintiff and Ms. Holliday have justified their contempt by lodging an impermissible collateral attack of the Order. First, they claim the Order is invalid—and that they can therefore freely disregard it—because Magistrate Judge McDermott had a pecuniary interest in the case and was therefore "disqualified" from presiding over discovery. *See* Zelinger Decl. ¶ 6 & Ex. 1, 5. They also claim that Twitter somehow procured the March 17 Sanctions Order and the subsequent April 4 Order by misrepresenting to the Court that Plaintiff and Ms. Holliday did not comply with Judge McDermott's earlier orders compelling discovery. *Id.* ¶ 6 & Ex. 4.

As an initial matter, these kind of collateral attacks are not a proper defense against contempt and cannot excuse Plaintiff and her counsel's noncompliance with a court order. The law in the Ninth Circuit is clear: a contemnor cannot collaterally attack an order or its validity as a defense of their contempt. *See, e.g.*, *Hook v. Arizona*, 907 F. Supp. 1326, 1338 (D. Ariz. 1995) ("a party in contempt cannot collaterally attack the underlying order in a contempt proceeding."); *United States v. Gov't of Guam*, No. 02-00022, 2009 U.S. Dist. LEXIS 129281, at *16 (D. Guam Mar. 20, 2009) (same). This rule "stems from the widely held belief that a smoothly functioning judicial process may be jeopardized if parties are able to determine for

---

[3] Plaintiff and Ms. Holliday waited until *after* payment was due to even raise these baseless objections. *See* Zelinger Decl. ¶ 5. And they never sought clarification from the Court about any supposed confusion about what the Order required or its status as a final Order. *Id.*

themselves when and how to obey court orders." *In re Establishment Inspection of Hern Iron Works*, 881 F.2d 722, 726 (9th Cir. 1989). "The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.'"[4] *Establishment Inspection*, 881 F.2d at 726 (citations omitted).

That is all the more so here, as Plaintiff and Ms. Holliday had a readily available vehicle to challenge any of Magistrate Judge McDermott's orders: if they believed those orders were erroneous or contrary to law, they could have filed objections under Fed. R. Civ. P. 72(a). But that rule comes with an important proviso: "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Plaintiff and her counsel filed no objections to any of Judge McDermott's orders—not the orders granting Twitter's motions to compel; not the March 17 Sanctions Order granting Twitter's Sanction Motion; not the April 4 Fees Order. Having failed to timely object to those orders, it is simply too late for Plaintiff and her counsel to seek to "assign as error" any supposed defects in those orders—and they certainly cannot do so to justify their blatant disobedience of them.

But even if Plaintiff were allowed to attack the validity of the Magistrate Judge's Order in a contempt proceeding, and even if she had not already waived her ability to do so under Rule 72, her attacks are meritless. First, Magistrate Judge McDermott does not have (and has never had) any "pecuniary interest" in this case, and Twitter properly disclosed all interested parties at the outset of this case, as required by Federal Rule of Civil Procedure 7.1(a) and Local Rule 7.1-1. Twitter represented in its Rule 7.1 Disclosure Statement and Notice of Interested Parties that "[n]o publicly traded company holds more than 10% of Twitter's stock" and that

---

[4] It is undisputed that this Court has subject matter and personal jurisdiction over this case.

Twitter was not aware of any parties with a pecuniary interest in the outcome of this case, other than those participating in the case. ECF No. 20. That is all that Federal Rule of Civil Procedure 7.1(a) and Local Rule 7.1-1 require. *See* Fed. R. Civ. P. 7.1(a); L.R. 7.1-1. And those statements remain true to this day. The only thing that changed after Twitter filed its Disclosure Statement was that, on April 8, 2022, The Vanguard Group, a private mutual fund provider, disclosed its acquisition of a more than 10% share of Twitter's stock in an SEC filing.[5] But Vanguard is not a publicly traded company, so Twitter had no obligation to disclose that information under Fed. R. Civ. P. 7.1. Nor did Vanguard's position mean that it somehow had a "pecuniary interest" in the outcome of this litigation. We are aware of no authority suggesting that corporate litigants have an obligation under Local Rule 7.1 to disclose every one of their shareholders, or private entities that own more than a certain percentage of their common stock.

Vanguard's announcement also does not retroactively undermine Judge McDermott's discovery orders. Judge McDermott voluntarily recused himself, out of an abundance of caution, on April 18, 2022, shortly after learning of Vanguard's April 8 announcement. ECF No. 148. But that does not mean that Judge McDermott had a pecuniary interest in this case—not after April 8 and certainly not before it. He did not.[6] Nor does the recusal bear on the validity of Judge McDermott's orders in this

---

[5] https://fintel.io/doc/sec/1418091/000110465922044262/tv0013-twitterinc.htm.

[6] We are aware of no law that suggests that investing in a mutual fund whose operator is a shareholder in a corporate party creates a conflict of interest that requires disqualification. *Cf.* 28 U.S.C. § 455(b)(4) (explaining that "[o]wnership in a mutual or common investment fund that holds securities ***is not a 'financial interest' in such securities*** unless the judge participates in the management of the fund." *Id.* § 455(d)(4)(i) (emphasis added). Indeed, even if a judge discovers "after substantial judicial time has been devoted to the matter" that he or she does have a financial interest in a party, "disqualification is not required" if the judge "divests himself or herself of the interest that provides the grounds for the disqualification." *Id.* § 455(f).
(continued...)

1  case, all of which predated Vanguard's disclosure and thus were made before there
2  was any basis for suggesting that he might recuse himself. In short, there is no basis
3  for invalidating any order that Judge McDermott issued in this case, or for Plaintiff's
4  apparent belief that she can now openly disregard them.

5  Equally baseless is Plaintiff's claim that Twitter procured Judge McDermott's
6  March 17 Sanctions Order and April 4 Fees Order by falsely representing to the Court
7  that Plaintiff had not complied with Judge McDermott's earlier orders compelling
8  discovery. Plaintiff's noncompliance with those orders has been extensively litigated
9  and well established. Indeed, Plaintiff had every opportunity in her opposition to
10 Twitter's Sanctions Motion to argue that she had produced Court-ordered documents
11 and discovery responses or to explain why her failure to do so was justified. She did
12 not even attempt to make either showing. As Judge McDermott explained in his
13 Sanctions Order, at the time Twitter filed its Sanctions Motion "Plaintiff had not
14 complied with" three court orders compelling discovery, and "Plaintiff's Opposition
15 does not address these Orders" or even "include a single word . . . about the . . .
16 orders." Sanctions Order at 3, 5; *id.* at 2-6 (describing Plaintiff's violations). Nor did
17 "Plaintiff . . . even attempt to demonstrate 'substantial justification' or 'other
18 circumstances'" that would excuse her violations. *Id.* at 4-5. Judge McDermott
19 correctly found Plaintiff's arguments wanting and imposed sanctions. Plaintiff never
20 objected to the Sanctions Order and she cannot now relitigate the merits of that Order
21 to avoid the consequences of her deliberate defiance of it.

22 **IV.   Plaintiff and Ms. Holliday Should Be Further Sanctioned**

23 Plaintiff and Ms. Holliday should be held in contempt for their open defiance
24 of Judge McDermott's Order. *Livewirecyber, Inc. v. Lee*, No. 2:17-cv-00645-AB
25 (ASx), 2019 U.S. Dist. LEXIS 171449, at *4 (C.D. Cal. June 11, 2019) (granting

---

That provision confirms that retroactive invalidation of earlier rulings issued even by a financially interested judge is not required. It certainly would not be required here.

1 contempt motion and awarding fee sanctions for defendant's failure to comply with
2 discovery orders). This Court should also order them, *again*, to pay Twitter
3 $112,531.43. And it should impose additional monetary sanctions for their contempt.
4      Where a court finds a party in contempt, the court has discretion to impose
5 sanctions, including per diem fines, compensatory damages, and reasonable
6 attorneys' fees and expenses. *See Aecom Energy & Constr., Inc. v. Ripley*, No. 2:17-
7 cv-05398-RSWL-SS, 2018 U.S. Dist. LEXIS 79412, at *13 (C.D. Cal. May 10, 2018);
8 *Perry v. O'Donnell*, 759 F.2d 702, 704-06 (9th Cir. 1985) (affirming award of
9 attorneys' fees and costs). Plaintiff and Ms. Holliday should be ordered to pay per
10 diem fines, in an amount the Court deems appropriate, until they comply with the
11 Order. Per diem fines imposed "for each day a contemnor fails to comply with an
12 affirmative court order" are generally intended to coerce compliance. *United States v.*
13 *Ayres*, 166 F.3d 991, 995 (9th Cir. 1999). Such fines are warranted here because
14 Plaintiff and Ms. Holliday have made clear that absent Court intervention they will
15 simply continue to disregard Judge McDermott's Order. *See RG Abrams Ins. v.*
16 *Abrams*, No. 2:21-cv-00194-FLA (MAAx), 2021 U.S. Dist. LEXIS 216815, at *33
17 (C.D. Cal. Nov. 9, 2021) (ordering $100 daily fine until defendants complied with
18 order requiring payment of fee sanctions); *Facebook, Inc. v. Power Ventures, Inc.*,
19 No. 08-CV-05780-LHK, 2017 U.S. Dist. LEXIS 125541, at *48 (N.D. Cal. Aug. 8,
20 2017) (ordering $100 daily fine where party failed to pay Court-ordered fee
21 sanctions).
22      Twitter is also entitled to recover its attorneys' fees and costs incurred in
23 bringing this Motion. Federal Rule of Civil Procedure 37(b)(2)(C) states that where a
24 party fails to obey a Court Order, "the court ***must*** order the disobedient party, the
25 attorney advising that party, or both to pay the reasonable expenses, including
26 attorney's fees, caused by the failure, unless the failure was substantially justified or
27
28

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). (emphasis added).

For the reasons stated above, there is no substantial justification for Plaintiff and Ms. Holliday's refusal to comply with the Court's Order. Nor are there any other circumstances that would make an award of expenses unjust. Plaintiff and Ms. Holliday have knowingly and demonstrably violated a specific and definite court order, and there is no defense or excuse that justifies their contempt. Twitter is therefore entitled to the expenses it was forced to incur in bringing this Motion. *See Perry*, 759 F.2d at 705 (the "cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order."); *Aecom*, 2018 U.S. Dist. LEXIS 79412, at *13 (awarding attorney's fees for costs incurred in bringing contempt motion); *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014) (same).

## V.   CONCLUSION

For the foregoing reasons, Twitter respectfully requests that this Court (i) hold Plaintiff and Ms. Holliday in contempt for violating the Order, (ii) order them to immediately pay Twitter the overdue $112,531.43, (iii) issue per diem sanctions against Plaintiff and Ms. Holliday until they comply with the Order, (iv) award Twitter its costs and fees incurred in connection with this Motion, and (v) order any other relief this Court deems proper.

Dated: July 25, 2022                Respectfully submitted,

                                    WILSON SONSINI GOODRICH & ROSATI


                                    By: /s/ ____*Brian M. Willen*____
                                            Brian M. Willen

                                    *Attorney for Defendant Twitter, Inc.*

-12-