JENNIFER HOLLIDAY, ESQ. (SBN 261343)
    jhollidayesq@protonmail.com
1901 Ave. of the Stars, 2nd Floor
Los Angeles, California 90067
dir. (805) 622-0225

*Attorney for Plaintiff Genevieve Morton*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

|  |  |
|---|---|
| GENEVIEVE MORTON, an individual,<br>                    Plaintiff<br><br>    v.<br><br>TWITTER, INC., a Delaware Corporation; et. al.; Does 1-100,<br><br>            Defendants.<br><br><br>(Consolidated with 2:21-cv-07145) | No.  2:20-CV-10434 (GW-KSx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT TWITTER, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br><br>**HON. GEORGE H. WU** |

PLAINTIFF GENEVIEVE MORTON respectfully opposes Defendant Twitter, Inc.'s for Summary Judgment.  Under Federal Rule of Civil Procedure 56, Summary judgment shall be granted only if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56  Defendant Twitter, Inc. has failed to make such a showing and instead has shown that it disputes a material fact in this case: Ms. Morton's claim of ownership of the copyrights is at issue.  Twitter also challenges standing

under *Lujan*, and therefore Morton must prove merely that there exists sufficient admissible evidence for a reasonable fact finder to conclude that Ms. Morton is the owner of the copyrights.  Ms. Morton can make such a showing based on the record. Twitter is therefore not entitled to summary judgment.

## POINTS AND AUTHORITIES IN OPPOSITION TO TWITTER'S MOTION FOR SUMMARY JUDGMENT

### TABLE OF CONTENTS:

**INTRODUCTION**
**ARGUMENT: TWITTER RAISES A GENUINE FACTUAL DISPUTE RE: OWNERSHIP**
I.      Morton has Article III Standing
II.     Twitter's Motion Presents a Genuine Factual Dispute: Ownership
**CONCLUSION**

### TABLE OF AUTHORITIES:

#### STATUTES

17 U.S.C. § 101

17 U.S.C. § 102(b)

17 U.S.C. § 410

17 U.S.C. § 411(c)

#### FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 56

#### CASES

*Cmty. for Creative Non-Violence v. Reid,*
        490 U.S. 730 (1989)

*Fourth Estate Publ. Benefit Corp. v. Wall-Street.com, LLC*,
        586 U.S. ____ (2019)

*Goodyear Tire and Rubber Co. v. Haeger*,
        581 U.S. ___ (2017)

*Lujan v. Defenders of Wildlife,*

   504 U.S. 555, 560-561 (1992)

*Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.,*

   142 S. Ct. 941 (2022)

## **FACTUAL BACKGROUND**

Plaintiff is the rightful copyright holder of the works at issue in this case, and ample evidence exists on the record for Plaintiff to carry her burden to show both standing and ownership of valid copyrights.  Plaintiff therefore opposes Twitter's Motion for Summary Judgment, and there are material facts in dispute and Twitter is not entitled to summary judgment as a matter of law.  Twitter has therefore failed to carry its burden under Federal Rule of Civil Procedure 56. Twitter's argument, in essence, is that Plaintiff is unable to prove her *prima facie* case - if the Court is deprived of all evidence, which would be true of any case ever brought before the Court.  Based on discovery sanctions issued by the disqualified Magistrate Judge, Twitter successfully convinced the Court to strip Ms. Morton of key evidence: *prima facie* evidence of validity of her Copyright Registration Certificates.[1] However, despite Twitter's best efforts to deprive Ms. Morton of her statutory rights under federal law, there is still ample evidence on the record that demonstrates Morton's ownership, and therefore a factual dispute exists between the parties which can be resolved in Morton's favor with admissible evidence.  For example, Morton verified ownership of the copyright in a sworn affidavit that

---

[1] Twitter violated Rule 37 in filing its seven-hundred page Motion to Compel Sanctions on the fact cutoff date, February 11, 2022.  Plaintiff focused her opposition to the motion on its procedural incorrectness and the fraudulent nature of Twitter's billing by an attorney who was working on the case who had not applied nor been been admitted *pro hac vice*  to the Court. Substantively, Plaintiff did not have an opportunity to present the evidence that she *had* complied with all discovery orders.  The Court even noted that Plaintiff had claimed she had produced all non-privileged documents within her custody and control.

predates the sanctions. [ECF 67-1]  Ms. Morton included one of the three Certificates of Registration in this affidavit. [*Id.*] Morton included evidence of her registration with the Complaint.

Twitter has previously used filings to create a false record when Plaintiff does not contradict every detail.[2]  To be clear, Ms. Morton disputes every fact stated in Twitter's procedurally improper motion and any failure to address a specific fact does not constitute a waiver.

As Defendant's motion concludes by claiming this court does not have jurisdiction over the subject matter of this case, the analysis should begin by resolving this foundational issue.  Secondly, even absent her statutory right to safe harbor, Ms. Morton has a substantial amount of evidence to prove she is the rightful owner of the copyrights at issue, and thirdly, Defendant Twitter is not entitled to Summary Judgment as a matter of law because Morton is entitled to safe harbor under *Unicolors* and the Copyright Act.

Defendant Twitter obtained sanctions in bad faith to deprive Ms. Morton of the statutory right of safe harbor afforded to registrants under 17 U.S.C. 411(c) in express violation of *Unicolors*, a case that was being decided when Twitter's motion was pending in early 2022.  Moreover, the sanction violates the Supreme Court's unanimous holding in *Goodyear* in that it is not causally related to the alleged misconduct:  Ms. Morton provided Twitter and this Court with evidence of her registration from the onset of the litigation as required under 17 U.S.C. 411(a). See also *Fourth Estate Publ. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. _____

---

[2] For example, although neither Twitter nor Ms. Morton ever alleged that Mr. Riker was the photographer, Twitter snuck this fact into a reply to a discovery motion, prompting the now-recused magistrate judge to issue discovery orders involving Mr. Riker, thereby causing the very confusion regarding authorship that Twitter attributes to misconduct Ms. Morton.  Twitter has been successful at violating Federal and Local Rules at every stage in this litigation, and all of the procedural issues in this case stem from Twitter's failure to simply admit or deny over one hundred allegations in violation of Rule 8 and its failure to plead any facts to support any of its defenses.

MORTON V. TWITTER, INC.
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

(2019), another case Defendant Twitter failed to include in its Motion that is controlling, mandatory authority and adverse to its position.

Even if Ms. Morton is deprived of her statutory right to safe harbor in violation of the Copyright Act as well as the combined effects of *Goodyear*, *Unicolors,* and *Fourth Estate*, Twitter is not entitled to summary judgment. As of 2019, copyright registration is necessary to bring an action in federal court, but a claimant who is *denied* registration is also entitled to bring suit.

Registration therefore does not automatically equal standing, nor is it the only factor to consider in whether a purported author has a valid copyright. The correct standard is **whether there exists sufficient evidence for a reasonable factfinder to conclude that a valid copyright exists.** Even absent the copyright certificate, plenty of evidence exists in this case on the record: DMCA reports, deposition transcripts, other litigation, related cases in which Ms. Morton requested the Clerk to issue DMCA Subpoenas to Twitter, Inc. and Twitter *complied* without objection or any attempt to quash (one as recently as July 1, 2022 while the Motion for Summary Judgment was pending). The photographer Ms. Morton hired, Mr. Riker, acknowledges Morton is the rightful owner. If there is a mistake in the registration, Mr. Riker can be added as a joint author if the parties simply supplement the registration. Lastly, there is an *absence* of admissible evidence that there is any other claimant: Twitter has published Ms. Morton's DMCA Notices on a publicly accessible database, and no one came forward with a competing claim.

Moreover, Twitter consistently overlooks that Ms. Morton sued user @SpyIRL for defamation on a *fourth* Tweet, and this, too, is evidence of ownership: @SpyIRL (the user who was operating an illegal pornography site) falsely claimed she "copyrighted" [@SpyIRL's] work – in a Tweet shortly after Morton reported the copyright infringement to Twitter. Twitter clearly never investigated it because it moved to dismiss all the "non copyright" claims under Section 230 as the first order of business, and now it falsely claims in its Motion for

5

1   Summary Judgment that this case is based on *three* Tweets.  That is another
2   disputed fact.  That fourth Tweet is admissible evidence of ownership.

3    Rather than simply investigate the allegations and admit or deny them,
4   Defendant Twitter misapprehended this case due to its own willful blindness of the
5   larger picture.  Ms. Morton created a *calendar* - a work-for-hire.  In furtherance of
6   that project, she employed a photographer to create some of the elements that she
7   selected and arranged for that copyrighted calendar.  Morton owns the works that
8   appeared in the calendar.  Some of the photos infringed by and on Twitter *were in*
9   *the calendar, but some were not.*  Twitter attempts to make this seem like there are
10  conflicting facts, but this is entirely disingenuous.  Ms. Morton claims *some* of the
11  copyrights based on work-for-hire as commissioned works because they appeared
12  in a *calendar*, some are claimed based on the fact that she employed a photographer
13  to take photographs for that calendar but were not ultimately part of the calendar
14  nor first published in it. This is plainly articulated in the Complaint.  This is also
15  why there are *three separate* Certificates of Registration for what Twitter falsely
16  contends in its Motion repeatedly as *one* photoshoot.  Twitter either feigns
17  ignorance and confusion or deliberately attempts to confuse the Court.

18   Twitter appears to be very frustrated by what they continuously deem
19  "conflicting" facts of ownership.  In truth, there are no conflicting facts of
    ownership.  The issue all along is that Twitter's counsel failed to conduct a
20  reasonable investigation, and this is evident from their representation that there are
21  only three Tweets at issue in this lawsuit.  There were four Tweets at issue in the
    initial Complaint and more Tweets referenced in the Complaint filed in the second
22  action.  Regardless, Twitter is not entitled to summary judgment.  The Motion must
    be denied.

23

24

25

26       **POINTS AND AUTHORITIES AND ARGUMENT**

27  I.  PLAINTIFF HAS STANDING

28

6

1   Almost two years into the litigation for a straightforward copyright infringement

2   case, Twitter, Inc. suddenly suggests that this Court never had jurisdiction over the

3   subject matter.  While this is not *per se* improper under *Lujan*, there is a more

4   expedient procedural option to challenge jurisdiction under Federal Rule of Civil

5   Procedure 12(b)(1) which could have been raised when Twitter, Inc. sought

6   dismissal of the state law claims under Section 230 of the Communications

7   Decency Act, (and well before it sought six-figure attorney fee sanctions against

8   Ms. Morton, a model, based on spurious claims of discovery misconduct plainly

9   contradicted by the record).  See *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-

10  561 (1992).  On summary judgment, if a defendant chooses to challenge standing

11  by means of a summary judgment motion under Rule 56 of the Federal Rules of

12  Civil Procedure, **a court will simply require the plaintiff to produce enough**

13  **evidence to enable a reasonable fact finder to find that she has standing, and a**

14  **court will construe all evidence in the Plaintiff's favor.**  See e.g. *Lujan*, 504 U.S.

15  at 561.

16      a.  Article III Standing

17      The Article III case-or-controversy requirement is one of the most important

18  limitations on federal court's jurisdiction as it "prevents the unelected judiciary

19  from exercising executive or legislative powers, the exclusive province of the

20  politically accountable branches of government, and restricts federal courts to their

21  traditional adjudicatory role, limiting them to actual cases or controversies." [3]   In

22  our constitutional democracy, then, the judiciary may make law only as an incident

23  to the resolution of live disputes. *Id.* Accordingly the Court has required any

24  plaintiff seeking an Article III federal forum to demonstrate standing by satisfying

25

26  [3] Redish, Martin H., Louis and Harriet Ancel Professor of Law and Public Policy, Northwestern University School of Law; Joshi, Sopan. "Litigating Article III Standing: a Proposed Solution to the Serious (but Unrecognized)

27  Separation of Powers Problem" Univ. of Penn L. Rev., Vol. 162, 1373.

28

MORTON V. TWITTER, INC.
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

three criteria: (1) a concrete injury in fact, (2) that is fairly traceable to the defendant's conduct, and (3) that can be redressed by a favorable decision.  (See e.g. *Sierra Club v. Morton*, 405 U.S. 727, 738-40 (1972)).

Here, the Supreme Court has cleared the path for courts and copyright holders with a bright-line rule: as of 2019, it clarified that 17 U.S.C. § 411(a) requires that a copyright claimant <u>may only commence an infringement suit when the Copyright Office registers a copyright.</u>  *Fourth Estate Publ. Benefit Corp. v. Wall-Street.com, L.L.C.* 586 U.S.____ (2019). Therefore, as the Court articulated, "[A]n owners rights exists apart from registration, see § 408(a), registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."  *Id*.   A crucial point is made that Twitter overlooks entirely: "[W]here the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and the registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights." *Id.*  In this way, the Supreme Court explains that registration may be *denied* and a copyright holder may still have standing to bring a lawsuit.  The Certificates of Registration do not make or break standing; instead, Plaintiff is simply incentivized for registering her works by enjoying the safe harbor of registration afforded by 17 U.S.C. 411(c).  Twitter, Inc. sought to deprived Ms. Morton of the statutory safe harbor, a sanction that the Magistrate Judge should not have recommended prior to his recusal.  Plaintiff renews her objection to the sanction as an abuse of discretion, particularly as the Supreme Court reaffirmed in *Unicolors* the Copyright registrant's right to safe harbor. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.,* 142 S. Ct. 941 (2022).  The Court in *Unicolors* reaffirmed the proper statutory scheme for a situation in which the validity of a copyright is properly challenged. *See id.*  In its brief, Defendant Twitter omitted *Unicolors,* mandatory, controlling authority that directly contradicts its position, and the Supreme Court ruled on this

8

case while Defendant's Motion to Compel Sanctions was pending.  Plaintiff filed a Notice of Supplemental Authority, affording Defendant Twitter the opportunity to correct the record, but it did not.

Plaintiff is entitled to safe harbor, and this is reversible error.  If Twitter wants to challenge validity of the Certificates of Registration, there is a statutory scheme in which to do so.  However, in depriving Ms. Morton of her right to safe harbor, a right protected under federal law, Twitter asked this Court to commit an abuse of discretion as the discovery sanction bore no relationship to the alleged misconduct (not to mention the fact that the alleged misconduct was false).  See *Goodyear Tire & Rubber Co. v. Haeger* 137 S.Ct. 1178 (discovery sanctions must be causally tied to the alleged misconduct and otherwise comport with due process).

Moreover, Defendant simply cannot have it both ways: either the Court has jurisdiction or it does not.  It cannot have jurisdiction for purposes of discovery orders and sanctions, but then use the very same sanctions and discovery orders destroy jurisdiction.  Acknowledging that this Court has jurisdiction over the Subject Matter, Twitter: a) depends on the orders of this Court precluding Ms. Morton from relying on her Certificates of Registration; and b) filed a Motion for Contempt on July 25, 2022, two months after asserting that this Court lacks subject matter jurisdiction.  If this Court lacks jurisdiction, then it *never* had jurisdiction over any of the claims in this action, and all of its orders are *void.*

    b.  <u>Plaintiff can produce enough evidence that a reasonable fact finder could find that she has standing</u>

### **THE FACTUAL DISPUTE:**

- Plaintiff Morton takes the position that she owns the copyrights.
- Twitter takes the contrary position that Ms. Morton does not own the copyrights.

The factual dispute presented by Twitter is over whether Mr. Riker or Ms. Morton is the author of the works under the Copyright Act.   If Mr. Riker is the

9

author, there is a mistake in the registration that should be corrected with supplemental registration.  If he is *not* the author, Ms. Morton is the author and the Certificates of Registration are correct.  It is possible that *both* Ms. Morton and Mr. Riker are joint authors, but in any event, Twitter is not entitled to summary judgment.

     c.  <u>Defendant Twitter creates a circular argument</u>

If Defendant genuinely believes this Court does not have jurisdiction over the subject matter, it *never* had jurisdiction over the subject matter and its orders – both for monetary and evidentiary sanctions – as well as the dismissal of the causes of action under Section 230 of the Communications Decency Act  – would be void. See e.g. *Milliken v. Meyer*, 311 U.S. 457 (1940).  However, this would mean Twitter improperly filed a Motion for Contempt asking the Court to *enforce* a purported order of monetary sanctions *while it is asserting that this Court lacks standing to hear the case*.  This posture indicates Twitter, Inc. misapprehends the nature of Article III standing, and indeed, Twitter did not cite to any authority for this position.

Twitter has certainly done its best to deprive Ms. Morton of her right of safe harbor, but it has not deprived her of all evidence to carry her burden. Moreover, the argument is inherently circular:  If Ms. Morton did not have standing to bring the suit, this Court did not have jurisdiction over the subject matter when it issued the sanction that deprives her of jurisdiction.  See e.g. *Milliken*. If the evidentiary sanctions are void, Ms. Morton's copyright certificates were never deemed inadmissible.  If Ms. Morton's certificates were never deemed inadmissible, she can rely on the statutory presumption of ownership, she is the rightful owner of the copyrights, and as such, the Court has jurisdiction over the subject matter.  It is a circular, senseless, endless loop, and it is simply a bad faith attempt to deprive Ms. Morton of an important property right.

## II.     Twitter's Motion Presents a Genuine Factual Dispute: Ownership

Federal law is clear, and it is even more unequivocal following the Supreme Court's ruling in *Unicolors* this past Spring:  if a copyright claimant registers her work within five years of creation, she is entitled to safe harbor provisions of 410(c).  In bad faith, Twitter, Inc. successfully sought evidentiary sanctions to circumvent federal law and the plenary authority of the Copyright Office, perverting the entire process to evade liability for: 1) its willful, direct copyright infringement by using artificially intelligent algorithm that crops images in a sexist and racist manner; and 2) profiting off of advertisements for subscriptions child sexual exploitation materials and illegal voyeur video.

Twitter's bad faith strategy was actually predicted in oral argument before the Supreme Court in November 2021 during the pendency of this litigation. See *Unicolors,* 142 S. Ct. at 941.  At oral argument, attorney Mr. Rosenkrantz correctly warned the Court that absent relief: "It will be a sport for infringers to try to find legal errors or any other sorts of errors in copyright applications, especially *willful infringers who have no other defense.*"  See www.Oyez.org/cases/2021/20-915 at 1:16:36.  Twitter, a willful infringer facing liability for thousands of copies of Ms. Morton's work in connection with profiting from advertisements to illegal pornography sites, has predictably attempted to find a legal error in Ms. Morton's registration and use it as a basis to claim that Morton's ownership facts were "conflicting."  *Unicolors* foreclosed this possibility, reminding the Courts that the Copyright Office has plenary authority and that Congress has devised a statutory scheme under 17 U.S.C. § 411(c): registration is mandatory to maintain an action, and a claimant is entitled to the "legal advantages" of safe harbor of 17 U.S.C. 410(b).  In the event of conflicting facts, the Court simply submits facts to the Copyright Office to determine whether the Copyright Office would have refused to

MORTON V. TWITTER, INC.
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

register the works.  A registrant may supplement her registration in the event of a good faith mistake.  See *Unicolors*, 142 S. Ct. 941.

The strength and power of registration is not lost on Twitter, Inc., who, instead of seeking to actually resolve a good faith discovery dispute, sought to strip Ms. Morton of her rights protected under federal law.  Before Magistrate Judge McDermott recused himself for his disqualifying financial conflicts with Twitter's largest shareholders, he granted certain requests for sanctions including discovery orders that are ultimately not contemplated by the Copyright Act.  Moroever, Twitter misrepresented Ms. Morton's discovery conduct, claiming she defied *five* court orders.  This is contradicted by the record, including Twitter's Motion for Summary Judgment included some of the very documents Twitter claimed Ms. Morton did not produce.  Twitter is not entitled to judgment as a matter of law as it has presented to the Court a jumbled, procedurally improper Motion that sets forth a fact dispute: ownership.  The Motion must be denied.

## III.    Under Any Reading of the Motion, Twitter Cannot Prevail

Ms. Morton must show the Court that there exists sufficient admissible evidence for a reasonable fact finder to conclude she owns the copyrights. In addition to the aforementioned evidence, Ms. Morton has recently identified an interview published on November 17, 2016 where Ms. Morton discusses creating the calendar and hiring Mr. Riker to shoot the photographs.  The interview appears at a *Sports Illustrated* official website https://swimsuit.si.com/swimnews/genevieve-morton-naked-calendar-breast-cancer-charity and Plaintiff explains how and why she created the calendar and how contributions were made to support prostate and breast health.   In addition to this judicially-noticeable interview, Plaintiff also timely provided documents and other evidence in response to discovery requests that include:

- original Certificates of Registration from the U.S. Copyright Office

- sales reports showing Ms. Morton sold the calendars, digital collections, posters, and fine art prints
- fine art grade photographic prints
- revenue reports and sales graphs
- A Rule 26(f) Report from February 2021 identifying witnesses who can testify about the calendar and the images.
- DMCA Subpoenas on *additional* infringement that has been noticed on the record in this case, and Twitter responded to the subpoenas, acknowledging the infringement
- Ms. Morton's sworn affidavit submitted with the Motion for Temporary Injunction

## REQUESTS FOR ADMISSION

Plaintiff served Requests for Admission on December 1, 2021, and Twitter did not timely serve a written answer or objection to the matter prior to the close of discovery or to the award of evidentiary sanctions. Per Rule 36, these are deemed admitted. See Fed. R. Civ. P. 36(a)(3). These admissions contradict Twitter's representations of the facts.

## CONCLUSION

For the foregoing reasons, Twitter's Motion for Summary Judgment should be denied.

AUGUST 15, 2022                                 Respectfully submitted,

                                                _/s/_____
                                                JENNIFER HOLLIDAY
                                                ATTORNEY FOR PLAINTIFF

MORTON V. TWITTER, INC.
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT