JENNIFER HOLLIDAY SBN 261343
jhollidayesq@protonmail.com
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
Telephone: (805) 622-0225

*Attorney for Plaintiff Genevieve Morton*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENEVIEVE MORTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation, et. al,<br><br>Defendants. | CASE NO. 2:21-CV-07145(GW-KSx)<br><br>**PLAINTIFF'S MOTION FOR RELIEF OF ORDERS, FED. R. CIV. P. 60(B)**<br><br>DATE: April 3, 2023<br>TIME:  8:30 AM<br>COURTROOM:  9D<br>**THE HONORABLE GEORGE WU** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE

NOTICE THAT on April 3, 2023 at 8:30 AM, or as soon thereafter as the matter

may be heard at the United States District Court, Central District of California, First

Street Courthouse, 350 W. 1st Street, Suite 4311, Los Angeles, California 90012-

4565 in Department 9D, Plaintiff GENEVIEVE MORTON ("Plaintiff") will, and

hereby does, Petition this Court to reconsider orders (a) precluding Morton from relying on the statutory presumption of ownership of her copyright in this action; and (b) granting attorney's fees exceeding $112,000 in bringing a Motion to Compel Sanctions granted by the former Magistrate Judge; and (c) any further orders the Court may reconsider in its discretion.  The Orders, issued less than a year ago, reflect a mistake of law and a misapplication of Federal Rule of Civil Procedure 37, an abuse of discretion.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Jennifer Holliday and exhibits thereto, the Proposed Order, the pleadings and papers filed herein, and on such further matters as the Court may consider at the hearing on this matter.  This motion is made under Federal Rule of Civil Procedure 60(b) on grounds of factual and legal mistake stemming, in part, from Defendant Twitter's request that the Court to proceed in a manner contrary to statutory authority.

This motion is made following the conference of counsel pursuant to L.R. 7-3 conducted on February 14, 2023.

Respectfully submitted,

DATE:  March 3, 2023                                     /s/ *JENNIFER HOLLIDAY*
                                                         JENNIFER HOLLIDAY
                                                         Attorney for Plaintiff

MOTION FOR RECONSIDERATION                     i                     CASE NO. 2:20-CV-01434(GW-KSx)

## SUMMARY OF LEGAL MISTAKES:

I.   Twitter, Inc. filed a Motion to Compel Sanctions that required the Court to issue an order requiring it to proceed in a manner contrary to statutory authority prescribed by 17 U.S.C. §410(c) precluding Morton from relying on the statutory presumption of ownership of copyright.

II.  Plaintiff was not afforded the fourteen-day time period prescribed by Federal Rule of Civil Procedure 72 to object to the Report and Recommendation filed March 17, 2022 before the Court issued the Order on March 22, 2022.

III. The Magistrate Judge misapplied Federal Rule of Civil Procedure 37 which prohibits fee awards if a party failed to make good faith efforts to obtain the discovery without seeking the court's intervention and granted in excess of $112,000 in attorney's fees associated with the motion. The Magistrate did not explain the basis for the award or for the reduction of fees the Magistrate Judge acknowledged to be "excessive."  Billing records reflect that the majority of the drafting of the Motion and the Reply brief was performed by an attorney in New York who had not applied to be admitted *pro hac vice* in this Court and was not a Member of the State Bar of California.  T

IV.  The Magistrate Judge recused himself under 28 U.S.C. §455 without vacating the orders.

## TABLE OF CONTENTS

I.   Introduction ……………..……………………………………………1

II.  Relevant Factual Background ……………………………………..2

III. The Orders at Issue …………………………………………………7

IV.  Legal Authority…………………………………………………..12

V.   Conclusion…………………………………………………… 25

TABLE OF AUTHORITIES

STATUTES

17 U.S.C. §201(e)……………………………………………………….7, 18

17 U.S.C. §410(c) …………………………………………………*passim*

17 U.S.C. §411(b) ……………………………………………………….7, 8

28 U.S.C. §455……………………………………………………1, 3, 21

28 U.S.C. §301…………………………………………………… 17, 18

28 U.S.C. §2072(a)-(b)…………………………………………….8, 17, 19

CASE LAW

*Bynoe v. Baca,*
        966 F.3d 972 (9th Cir. 2020)…………………………………..12

*Chalmers v. City of Los Angeles*,
        796 F.2d 1205, 1211 (9th Cir. 1986),
        *amended*, 808 F.2d 1373 (9th Cir. 1987)……………………………..22

*Chambers v. NASCO, Inc.*,
        501 U.S. 32, 44 (1991)…………………………………………..12

*Gates v. Deukmejian,*
        987 F.2d 1392, 1398 (9th Cir. 1992)………………………………17

*Goodyear Tire & Rubber Co. v. Haeger*,
        581 U.S. ___ (2017)………………………………………….. 13

*In re Levander*,
        180 F.3d 1114, 1118-19 (9th Cir. 1999)………………………….12

*Keith v. Volpe,*
        644 F.Supp. 1312, 1323 (C.D. Cal. 1986)…………………..…16

*Kirsch v. Fleet Street, Ltd.*,
        148 F.3d 149, 173 (2d Cir. 1998)…………………………………16

*Liljeberg v. Health Services Acquisition Corp.,*
        486 U.S. 847 (1988)………………………………………….1, 21

*Lumber Liquidators, Inc. v. Sullivan,*

2012 WL 4464867 at •4 (C.D. Cal. Aug. 31, 2012)……………………..13

*Missouri v. Jenkins,*
    491 U.S. 274 (1989)……………………………………...…15

*Pina v. Lewis*, 717 F. App'x 739, 740
    (9th Cir. 2018)……………………………………………..………..13

*Ritchie v. United States,*
    51 F.3d 1019, 1026 (9th Cir. 2006)…………………………..…………..17

*Shayler v. 1310 PCH, LLC,*
    51 F4th 1015 (9th Cir. 2022)……………………………………13, 17, 22

*So v. Land Base* LLC,
    2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009)……………………13

*Tri-Valley CARES v. U.S. Dep't of Energy,*
    671 F.3d 1113, 1131 (9th Cir. 2012)…………………………………….13

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,*
    142 S. Ct. 941 (2022)…………………………………………1, 6, 7, 8, 18

*United States v. Hinkson,*
    585 F.3d 1247, 1262 (9th Cir. 2009)……………………………………17

*United States v. Massachusetts Institute of Technology,*
    129 F.3d 301, 681 (1st Cir. 1997)………………………………..9, 17

*Urias v. Harris Farms, Inc.* (1991)
    234 CA3d 415, 426……………………………………….………22

*Winterrowd v. American General Annuity Insurance Co.,*
    556 F.3d 815 (2009)………………………………………………24

### FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 37 et. seq.…………………………………………….. *passim*

Fed. R. Civ. P. 60(b) et. seq. ………………………………………1, 12

Fed. R. Civ. P. 72………………………………………………*passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction & Summary

Plaintiff moves to reopen this case and seeks review and reconsideration of orders issued less than a year ago under Federal Rule of Civil Procedure 60(b) on grounds of factual and legal mistake, extraordinary circumstances, and under the Court's inherent authority to vacate orders on grounds of fraud. The Order precluding Plaintiff from relying on the statutory presumption of ownership issued by the Magistrate Judge, who ultimately recused himself under 28 U.S.C. § 455 for disqualifying financial interests, should be vacated as contrary to law. The Order granting the attorney fee sanction of over $112,000 constituted an abuse of discretion.

The Magistrate Judge who issued the orders erred in applying Federal Rule of Civil Procedure 37 and abused discretion in awarding fee sanctions, and the Court failed to permit Plaintiff the fourteen-day period prescribed by Federal Rule of Civil Procedure 72 to object to the Report and Recommendation prior to entering the order. As the Magistrate Judge recused himself under 28 U.S.C. § 455, the Court should vacate all of the Magistrate Judge's prior orders. See *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847 (1988).

Even absent the issue of the Magistrate Judge's disqualification, the orders should be vacated under *Unicolors* as the Court had no discretion to deny Plaintiff the statutory presumption of ownership because she had registered her works within five years of first publication. See *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,* 142 S. Ct. 941 (2022).

The Magistrate Judge improperly granted fees in association with this Motion. Under Federal Rule of Civil Procedure 37, a court *must not* award fees if circumstances make the award unjust.

Review is proper under Federal Rule of Civil Procedure 60(b).

## II.     **Relevant Factual Background**

Plaintiff filed two cases against Twitter (*Morton I* and *Morton II*) which were consolidated in October 2021. [ECF 62]  On October 11, 2021, days after consolidation, Plaintiff first appeared at deposition, but Twitter, Inc. would not extend the Protective Order from *Morton I* to its subsidiaries who had been added as defendants in *Morton II*, and the same attorneys were retained for both matters. Twitter's former counsel, Victor Jih, was openly hostile that Morton objected to proceeding in the absence of the protective order and attempted to induce Morton to appear, falsely stating that Mr. Jih did not represent the entities.  [ECF 78].

Billing records show that on October 11, 2021, Twitter and its counsel began immediately plotting a Motion to Compel Morton's deposition despite Morton's offer to stipulate to appearing again for deposition once the issue of the Protective Order was resolved. [ECF 109]. Twitter filed the Motion which the Court *denied* in its entirety without awarding Plaintiff sanctions for costs. [*See* ECF 81]

WSGR's billing records reflect that Twitter's focus was on finding a path to case-terminating discovery sanctions, but Twitter filed a Partial Motion to Dismiss *Morton II* on October 18, 2021. [See Dkt. *Morton II*] An attorney licensed in California, Rebecca Davis, supported this motion with a sworn declaration, but Ms. Davis withdrew from the case without advising the Court or Plaintiff's counsel prior to the Court's hearing. [ECF 91]. An attorney not licensed in California, Jeremy Auster, replaced Ms. Davis in December 2021. [See Billing Statements, ECF 109]. Mr. Auster did not apply to be admitted to this Court *pro hac vice* until four months later on April 14, 2022. [ECF 144].  Giving Plaintiff no opportunity to object, the Court entered the Order granting Mr. Auster's application the following day. [ECF 146].  Victor Jih was designated as Local Counsel. [ECF 146]

Twitter filed a Motion to Compel on December 10, 2021. [ECF 89]. Plaintiff filed opposition papers on December 24, 2021. [ECF 93]  Curiously, in a "Text Only Entry" on December 29, 2021, the Magistrate Judge invited Twitter, without a

formal request, to file a "Reply to Plaintiff's Motion to Compel Production of Documents and Answers By Defendant," with reference to Docket 58 (a Minute Order issued on September 15, 2021). [ECF 94]. This docket entry is unintelligible. However, stunningly, WSGR's billing records indicate that attorneys Auster, Eve Zelinger, and Brian Willen suddenly began working on this reply brief on January 28, 2021 *the day before* the entry on the docket. [ECF 109-32, Page ID #2452-3]

On February 11, 2022, Twitter filed a Motion to Compel Sanctions on the discovery cutoff date seeking to preclude Morton from relying on the statutory presumption of ownership of her copyrighted works under 410(c) and seeking an award of attorney's fees granted by the Magistrate Judge who later recused himself under 28 U.S.C. § 455. [ECF 109; ECF 148] Twitter's former counsel's billing records specifically reflect internal discussions of strategies to obtain **terminating sanctions** as early as January 28, 2022, before Twitter had even submitted its initial disclosures in *Morton II.* [ECF 109-32, Page ID #2452-3]

In a Minute Order filed on March 17, 2022, the Magistrate Judge granted the Motion in part and denied the Motion in part, ordering Morton to appear for deposition and produce documents within seven days of the order and denying an award of attorney's fees. [ECF 125] The Magistrate Judge wrote:

> "The Court has been careful to avoid terminating sanctions or sanctions that in effect operate as terminating sanctions. Indeed, except for one instance (the statutory presumption of ownership), the Court has not even recommended preclusion sanctions <u>yet.</u>" If Plaintiff fails to comply with the orders contained in this Motion by the deadlines imposed, then the Court will recommend preclusion sanctions to the District Court as indicated. This Court does not have the authority to rule on evidentiary issues that bear on the merits of the case." [ECF 125, Page ID#s 3101-3102].

The Magistrate Judge, relying solely on Twitter's self-serving mistakes (or misrepresentations) of fact and law, and failing to comprehend that each of the

photographs was independently registered and had been previously published in different ways, further stated:

> "Plaintiff…has provided contradictory statements that only 'some' of the photographs were taken in the course of employment while others were commissioned by Plaintiff as part of collected works, which *Twitter* asserts would negate Plaintiff's ownership. (Dkt 109-34). Based on these conflicting ownership facts, the Court recommends to the District Court that Plaintiff be precluded from relying on the statutory presumption of ownership that may arise from copyright registration." [ECF 125, Page ID #3098].

The Court did not engage in any analysis regarding whether the works had been registered within five years of first publication, and did not observe that the Court has no discretion to determine the evidentiary weight afforded to Certificates of Registration issued within five years of first publication. [See ECF 125]

Although Twitter, Inc. had not even sought to compel the deposition of third-party Derek Riker, the Magistrate Judge ordered Plaintiff to "make him available for a seven-hour video deposition within 10 days of this Order." [ECF 125, Page ID #3098]. Twitter had previously served an unsigned subpoena on Mr. Riker that did not explain how to attend the deposition. [ECF 105] When Plaintiff moved to quash, the Magistrate Judge struck her Motion. [*Id.*]

Twitter, Inc. filed a Report and Recommendation and a Proposed Order on March 21, 2022. [126] The Magistrate Judge *did not sign the Report and Recommendation.* [*Id.*] Plaintiff was not afforded the opportunity to object to the Report and Recommendation in the period prescribed by Federal Rule of Civil Procedure 72 before the Court entered the Order the following day on March 22, 2022. [ECF 127]. Nonsensically, the Magistrate Judge ordered Plaintiff to produce the final Certificate of Registration and all registration documents within seven days despite having already obviated anything to do with the Certificates of Registration by denying Plaintiff the presumption of ownership under 17 U.S.C. § 410(c). [ECF 125, Page ID #3098].

Plaintiff complied with the Court's Order. [See Dec. of Holliday, p. 13] However, Twitter filed a "Declaration and a Revised Fee Request" on March 28, 2022, prior to the expiration of the time to comply with the order, and prior to taking the Deposition of Derek Riker. [ECF 128]  Twitter asserted new accusations of non-compliance with the March 21, 2022 Order. [ECF 128] Twitter's Revised Fee Request exceeding $120,000 and included billing statements detailing Twitter's efforts in preparing the motion long before Plaintiff's alleged misconduct even occurred, and demonstrating it began drafting the reply brief *thirteen days before* Plaintiff's opposition papers were filed. [ECF 128] Prior to his recusal for disqualifying financial conflicts, the Magistrate Judge inexplicably awarded over $112,000 in fees, adjusting Twitter's initial revised fee request without explanation but indicating it was "excessive." [See ECF 128]

The billing statements Twitter submitted for the Court's review reflect improper billing practices and billing by (1) an attorney who is not licensed in California and was not admitted to practice in this Court at the time ("Auster") and (2) an attorney who had fewer than three years of professional experience ("Zelinger"). The billing records further reflect that Auster drafted the motion and the reply brief, billing fees in excess of $40,000. [ECF 109; 128] The motion and reply brief are replete with incivility, juvenile language, and misstatements of law and fact that evidences inexperience and a lack of supervision. [*Id.*] The billing statements reflect that the attorneys licensed in California, one of whom signed the document, did not bill for any time spent reviewing a Reply Brief filed on January 4, 2022, indicating a lack of supervision. [*Id.*]  This Reply Brief, and the subsequent Reply Brief filed in connection with the Motion to Compel Sanctions were drafted primarily by Auster. [*Id.*] Both "reply briefs" substantially exceeded page limits, raised new factual allegations, and improperly asserted new arguments. [*Id.*]

Local Rule 37 does not provide for reply briefs, but it does permit a litigant to file a supplemental memorandum of law not to exceed five pages. L.R. 37-3.2

Twitter disregarded this Local Rule, and its misconduct was handsomely rewarded with evidentiary and monetary sanctions by a Magistrate Judge with a disqualifying financial interest in the case.

The billing records reveal substantially more misconduct. [See Decl. of Holliday] For example, the billing records demonstrate that Twitter's attorneys billed for work related to a DMCA Subpoena Plaintiff served that had no relationship to the Motion to Compel Sanctions, improperly charging these fees to Plaintiff. [See Decl. of Holliday, p. 10]

While Twitter's Motion to Compel Sanctions was pending, the Supreme Court held that a copyright registrant is entitled to the statutory presumption of ownership and validity regardless of whether there is any mistake in the registration. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,* 142 S. Ct. 941 (2022). Twitter did not withdraw its Motion and, instead, advanced the improperly awarded sanction order precluding Morton from relying on the statutory presumption of ownership in its motion for summary judgment. [153]

The new authority materially alters the outcome of this litigation and voids the Order of March 22, 2022 as contrary to law. In the Motion to Compel Sanctions, Twitter, Inc. argued vaguely that "conflicting ownership facts" warranted preclusion of the statutory presumption, but as the Supreme Court made clear in *Unicolors*, even if there was a mistake in the registration – i.e. Morton was not the author or the owner – Morton was entitled to the presumption unless Twitter, Inc. could allege facts that Morton had knowingly included false information in her application. In that event, Twitter, Inc. was required to seek the mandatory referral to the Copyright Office for further determination, but it did not do so.  It impermissibly asked the Court to determine the issue of Plaintiff's ownership, circumventing the statutes entirely, and the Court failed to identify the correct legal standard.

Twitter failed to advise the Court that it had no discretion to determine the evidentiary weight afforded to the Certificate of Registration, and the Magistrate

Judge issued a Report and Recommendation on March 17, 2022 but did not sign the
Report prepared by Twitter which it filed on March 21, 2022. [ECF 126]
Nevertheless, the Court entered the Order on March 22, 2022, the next day, without
affording Plaintiff the fourteen days prescribed by Federal Rule of Civil Procedure
72 to object.  [ECF 127]

To escape liability entirely, Twitter effectively asked the Court to expropriate
Morton's intellectual property rights in arguing to the Court that Mr. Riker, the
photographer she hired, was the author at summary judgment.  Morton is no longer
recognized by this Court as the legal and beneficial owner of the copyrighted works
registered to her. [See *Morton* III, 5:22-cv-01482] This is prohibited.  See 17 U.S.C.
§201(e).  Morton was, and is, entitled to the statutory presumption of ownership,
and Twitter did not rebut the presumption in the manner authorized by the statutes.

**III.   ORDERS AT ISSUE**

**A. THE ORDER PRECLUDING PLAINTIFF FROM RELYING ON
THE STATUTORY PRESUMPTION OF OWNERSHIP**

| ECF 126 | Report and Recommendation, not dated, not signed by the Magistrate Judge, filed by Twitter, Inc. on **March 21, 2022.** |
|---|---|
| ECF 127 | Order Adopting unsigned Magistrate Judge's Report and Recommendation, **March 22, 2022** precluding Plaintiff from relying on the statutory presumption of ownership. |

Plaintiff had no opportunity to object to the Report and Recommendation as
prescribed by Federal Rule of Civil Procedure 72, and the Order is in direct conflict
with 17 U.S.C. §410(c) which prohibits the court from considering the evidentiary
weight to afford a certificate of registration issued within five years of first
publication even if there is any mistake reflected in the registration.  See 17 U.S.C.
§411(b); 17 U.S.C. §411(b); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,* 142
S. Ct. 941 (2022).

Federal Rule of Civil Procedure 37 does not permit the Court to disregard the plain language of 17 U.S.C. §410(c). See 28 U.S.C. §2072.  Even if there is a mistake in the registration, Plaintiff is entitled to safe harbor. *See* 17 U.S.C. §411(b).

## B. THE ATTORNEY FEE SANCTION

| ECF 125, Page ID #3100 | **March 17, 2022, Report and Recommendation:** The Magistrate Judge wrote: "The amount claimed for these three orders is <u>out of all proportion</u>…The conclusory statement that there is no 'substantial justification' for Plaintiff's non-disclosure is insufficient to support imposition of $70,568.55 in fees. The Court is also <u>concerned that there is overlap between fees for these Orders and the Motion</u>. The Court DENIES the Motion as to monetary sanctions for the three orders."<br><br>Twitter submitted a revised fee request asking for *more* fees, and it filed a "Reply Brief" improperly raising new allegations and accusations and significantly exceeding page limits prescribed by the Local Rules. |
| --- | --- |
| ECF 128 | Twitter's Revised Fee Request |
| ECF 129 | **Order Granting Twitter's Revised Fee Request, April 4, 2022.**  The Magistrate Judge did not afford Plaintiff an opportunity to be heard or to contest the new allegations in the Reply Brief or the new billing records which reflect impropriety and multiple violations of Local Rules. Instead, the Court considered only:<br>(1) The Zelinger Declaration and Supporting Exhibits<br>(2) Twitter's Motion to Compel Sanctions |

(3) Twitter's October 25, 2021 Motion to Compel Plaintiff's Deposition

(4) "Plaintiff's depositions and her failure to comply with the Court's November 4 Order"

Plaintiff's documents, including the Certificates of Registration, were not considered. Without affording Plaintiff an opportunity to contest the fees, and without explanation, the Magistrate Judge found "good cause" to grant Twitter's revised fee request.   The Magistrate Judge **revised Twitter's fee for its Reply in support of its Motion to Compel Sanctions to $32,998.20 with a footnote that "The fees sought for the Reply are excessive."**

Notably, the Magistrate Judge did not include the Reply Brief in the documents it claims the Court considered, but it granted $32,998.20 in fees for this document filed in violation of multiple Local Rules.

The Magistrate Judge did not explain the basis for his reduction of the fee award on the Reply Brief authored primarily by Auster, according to billing records, who exceeded the five-page limit for a supplemental memorandum of law by filing a twenty-page reply with multiple exhibits including ***Plaintiff's password* to the platform containing the discovery Twitter produced, filing it on the public docket.**  It is unclear if any third party attempted to use the login credentials.

By disclosing billing records publicly, WSGR and Twitter waived attorney client privilege. See *United States v. Massachusetts Institute of Technology*, 129 F.3d 301, 681 (1st Cir. 1997).  Plaintiff is entitled to a legal audit to further explore the extent of WSGR's and Twitter's misconduct throughout the litigation.

While Twitter alleges Plaintiff's conduct during discovery was egregious, it fails to explain how Plaintiff's purported conduct required Twitter to bring the motion, only alleging that Plaintiff (a) had not provided sales reports (she had – in timely compliance with the Court's Order – on August 13, 2021); or (b) written agreements with photographers (she could not produce a document executed prior to the creation of the work because one does not appear to exist); and (c) refused to cooperate in resetting her deposition (Twitter's attorneys stated in the Mediation Brief dated September 2021 that they *intended* to depose Plaintiff prior to the discovery cutoff in mid-October 2021, demonstrating a lack of diligence as Twitter had <u>failed to even notice a deposition</u> weeks before discovery cutoff). Plaintiff never had any opportunity to meaningfully or procedurally contest the **new allegations in the improper reply brief.**

According to billing records, this Motion to Compel Sanctions was <u>premeditated as early as October 2021</u>, and the billing records indicate that Twitter was internally discussing with WSGR a motion for ***terminating* sanctions long before Plaintiff's alleged misconduct occurred.**

## <u>ADDITIONAL BILLING STATEMENTS AND ORDERS FOR REVIEW</u>

    a. Billing Statement [ECF 109-10]: $23,168.70

    b. Billing Statement [ECF 109-18]: $24,617

    c. Billing Statement [ECF 109- 32]: $22,782.15

    d. Billing Statement [ECF 109-32]: $57,958.20

    e. Billing Statement [ECF 128-1]: $52,644.60

    f. Billing Statement [ECF 128-2]: $49,199.40

    g. Billing Statement [ECF 128-3]: $22,052.70

    h. Proposed Order [ECF 128-8]: $4,835.93

    i. Revised Order of April 4, 2022 [ECF 129]: <u>$112,531.43</u>

Each of these billing statements reflects improper billing. [See generally, Decl. of Holliday]. To the extent that Twitter's former counsel has attempted to

pass off objectively unreasonable fees and costs that are not recoverable as a matter of law, it has attempted to fraudulently misuse the power of the Court to burden Plaintiff and her counsel and obtain an unfair advantage in the litigation.

### REPORT AND RECOMMENDATION AND UNSIGNED ORDER

| ECF 136-6 | **[Proposed] Report and Recommendation and [Proposed] Order (unsigned), April 8, 2022.** |
|---|---|
| | This Order has not been entered and should be stricken. Twitter claimed Morton did not complete her deposition, but Morton was being harassed, humiliated, and falsely accused of making false representations to the Court and to the Copyright Office, a <u>crime</u> under 18 U.S.C. §1001.  In this Proposed R&R, Twitter's counsel falsely stated, "Twitter has made no such accusation [of fraud] in this lawsuit…" However, this is contradicted by Twitter's Answer filed January 18, 2022, **containing a factually threadbare allegation that Plaintiff had knowingly made false statements in her registration application.**  [ECF 98] It improperly attempted to use the discovery process to uncover evidence that Morton had knowingly made false statements but never succeeded. |
| | Without any factual support, Twitter's former counsel outrageously argued to the Court, "…the testimony Plaintiff did **provide casts doubt on her prior representations to the Court and suggests that her obstruction of discovery is masking serious deficiencies in her underlying case, particularly in regard to copyright ownership."** [ECF 136, Page ID #3613: 9-10]. Twitter's counsel continued, **"This all helps explain the extreme measures Plaintiff took to obstruct any discovery** |

> **related to Mr. Riker…including making false statements to Twitter and this Court."** [*Id.* at Page ID #3614: 15-17.]
>
> This is truly shocking. <u>Twitter's former counsel accused Morton of perjury, fraud on the Copyright Office, and obstruction of justice – *without any basis* – to obtain an advantage in civil litigation.</u>  It is therefore disturbing that Twitter's former counsel brought on an inexperienced attorney, Auster, who was not subject to the power of this Court or the State Bar of California in connection with this Motion.

## IV.   <u>Legal Authority and Argument</u>

Federal Rule of Civil Procedure 60(b)(1) permits the Court to reconsider an order issued less than a year ago on grounds of misrepresentation or mistake of law or fact.  Fed. R. Civ. P. 60(b)(1).  Rule 60(b)(6) permits a court to consider orders issued at any time based on extraordinary circumstances.  Fed. R. Civ. P. 60(b)(6). A "clean and authoritative" change in the law constitutes an extraordinary circumstance for Rule 60(b). *Bynoe v. Baca,* 966 F.3d 972 (9th Cir. 2020). Moreover, Courts have inherent equity power to vacate judgments obtained by fraud. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *In re Levander*, 180 F.3d 1114, 1118-19 (9th Cir. 1999).

The specific orders for which Plaintiff seeks review and reconsideration (the Order precluding Plaintiff from relying on the statutory presumption of ownership issued March 22, 2022; and the Order granting Twitter's revised fee request issued April 4, 2022) are less than a year old and are based on mistakes of law and/or fact as detailed herein.  The clean and authoritative change in the law in the Ninth Circuit (i.e. *Unicolors*, holding that the Court cannot, in the first instance, consider the validity of a copyright registered within five years of first publication) warrants

vacatur of the order granting summary judgment on October 20, 2022 and related orders. [ECF 223]  Moreover, the numerous misstatements reflected in the Reply Brief, coupled with the impropriety reflected in the billing records, rise to the level of the type of fraud that warrant the Court's exercise of its inherent authority to vacate awards in its discretion.

The Supreme Court has expressly held that a monetary discovery sanction, in a civil case, in all instances, must bear a causal relationship to the wrongful conduct even if egregious circumstances are present. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. ___ (2017).  In the Ninth Circuit, attorney fee sanction awards are reviewed for abuses of discretion. See e.g. *Shayler v. 1310 PCH, LLC*, 51 F4th 1015 (9th Cir. 2022).   As detailed herein, there was no wrongful conduct on Morton's part, and certainly nothing that would warrant an award on expenses in a motion that could have been avoided if Twitter had not stalled in deposing Morton for almost a year or had simply extended the Protective Order when she first appeared.

Courts routinely deny discovery motions for violations of Local Rules.  See *Pina v. Lewis*, 717 F. App'x 739, 740 (9th Cir. 2018); *Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); *Lumber Liquidators, Inc. v. Sullivan*, 2012 WL 4464867 at •4 (C.D. Cal. Aug. 31, 2012); *So v. Land Base* LLC, 2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009).  Twitter, Inc. violated multiple Local Rules with impunity, causing, particularly in the aggregate, substantial prejudice to Morton's case, causing unnecessary delay and needlessly increasing the costs of litigation.

Under Federal Rule of Civil Procedure 37, when a court grants or denies a motion to compel in its entirety, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (*emph. added*) A court **must not** order an award of fees if "the movant

filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).  The Magistrate Judge did not grant *Plaintiff* expenses on November 4, 2021 when it denied Twitter's motion in its entirety, but it granted *Twitter* an award of expenses in association with a thoroughly unnecessary motion on March 17, 2022 which was no more than a ruse to deprive Plaintiff of a right protected under federal law.

## A. A Fee Award Is Prohibited under Rule 37 in These Circumstances

A court <u>must not order an award of fees</u> if the movant filed the motion before attempting in good faith to obtain the discovery without court action or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5) Twitter unreasonably delayed noticing Morton's deposition, waiting almost a year before even attempting to take it, and then, when she appeared, refused to extend the Protective Order to its subsidiary.  This can hardly be considered good faith effort to obtain the discovery without court action. The Motion, drafted largely by Auster, was entirely unnecessary to obtain the discovery – **<u>it was only necessary to obtain the evidentiary *sanction*</u>** <u>that was critical to Twitter's litigation strategy to preclude Morton from relying on the statutory presumption of ownership - and it required the Court to proceed in a manner expressly contrary to statutory law</u>.

Moreover, the Motion contained false statements. Morton had already produced sales reports, could not produce a document she did not possess, and had already agreed to appear at deposition. At the same time Twitter was arguing that Morton was obstructive, Twitter was refusing to fully comply with a DMCA 512(h) Subpoena about its users.  The circumstances make an award of expenses unjust.

## B. Twitter, Inc.'s Motion Violated Local Rules

For a discovery motion, Local Rule 37-2.3 permits a party to file a supplemental memorandum *of law* that may not exceed five pages in length.  L.R. 37-2.3.  This is

similar, but not identical, to Local Rule 7-10 governing motions which permits a moving party to file a "reply memorandum" *containing declarations and rebuttal evidence.* See L.R. 7-10 The failure of any counsel to comply with or cooperate may result in the imposition of sanctions. See L.R. 37-4.

Twitter has consistently violated the Local Rules, and the Court has declined to enforce the Local Rules against Twitter or sanction the misconduct, resulting in substantial prejudice and unnecessary costs to Morton. [See e.g. ECF 42, ECF 43, ECF 53, ECF 71, ECF 76, ECF 77, ECF 78, ECF 81, ECF 89, ECF 97]. Twitter's "Reply Brief" for which it sought attorney fees exceeding $60,000, was primarily drafted by an attorney who was unlicensed in California and who billed in excess of $40,000 on this document which far exceeds the five-page limit set forth by Local Rule 37-2.3 for supplemental memoranda of law and improperly consists of new accusations, allegations and disparagement.

This was not the first time WSGR violated this Local Rule with impunity. In July 2021, Attorney Rebecca Davis filed an eighteen-page Reply Brief that exceeded the five-page limit, and the Court did not sanction Twitter. Ms. Davis subsequently withdrew from the case without advising Plaintiff or this Court in violation of L.R. 83-2.4 with a motion pending supported by her sworn declaration. [See Decl. of Holliday]

Twitter did not advise Plaintiff that attorney Jeremy Auster replaced Ms. Davis. Auster did not even apply to be admitted *pro hac vice* for four months while he directly emailed Plaintiff's counsel, attended virtual depositions, and drafted key documents without the supervision of experienced counsel licensed in California. The billing records indicate the Reply Brief was drafted largely by Auster and Zelinger, an attorney who had only been admitted in 2019, and despite Zelinger's representation to this Court in justifying the fee award that the attorneys had between three and twenty-six years of experience, the bulk of the work was performed by attorneys who had merely two to four years of experience.

The Magistrate Judge acknowledged that the fees WSGR billed for the Reply Brief were "excessive" but did not explain his basis for the fee reduction. The Magistrate Judge omitted the Reply Brief from the list of documents he considered in making the ruling.

### C. WSGR's Improper Billing Practices

Even if fees were warranted, WSGR's fees are objectively unreasonable. Plaintiff respectfully refers the Court to the Declaration of Holliday for details.

#### 1. Block Billing

All of WSGR's billing reflects block billing (the practice of combining and vaguely describing multiple tasks) which has been recognized as improper. Many courts will slash lawyers' block billed time by more than half. See e.g. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

#### 2. Firm Overhead Charges

Ms. Zelinger initially billed for "amalgamating" costs and assembling exhibits and a host of tasks that do not require the skill of an attorney. Firms should never charge clients for secretarial work, clerical work, or word processing. See e.g. *Keith v. Volpe*, 644 F.Supp. 1312, 1323 (C.D. Cal. 1986). As the Supreme Court has made clear, "purely clerical or secretarial tasks should not be billed at a paralegal rate regardless of who performs them." *Missouri v. Jenkins,* 491 U.S. 274 (1989).

According to a 2019 Legal Trends Report, the *highest* average hourly billing rate was $346 per hour in New York, and the highest average hourly billing rate was $323 in California. The billing records reflect that a second-year associate was billing approximately double the highest average rate in California, and some of the attorneys were charging four times the highest average hourly billing rate. If it took four attorneys eighty hours to complete twenty pages, it logically follows that it would have taken twenty hours to create a rule-compliant five-page reply. Charging the <u>maximum</u> average hourly rate in California, the total due on this brief would

1  have been approximately $6,500.  Twitter's attorneys charged approximately <u>ten</u>

2  <u>times</u> that amount $64,000 – *after* a courtesy discount.

3  **3.  Plaintiff Is Entitled to a Legal Audit if Fees Are Imposed**

4      Twitter and WSGR waived attorney-client privilege by submitting the bills

5  which reflect gross overbilling and other impropriety.  See e.g. *United States v.*

6  *Massachusetts Institute of Technology*, 129 F.3d 301, 681 (1st Cir. 1997) ("MIT").

7  In *MIT*, the district court held that MIT had waived attorney-client privilege by

8  voluntarily disclosing the bills to a third party. *Id.*  The Court of Appeals for the

9  First Circuit agreed.  *Id.* at 682.  Plaintiff demands a legal audit.

10  **D.  The Magistrate Judge Misapplied Federal Rule of Civil Procedure 37 in**

11      **Granting Both the Evidentiary and Monetary Sanctions**

12  **1.  Abuse of Discretion**

13      A court abuses its discretion when it fails to identify "the correct legal rule to

14  apply to the relief requested" or applies the correct rule in a way that is illogical,

15  implausible, or unsupported by the facts.  *Shayler*, 51 4th at 1020, quoting *United*

16  *States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).  Here, the

17  Magistrate Judge identified that the fees were "excessive," indicating the Magistrate

18  Judge noted impropriety, but the Magistrate Judge did not explain the Court's

19  reasoning on reducing the fee award which <u>should have been denied entirely</u>.

20      **a.  The Magistrate Judge Applied the Incorrect Standard in Granting the**

21        **Preclusion Sanction Order**

22      Trial courts have broad discretion in fashioning discovery sanctions, although

23  preclusive sanctions are disfavored.  *Ritchie v. United States*, 51 F.3d 1019, 1026

24  (9th Cir. 2006). However, a Court may not simply disregard statutory authority

25  expressly prohibiting a court from exercising discretion in the very area that is

26  expressly prohibited. See 28 U.S.C. §2072(b); 28 U.S.C. §301. The Magistrate

27  Judge improperly recommended granting Twitter, Inc.'s request to preclude Morton

28  from relying on the statutory presumption of ownership based solely on the

Defendant's vague and conclusory representation that "conflicting ownership facts" warranted preclusion, but this bears no relationship to discovery misconduct or to the presumption of ownership under 17 U.S.C. §410(c), a safe harbor statute which only contemplates the timing of registration. Twitter represented to the Court that it was within the Court's power under Rule 37 to give the certificate *no* evidentiary weight – to preclude it entirely; however, the statute is clear: the Court has no discretion to determine the evidentiary weight afforded to a certificate of registration issued within five years of first publication.  17 U.S.C. §410(c).

Therefore, to correctly apply Rule 37 and exercise discretion to afford no weight to the facts stated in the certificate, the Court should have considered, as a threshold matter, whether Morton's registration had issued within five years of publication.  If the Court had correctly applied the law and found that Plaintiff had registered the works within five years and was therefore entitled to the presumption of ownership and validity, the Court was not empowered to modify or abridge Plaintiff's substantive right, effectively reassigning the burdens of proof.  See 28 U.S.C. §301 ("In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption.").  Plaintiff was entitled to the substantive right of the presumption of ownership and validity.  While the presumption is rebuttable, it is rebuttable to the extent that Twitter, Inc. would have had to present evidence that Morton had knowingly included false information to the Copyright Office, not that "conflicting ownership facts" justified the Court to expropriate Morton's intellectual property rights to another owner, the photographer Mr. Riker, which is expressly prohibited under 17 U.S.C. §201(e).  Even if any mistake appears in the registration, Plaintiff was, and still is, entitled to the presumption. See 17 U.S.C. §411.  See also *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,* 142 S. Ct. 941 (2022).

### b. Rule 37 Does Not Empower the Court to Abridge the Right

The Federal Rules of Civil Procedure are enacted by the Supreme Court pursuant to 28 U.S.C. §2072(a).  However, "[t]he Supreme Court's power to prescribe these rules has been limited from the beginning by the requirement that '[s]uch rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. §2072(b).  The statutory presumption of ownership afforded by 17 U.S.C. §410(c) is a codified, substantive right that affects a copyright owner's burden of proof at trial, so while the Magistrate Judge recommended the sanction under Rule 37, referencing the Court's power to preclude certain <u>claims or defenses,</u> the effect of the sanction was a <u>shifting of the burdens of proof</u>, and the Court has no discretion on this issue per the plain language of 17 U.S.C. §410(c).

### c. The Allegation of Conflicting Ownership Facts Was Irrelevant to the Inquiry and Bore No Relationship to the Sanction

While the statutory presumption of ownership is rebuttable, the proper method of rebutting the presumption is to show evidence of the <u>timing</u> of the registration or of the purported owner *knowingly* including false information to the Copyright Office.  Instead, Twitter, Inc. vaguely claimed "conflicting ownership facts" warranted the preclusion, but this allegation <u>merely asserts a possible mistake in the registration (i.e. Morton is not the author)</u> and would therefore only be relevant within the context of a mandatory referral to the Copyright Office for further determination on the question of ownership.  See 17 U.S.C. §411.

Moreover, a vague allegation of "conflicting ownership facts" is not an allegation of *discovery* misconduct – it is a factual contention, and Twitter, Inc. improperly sought this sanction under Federal Rule of Civil Procedure 37, invoking the Court's broad, but not unlimited, powers to sanction *discovery* misconduct. Twitter, Inc. argued that Morton's refusal to produce written agreements prevented Twitter from being able to determine facts to rebut the presumption, but Twitter was effectively putting the cart before the proverbial horse.  Twitter had not *alleged any*

*facts* (i.e. that the works were registered *after* first publication, that Plaintiff was not the author of the works as a matter of law) that supported preclusion of a statutory presumption.

**2.  Defendant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action**

Billing records clearly reflect that Twitter plotted this Motion to Compel Sanctions *long before the alleged misconduct even occurred*.

**(i)    Morton's Deposition**

Twitter has never explained why it waited almost a year to depose Plaintiff. In its Mediation Brief dated September 7, 2021, it stated it "expects to depose Plaintiff before the close of discovery on October 15, 2021." In other words, less than six weeks prior to the close of discovery, <u>Twitter had not even served Plaintiff with a Notice of Deposition.</u> It noticed the deposition *less than two weeks* prior to the cutoff date. Yet it insisted Morton was obstructive and uncooperative in attending deposition.

**(ii)   Riker's Deposition**

Mr. Riker was deposed on March 28, 2022, and his deposition transcript is on the record. [See 136-4] Mr. Riker was <u>not a party to the action,</u> but the Magistrate Judge nevertheless ordered his deposition to be compelled <u>without Twitter, Inc. even seeking a formal motion</u>. Had Twitter, Inc. simply disclosed Mr. Riker as a witness it sought to depose, complied with Rule 45, provided Plaintiff with advance notice of a signed subpoena prior to service, and stated how Mr. Riker could have attended the deposition, compelling Mr. Riker's deposition would not have been necessary.

At Mr. Riker's deposition, Twitter's counsel exposed its own false statement on the record. **[ECF 136-4; Page ID # 3823: 1-8]** ("By Mr. Jih: And to this day, have you ever tried to look for any lost written agreement…and you do not recall anyone ever asking you to, correct? Well, I guess other than us in the subpoena.")

Previously, Twitter's counsel *vehemently denied* that the unsigned subpoena it improperly served called for a production of documents – further gaslighting Plaintiff, Riker, and counsel.

**(iii)   Additional Discovery Responses**

In seeking sanctions, Twitter's former counsel falsely stated to the Court that Morton had only produced thirteen documents and had not produced sales data and licensing reports.  Morton timely responded to all discovery requests, produced over one hundred pages, and produced a sales report showing over 8,200 unique sales. Twitter's own Confidential Mediation Brief submitted to the Mediator in September 2021 contained the sales reports Morton produced.

**3.  Other circumstances make an award of expenses unjust**

**a.  The Court did not give Morton any opportunity to be heard**

The Court only considered Zelinger's Declaration, Twitter's filings, and the Deposition transcripts.  No hearing was conducted, and Plaintiff has never had the opportunity to subpoena the documents associated with the billing. It was an abuse of discretion to fail to consider the Certificates of Registration.

Per Federal Rule of Civil Procedure 72, Plaintiff was entitled to object to the Report and Recommendation within fourteen days, but the Court entered the Order five days later, prior to the expiration of the period prescribed by the Rule. This is a mistake of law and constitutes an abuse of discretion.

**b.  The Magistrate Judge had a disqualifying financial interest**

Public documents revealed the Magistrate Judge had up to a $10,000,000 financial investment in Twitter, Inc.'s largest shareholder and recused himself pursuant to 28 U.S.C. §455 upon learning of this disqualifying financial interest. Section 455 requires disqualification if a reasonable person might believe the judge was aware of circumstances creating an appearance of partiality, even if the judge was unaware.  See e.g. *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847 (1988).  In *Liljeberg,* the trial judge was on the board of trustees of a university that

had a financial interest, and although the judge had been unaware of the conflict, the Supreme Court vacated the judgment under Federal Rule of Civil Procedure 60(b). *See id.* at 860. Even under state law, an order issued by a judge with a disqualifying interest is voidable upon a party's objection. See *Urias v. Harris Farms, Inc*. (1991) 234 CA3d 415, 426.

Given the fact that the Magistrate Judge ordered Twitter to file a "reply brief" on December 29, 2021 in a largely unintelligible Text Entry Order, and that Twitter's team conveniently and suddenly had begun working on this Reply Brief *the day before*, there is more than the appearance of partiality. Compounding the issue, the Magistrate Judge awarded preclusion sanctions contrary to law, failed to enforce the Local Rules against Twitter, deprived Plaintiff of not only a statutory right but any opportunity to object to the Report and Recommendation or the revised fee statement, and awarded over $112,000 in fee sanctions without explanation. This Court should vacate the orders.

### 4. Reasonableness of Fees

"The district court has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, we defer to its determination, including its decision regarding the reasonableness of the hours claimed by the prevailing party." *Shayler,* 51 F 4th at 1020 quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992); *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986), *amended*, 808 F.2d 1373 (9th Cir. 1987). Plaintiff refers the Court to the billing statements Twitter, Inc. submitted in connection with its motion. [See Dec. of Holliday]

### 5. Lodestar

It is unclear whether the Magistrate Judge used the lodestar method to reduce the fee award. However, the fees are clearly unreasonable. The attorney fees included billing by (1) an attorney who was not licensed to practice in California and had not filed an application to be admitted *pro hac vice*; and (2) an attorney who

had been practicing for less than three years. WSGR has omitted the fees incurred by attorney Rebecca Davis who withdrew without advising Plaintiff or the Court, and who was replaced by attorney Auster.  The omission of Ms. Davis' fees signal that records are not true and accurate copies of original billing statements.

According to Clio.com, the typical lawyer in California charges between $90 and $483 per hour.  The average fee for a civil litigator is $351.

Twitter's former counsel's misconduct should preclude any recovery. Looking to Document 109-39, Page ID# 2533 as just one of many examples, Zelinger admits "The only reason the meet and confer for 'this' motion has not been conducted is because you ignored our repeated requests seeking your availability to conduct such a conference." [ECF 109-39, Page ID# 2533].  However, consistent with Plaintiff's position at the time of the Motion that WSGR did not attempt to conduct the conference prior to serving the Joint Statement, the billing records do not indicate any time spent attempting to request a pre-filing conference of counsel. [See ECF 109] The ongoing gaslighting and incivility has resulted in not only substantial prejudice to Plaintiff *who has lost her intellectual property rights*, but also, substantial injustice in this Court.

The almost seven-hundred-page length of the Motion to Compel Sanctions is also deceptive, making it appear to be an effort worthy of over $60,000 in fees. However, almost **one hundred pages of this document consists of garbled strings of letters**.  [ECF 109-39, Page ID# 2561-2650.]. The remainder is no more than the prior motions Twitter, Inc. previously filed and existing on the docket.

In determining a fee, the Court should consider that Twitter should never have prevailed on a motion requiring the Court to proceed *ultra vires* in direct contradiction with express statutory authority; that Attorney Auster was practicing law without a license in California without even applying to be admitted *pro hac vice* at the time the work was performed; that attorney Zelinger had been licensed to practice for less than three years; that attorney Davis, whose work is reflected on the

prior discovery motions, withdrew without informing the Court or Plaintiff and did not withdraw her Declaration prior to the hearing on the motion of January 3, 2022; and that attorney Victor Jih was inadequately supervising these attorneys as demonstrated by the unsigned and otherwise improper subpoena, the disclosure of login credentials, and the page limit violations; and the fact that all attorneys advanced a motion seeking summary judgment based on fraud.

### i. The Magistrate Judge Misapplied the Correct Rule for Calculating Recoverable Attorney Fees

The Magistrate Judge did not explain the basis for calculating the award of attorney fees. However, Twitter and WSGR should be, at a minimum, precluded from recovering Auster's fees as the Magistrate Judge should have identified that Auster did not appear on the docket as an attorney of record and had not applied to be admitted *pro hac vice* in this Court.  See *Winterrowd v. American General Annuity Insurance Co.*, 556 F.3d 815 (2009).

In *Winterrowd*, the Ninth Circuit permitted the recovery of fees by an attorney who associated with a law firm in California <u>only because the attorney's role merely supported the California litigation.</u>  In stark contrast, Auster replaced a California attorney, Davis, who withdrew from the case without advising Plaintiff or this Court or applying for admission.  This attorney billed the lion's share of the work on at least one of the documents for which billing statements have been provided.

Plaintiff respectfully requests that this Court consider the incivility reflected in the Reply Briefs in determining whether fees are warranted and respectfully refers the Court to the documents to review the precise language.  For context, <u>Morton filed a Complaint as a last resort</u> when Twitter failed to enforce its own policies to suspend a purveyor of illegal "upskirt" "school spycam" pornography displaying Morton's name, likeness and copyrighted works alongside advertisements for a subscription to this illegal content.  This was not undertaken lightly, and the personal safety risks associated with bringing this action have proved to be far

greater than one could have anticipated.  WSGR's attorneys inverted the entire litigation engaging in abusive discovery practices and baselessly accusing Morton of perjury, obstruction and more – because their conduct is *indefensible.*

Twitter admits it reviewed the Tweets featuring links to illegal pornography and did not remove the Tweets or suspend the user until after the Complaint was filed.  However, Twitter has escaped liability entirely by falsely portraying Plaintiff as obstructive and irrational, and – ironically – as a <u>criminal</u> who made false statements and impeded justice. No facts support these outrageous allegations against Plaintiff improperly asserted in "reply briefs" drafted largely by an unlicensed, inexperienced attorney who charged approximately $1000 an hour while practicing in violation of state law and of the Local Rules of this Court without adequate supervision.  If ever there was a case where attorney fees were unwarranted, it is surely this case.  WSGR obtained exactly what it wanted by accusing Morton of obstruction – delays, distractions, and avoiding its own discovery obligations – and a sale of the company for $44,000,000,000.  WSGR's conduct should not be rewarded.

**V. CONCLUSION**

The Court should vacate the Orders of March 17, 2022, and all subsequent Orders, including the dismissal of Twitter, Inc., acknowledge Morton as the presumed legal and beneficial owner of the works, and vacate the fee award.

Respectfully submitted,

Dated:  March 3, 2023                JENNIFER HOLLIDAY

By: /s/  *Jennifer Holliday*

Attorney for Plaintiff